1  CLAUDIA M. QUINTANA, SBN 178613
   City Attorney
2  **By:  Alan M. Cohen, SBN 177662**
   Deputy City Attorney
3  CITY OF VALLEJO
   555 Santa Clara Street, Third Floor
4  Vallejo, CA  94590
   Telephone:  (707) 648-4545
5  Facsimile:   (707) 648-4687
   Email: acohen@ci.vallejo.ca.us
6
   Attorneys for Defendants City of Vallejo and
7  Robert Nichelini

8

9                    UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| V.W, a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers Does 1-25, individually, jointly and severally<br><br>Defendants | Case No: 2:12-cv-01629-LKK-GGH<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>(Complaint Filed: June 18, 2012) |

COMES NOW Defendants City of Vallejo (hereinafter "City") and Robert Nichelini (hereinafter referred to collectively as "defendants") who answer Plaintiffs' Complaint for Damages as follows:

## JURISDICTTION

1. Answering paragraph 1, defendants admit that to the extent the Plaintiffs have standing, jurisdiction is proper but deny the remaining allegations.

## INTRADISTIRCT ASSIGNMENT

2. Answering paragraph 2, defendants admit that this action is properly assigned to the Sacramento Division, but deny the remaining allegations.

## PARTIES AND PROCEDURE

3. Answering paragraph 3, defendants deny the allegations for lack of information and belief.

4. Answering paragraph 4, defendants admit that California Code of Civil Procedure §§ 377.20 and 377.60 provide for survival and wrongful death action and that 42 U.S.C §§1983 and 1988 are federal statutes but deny the remaining allegations based on lack of information and belief.

5. Answering paragraph 5, defendants admit the allegations therein.

6. Answering paragraph 6, defendants admit the allegations of the first sentence and that the Plaintiff is attempting to sue defendant Nichelini in his individual and official capacity. Defendants, however, deny the remaining allegations of the paragraph.

7. Answering paragraph 7, defendants deny the allegations for lack of information and belief.

8. Answering paragraph 8, defendants deny the allegations for lack of information and belief.

9. Answering the first sentence of paragraph 9, defendants admit the allegations.

10. Answering paragraph 10, defendants deny the allegations.

11. Answering paragraph 11, defendants deny the allegations for lack of information and belief.

12. Answering paragraph 12, defendants admit the allegations.

V.W. v. City of Vallejo, et al.
2:12-cv-01629-LKK-GGH
- 2 -
Answer to Plaintiff's Complaint for Damages and Demand for Jury Trial

1    13.    Answering paragraph 13, defendants deny the allegations.

2    14.    Answering paragraph 14, defendants admit the statement as a general principle of law.

## GENERAL ALLEGATIONS

15.    Answering paragraph 15, defendants incorporate all responses in this Answer as if fully set forth herein.

16.    Answering paragraph 16, defendants admit that on June 15, 2010, at about 4:24 p.m., the Vallejo Police Department received a 911 call from a female Vallejo resident who reported that an individual named Michael White had assaulted her and then had retreated to a residence on San Marcus Drive in the City of Vallejo. Vallejo Police Officers responded to the residence and contacted the suspect who was located inside a bathroom. The suspect responded violently to the Officers and a struggle ensued. Defendants deny the remaining allegations of paragraph 16.

17.    Answering paragraph 17, defendants deny all of the allegations for lack of information and belief as phrased, because among other things, it is unknown what plaintiff means by the phrases "Defendant CITY later claimed . . ." and "so-called "Excited Delirium" and death by "Excited Delirium has been cited as an alternative to asphyxiation."

18.    Answering paragraph 18, defendants deny the allegations.

19.    Answering paragraph 19, defendants deny the allegations.

20.    Answering paragraph 20, defendants deny the allegations.

21.    Answering paragraph 21, defendants deny the allegations.

22.    Answering paragraph 22, defendants deny the allegations for lack of information and belief as phrased, because among other things, it is unknown what plaintiffs mean by " . . . well documented and generally accepted . . ."

23.    Answering paragraph 23, defendants do not know what plaintiff means by "prolonged or continuous exposure(s)" and thus deny the first sentence for lack of information and belief. The Document referred to at lines 5 – 12 speaks for itself and the defendants cannot admit or deny the contents therein. Defendants deny the remaining allegations for lack of information and belief.

