CLAUDIA M. QUINTANA, SBN 178613
City Attorney
By: Alan M. Cohen, SBN 177662
Deputy City Attorney
CITY OF VALLEJO
555 Santa Clara Street, Third Floor
Vallejo, CA 94590
Telephone: (707) 648-4545
Facsimile: (707) 648-4687
Email: acohen@ci.vallejo.ca.us

Attorney for Defendants, City of Vallejo and
Robert Nichelini

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers Does 1-25, individually, jointly and severally<br><br>Defendants | Case No: 2:12-cv-01629-LKK-GGH<br><br>**DEFENDANTS CITY OF VALLEJO AND ROBERT NICHELINI'S STATUS REPORT**<br><br>Date:          October 9, 2012<br>Time:          3:00 P.M.<br>Department: 4<br><br>TELEPHONIC APPERANCE :<br>(916) 930-4130<br><br>(Complaint Filed: June 18, 2012) |

In accordance with the Court's September 4, 2012 Order continuing the September 10, 2012 Status Conference to October 9, 2012 and the Court's Order Setting Status (Pretrial Scheduling) Conference, Defendants City of Vallejo and Robert Nichelini submit the following Status Report:

**(a)     Names of the Parties Counsel Represents**

Defendants City of Vallejo and Robert Nichelini

**(b)     Summary of Facts and Characterization of Legal Theories**

On Tuesday, June 15, 2010 at 4:24 pm, Vallejo officers responded to a 9-1-1 call from an elderly female who reported that Michael White (the Decedent) had assaulted her at her front door and

V.W. v. City of Vallejo, et al.
Case No: 2:12-cv-01629-LKK-GGH

Defendants City of Vallejo and Nichelini's
Status Report

- 1 -

then fled across the street into a residence. The victim told the Officers that Mr. White was acting out of control and appeared to be under the influence of narcotics. Officers responded to the scene of the felony assault and then contacted Mr. White at the residence across the street from the elderly victim. White refused to comply with the Officers instructions and became violent with the Officers. A struggle ensued in which White appeared to be attempting to ingest suspected narcotics. Officers attempted several control techniques which included the deployment of Tasers. After several minutes, the Officers were able to subdue Mr. White. He was taken outside and assessed by on-scene paramedics. White was placed on a gurney and transported to Kaiser Hospital where he was later pronounced dead.

### 1. Plaintiff's Complaint

Plaintiff's First Cause of Action is alleged under 42 USC § 1983 and contends that Plaintiff was deprived of the "right to be free from unreasonable searches and seizures . . . and [t]he right to be free from excessive and unreasonable force and restraint." (See Complaint ¶ 30 a.- b.. . . . "as secured by the Fourth and Fourteenth Amendments." (*Id.*) Plaintiff also attempts to allege violations of the right to be free from unlawful conscience shocking force under the Fourteenth Amendment and the right to be free from wrongful interference with familial relationships as secured by the First, Fourth and Fourteenth Amendments and California Code of Civil Procedure §§ 377.20 *et. seq.* and 377.60 *et. seq.*

Plaintiff's Second Cause of Action seeks to impose *Monnell* liability against the City and Defendant Nichelini. Plaintiff's Third, Fourth and Fifth Causes of Action are premised on California law and claim an entitlement to relief under Civil Code § 52.1 (The *Bane* Act), and also attempt to allege claims of Negligence and Assault and Battery.

### 2. The City's Response and Defenses to Liability

Defendants contend that the continued prosecution of this lawsuit is barred by the discharge injunction of 11 U.S.C. § 524(a)(1) and as established by the August 5, 2011 Order of the United States Bankruptcy Court for the Eastern District of California (See, *In Re: City of Vallejo*, United States Bankruptcy Court for the Eastern District of California, Case No. 08-26813, Order Confirming the City of Vallejo's Second Amended Plan for the Adjustment of Debts of City of Vallejo, California,

V.W. v. City of Vallejo, et al.                                  Defendants City of Vallejo and Nichelini's
Case No: 2:12-cv-01629-LKK-GGH                                   Status Report

- 2 -

as Modified August 2, 2011 ("Order")).

The Defendants dispute liability and contend that its officers acted reasonably and appropriately in bringing the Decedent under control.

The Defendants assert that the force used to overcome the Decedent's resistance was reasonable.

The Defendants deny that the force used to bring the decedent under control was excessive.

The Defendants further assert that the individual officers have qualified immunity from liability for matters set forth in the Complaint.

The Defendants assert that any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

The Defendants assert that any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

The Defendants also allege that the Plaintiff has not established standing to sue because she has not submitted the requisite declaration and death certificate required by California Code of Civil Procedure §377.32.

Defendants also contend that to the extent Plaintiff attempts to allege State claims, they are barred pursuant to California Government Code Sections 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4.

The Defendants assert that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

(c) **Progress in Service of Process**

The Defendants are not aware of whether Plaintiff intends on serving additional defendants.

(d) **Possible Joinder of Additional Parties**

None anticipated by Defendants.

///

V.W. v. City of Vallejo, et al.
Case No: 2:12-cv-01629-LKK-GGH

Defendants City of Vallejo and Nichelini's
Status Report

- 3 -

(e) **Amendment of the Pleadings**

None anticipated by Defendants.

(f) **Statutory Basis for Jurisdiction and Venue**

Jurisdiction is based upon Title 28 of the United States Code, Sections 1331 and 1343. Defendants, however, contend that the continued prosecution of this lawsuit is barred by the discharge injunction of 11 U.S.C. § 524(a)(1) and as established by the August 5, 2011 Order of the United States Bankruptcy Court for the Eastern District of California (See, *In Re: City of Vallejo*, United States Bankruptcy Court for the Eastern District of California, Case No. 08-26813, Order Confirming the City of Vallejo's Second Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2, 2011).