24.    Answering paragraphs 24 through 28, defendants deny the allegations.

///

## FIRST CAUSE OF ACTION

25. Answering paragraph 29, defendants incorporate all responses in this Answer as if fully set forth herein.

26. Answering paragraph 30 through 34, defendants deny the allegations.

## SECOND CAUSE OF ACTION

27. Answering paragraph 35, defendants incorporate all responses in this Answer as if fully set forth herein.

28. Answering paragraphs 36 through 41, defendants deny the allegations.

## THIRD CAUSE OF ACTION

29. Answering paragraph 42, defendants incorporate all responses in this Answer as if fully set forth herein.

30. Answering paragraphs 43 and 44, defendants deny the allegations.

## FOURTH CAUSE OF ACTION

37. Answering paragraph 45, defendants incorporate all responses in this Answer as if fully set forth herein.

38. Answering paragraphs 46 through 51, defendants deny the allegations.

## FIFTH CAUSE OF ACTION

39. Answering paragraph 52, defendants incorporate all responses in this Answer as if fully set forth herein.

40. Answering paragraphs 53 through 55, defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that said Complaint fails to state facts sufficient to constitute a claim against these defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against these defendants.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiffs' decedent failed to

mitigate the amount of his damages. The damages claimed by Plaintiffs could have been mitigated by the due diligence of Plaintiffs decedent or by one acting under similar circumstances. The Plaintiffs' decedent's failure to mitigate is a bar to Plaintiffs recovery under the Complaint.

    4.    AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that Plaintiffs' decedent's own negligence in and about the matters alleged in the Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs' decedent bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs decedent's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs' decedent requires that any damages awarded to Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to Plaintiffs' decedent.

    5.    AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that Plaintiffs have failed to state a claim in that each of the claims as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

    6.    AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that Plaintiffs decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

    7.    AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants alleges that Plaintiffs' decedent's unclean hands preclude any recovery by Plaintiffs.

    8.    AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the Plaintiffs decedent by virtue of his own conduct and omissions enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs decedent as a result of the acts or omissions complained of herein.

    9.    AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

10.   AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

11.   AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

12.   AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officers' reasonable suspicion to believe that the Plaintiffs decedent had committed a crime in the officers' presence and the officers used reasonable force to detain, effect the arrest, prevent the escape or overcome the resistance of said Plaintiffs decedent; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

13.   AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that at or about the time of the alleged event, the defendant police officers were presented with and had in their possession sufficient facts to constitute reasonable suspicion for the detention and/or probable cause for the arrest of Plaintiffs decedent.

14.   AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that at all times herein mentioned, all actions taken by the defendant police officers were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the peace officers are therefore immune under the "good faith immunity" doctrine and per the protections of qualified immunity

15.   AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the defendant peace officer's. Defendants have qualified immunity from liability for the matters alleged in the Complaint.

16.   AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that Plaintiffs decedent's behavior and non-compliance created significant officer

safety issues and so the defendant peace officers acted in the interests of their own personal safety, the safety of other nearby officers, safety of the public and/or in self- defense.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, the defendants allege that the matters complained of by Plaintiff, if committed by defendants, were consented to by Plaintiff and/or Plaintiffs decedent.

18. AS AND FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege defendants shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

19. AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that to the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that this action is barred under California Government Code § 945.6 by Plaintiffs failure to file their action within six months after denial of their claim by the City.

21. AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that any of Plaintiffs 'or Plaintiffs' decedent's damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the defendants are not responsible. Should Plaintiffs be entitled to recover under the Complaint, their recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

**DEMAND FOR JURY**

Defendants hereby demand a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

///
///
///
///

1 **PRAYER FOR JUDGMENT**

2   Wherefore Defendants City of Vallejo and Robert Nichelini pray for judgment as follows:

3   1.   That Plaintiffs take nothing by his action;

4   2.   That defendants be awarded the costs of defending this lawsuit;

5   3.   That defendants be awarded a judgment against the Plaintiffs; and

6   4.   For such other and further relief as this Court deems proper.

8   DATED: August 2, 2012                    Respectfully submitted,

*[signature]*

Alan M. Cohen
Deputy City Attorney
Attorney for Defendants
City of Vallejo and Robert Nichelini