(g) **Anticipated Motions**

The Defendants anticipate filing a Motion for Judgment on the Pleadings within the next forty-five (45) days contending that the continued prosecution of this lawsuit is barred by the discharge injunction of 11 U.S.C. § 524(a)(1) and as established by the August 5, 2011 Order of the United States Bankruptcy Court for the Eastern District of California (See, *In Re: City of Vallejo*, United States Bankruptcy Court for the Eastern District of California, Case No. 08-26813, Order Confirming the City of Vallejo's Second Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2, 2011.   Defendants also will contend that Plaintiff has failed to establish standing to sue.

Assuming the jurisdictional issues are not dispositive, the Defendants anticipate filing a Motion for Summary Judgment within the next 240 days.

(h) **Anticipated Discovery and Scheduling**

Discovery should be deferred pending resolution of the jurisdictional issues imposed by the discharge injunction established by the Order of the United States Bankruptcy Court in *In Re: City of Vallejo*, United States Bankruptcy Court for the Eastern District of California, Case No. 08-26813.

If the jurisdictional issues can be resolved, the City of Vallejo is amenable to conducting written discovery pursuant to code.  The City of Vallejo does not believe a discovery conference is

V.W. v. City of Vallejo, et al.  
Case No: 2:12-cv-01629-LKK-GGH

Defendants City of Vallejo and Nichelini's  
Status Report

- 4 -

1 | required. The City of Vallejo does not see the need for discovery to be conducted in phases, or
2 | limited, or focused on particular issues, other than those listed above.

3 | (i) **Future Proceedings**

4 | <u>Cut Off Date for Discovery</u>

5 | Discovery should be completed sixty (60) days before trial.

6 | *Timing of Disclosure of Expert Witnesses*

7 | Ninety (90) days prior to trial.

8 | <u>Proposed Motion Cut-Off Date</u>

9 | Thirty (30) days prior to trial.

10 | <u>Pre-Trial Conference</u>

11 | Thirty (30) days prior to trial.

12 | <u>Trial</u>

13 | Because the continuation of this case is barred by the discharge injunction of 11 U.S.C. §
14 | 524(a)(1) established by the August 5, 2011 Order of the United States Bankruptcy Court for the
15 | Eastern District of California (See, *In Re: City of Vallejo, United States Bankruptcy Court for the*
16 | *Eastern District of California, Case No. 08-26813*, Order Confirming the City of Vallejo's Second
17 | Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2, 2011
18 | ("Order") the setting of a trial date should be deferred.
19 | To the extent the Court is inclined to move forward, Defendants propose a trial date in October
20 | of 2014.

21 | (j) **Appropriateness of Special Procedures**

22 | None anticipated.

23 | (k) **Jury Demand**

24 | Defendants have demanded a jury.

25 | (l) **Estimated Trial Time**

26 | 7-10 days

27 | (m) **Modification of Standard Pretrial Procedures**

28 | None needed.

V.W. v. City of Vallejo, et al.  
Case No: 2:12-cv-01629-LKK-GGH

Defendants City of Vallejo and Nichelini's  
Status Report

- 5 -

(n)     **Related Cases**

*In Re: City of Vallejo, United States Bankruptcy Court Case No. 08-26813.*

On August 5, 2011, the United States Bankruptcy Court for the Eastern District of California entered its Order Confirming the City of Vallejo's Second Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2, 2011 ("Order").

Plaintiff's June 15, 2010 liability claim arose prior to the Bankruptcy Court's Confirmation Order and was discharged when the Bankruptcy Court confirmed the City's Plan of Adjustment, See 11 U.S.C. §§ 524(a), 944(b), and 901(a) (incorporating § 524(a)(1) and § 524(a)(2)). Under 11 U.S.C. § 524(a)(1) the discharge injunction voids any "judgment at any time obtained" against the Defendants.

Bankruptcy discharge "operates as an injunction against the commencement or continuation of an action...to collect, recover, or offset any such debt as a personal liability of the debtor." Id. § 524(a)(2) (emphasis added). In other words, the discharge injunction "extinguishes the debtor's personal liability with respect to his creditor's claims; voids any judgment to the extent of the debtor's personal liability for the discharged debt; and enjoins the commencement or continuation of civil suits against the debtor personally to recover any discharged debt." *Hurley v. Bredehorn*, 44 Cal. App. 4th 1700, 1703 (1996) (citations and quotations omitted); see also 8 Witkin, Cal. Proc. 5th (2008) Enforcement of Judgment, § 514, p. 551; *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In Re Pavelich)*, 229 B.R. 777, 781 (B.A.P. 9th Cir. 1999); *O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000).

(o)     **Stipulation**

The City prefers that any settlement conference occur with a judge, other than that assigned to handle the matter at trial.

(p)     **Other Matters (Telephonic Appearance)**

Per Section 7(a) – (c) of the Court's June 19, 2012 Order Setting Status(Pretrial) Conference, Counsel for the Defendants City of Vallejo and Robert Nichelini desire to appear by telephone and will

/ / /

/ / /

V.W. v. City of Vallejo, et al.  
Case No: 2:12-cv-01629-LKK-GGH

Defendants City of Vallejo and Nichelini's  
Status Report

- 6 -

1 | be calling from the Office of the City Attorney, City of Vallejo, at (707) 648-4545.

3 | DATED: October 2, 2012         Respectfully submitted,

_____
ALAN M. COHEN, Deputy City Attorney
Attorney for Defendants, City of Vallejo
and Robert Nichelini

V.W. v. City of Vallejo, et al.                         Defendants City of Vallejo and Nichelini's
Case No: 2:12-cv-01629-LKK-GGH                          Status Report

- 7 -