CLAUDIA M. QUINTANA, SBN 178613
City Attorney
ALAN M. COHEN, SBN 177662
Deputy City Attorney
CITY OF VALLEJO, City Hall
555 Santa Clara Street, Third Floor
P.O. Box 3068
Vallejo, CA 94590
Telephone: (707) 648-4545
Facsimile: (707) 648-4687
Email: acohen@ci.vallejo.ca.us

Attorneys for Defendants
CITY OF VALLEJO AND ROBERT NICHELINI

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decendent MICHAEL WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers DOES 1-25, individually, jointly and severally,<br><br>Defendants. | Case No. 2:12-CV-1629-LKK-GGH<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      January 14, 2013<br>Time:     10:00 a.m.<br>Location: Courtroom 4 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 14, 2013, at 10:00 a.m., in Courtroom 4 of the United States Courthouse, Eastern District of California, located at 501 "I" Street, Sacramento, California, Defendants City of Vallejo and Robert Nichelini will move under Federal Rule of Civil Procedure 12(c) for an order dismissing the complaint with prejudice on the grounds that, as a matter of law, any cognizable cause of action which Plaintiff might assert arising out of the events alleged in her Complaint has been discharged through the City of Vallejo's chapter 9 bankruptcy case.  The motion is supported by the attached Memorandum of Points and

Authorities and such argument and evidence as the Court may entertain at the hearing on this motion.

DATED: November 8, 2012

ALAN M. COHEN
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO AND ROBERT NICHELINI

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a wrongful death case brought by Plaintiff against the City of Vallejo ("the City"). The City's alleged tortious conduct occurred in 2010, when the City was in chapter 9 bankruptcy. The City emerged from bankruptcy in late 2011. Under settled Ninth Circuit law, all claims against the City that arose before the City exited bankruptcy are discharged, wiped clean so as to allow debtors like the City a "fresh start" after they have restructured their obligations. Plaintiff's claim is one such claim that has been completely discharged, and on that basis this Court must dismiss the Complaint as a matter of law.

To be clear: Plaintiff is *not* being left without a remedy for the City's alleged conduct. But that remedy lies in bankruptcy court, where, as part of the City's reorganization, the bankruptcy court approved a plan of adjustment that equitably balanced the claims of all the City's creditors and provided for payment on claims like Plaintiff's and others similarly situated. Instead of participating in the bankruptcy process—as she should have—Plaintiff now attempts to jump ahead of all the City's other creditors and recover 100-cent damages where similarly situated tort claimants who played by the rules will recover far less on their claims. This is exactly the sort of end run around the bankruptcy process that Congress intended to discourage by creating a discharge of debts. The Court should not countenance it, but should dismiss the Complaint as discharged.

## II. STATEMENT OF FACTS

The City filed for bankruptcy on May 23, 2008. *See* Request For Judicial Notice In Support Of Defendants' Motion For Judgment On The Pleadings ("RJN"), Ex. 1 (City of Vallejo's chapter 9 petition). On August 5, 2011, the Bankruptcy Court confirmed the City's Plan of Adjustment (the "Plan"). RJN, Ex. 3 (August 5, 2011 order confirming the Plan). The Plan provided (on page 45) that upon the "Effective Date," the City would be discharged from all of its debts other than those excepted from discharge by the Plan or by statute. RJN, Ex. 2 (Plan); *see also* 11 U.S.C. § 524(a) (discharge of debts). The Effective Date was November 1, 2011.

RJN, Ex. 4 (notice of November 1, 2011 Effective Date).

Plaintiff V.W., the daughter of decedent Michael White, filed a Complaint for Damages and Demand for Jury Trial (the "Complaint") on June 18, 2012, naming as Defendants the City of Vallejo (the "City") and former Chief of Police Robert Nichelini, in his individual and official capacities. The Complaint alleges violations of Section 1983 based on conduct that occurred on June 15, 2010. The City filed its Answer to Plaintiff's complaint on August 7, 2012. Following a status conference on October 9, 2012, this Court ordered that the City bring a motion to dismiss Plaintiff's complaint on the grounds that the November 1, 2011 discharge of the City's liabilities bars her suit.

### III. LEGAL STANDARD

Judgment on the pleadings under Rule 12(c) is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (internal quotations omitted). The court applies the same standard as that applied to a Rule 12(b)(6) motion. A motion for judgment on the pleadings is functionally equivalent to a motion to dismiss under Rule 12(b)(6), the only difference being the timing of the motions. *Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006) *aff'd,* 277 F. App'x 734 (9th Cir. 2008).

Because the discharge injunction under 11 U.S.C. § 524 bars Plaintiff from recovering anything on her complaint, the Court should dismiss Douglas's complaint with prejudice as a matter of law.

### IV. ARGUMENT

#### A. The Discharge Requires Dismissal of V.W's Claims Against The City.

To protect a debtor's fresh start, Congress enacted the discharge provision of 11 U.S.C. § 524(a). The discharge injunction enables the debtor to shed its prepetition (or in the case of a

chapter 9 debtor, preconfirmation) liabilities by voiding "any judgment at any time obtained" against the debtor. *See* 11 U.S.C. § 524(a)(1). It also "operates as an injunction against the commencement or continuation of an action…to collect, recover, or offset any such debt as a personal liability of the debtor." *Id.* § 524(a)(2); *see Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 781 (B.A.P. 9th Cir. 1999).

In the chapter 9 context, "debt" means any "liability on a claim," and includes claims in civil actions such as those raised in Plaintiff's complaint. *See O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000) (quoting 11 U.S.C. § 944(b)). For purposes of discharge in bankruptcy, a claim arises "at the time of the events giving rise to the claim." *Id.* Here, Plaintiff's claim—the debt to be discharged—arose on or around June 15, 2010.

*O'Loghlin* is both controlling and particularly instructive because it involved another chapter 9 debtor. In *O'Loghlin*, a county employee sued Orange County under the Americans with Disabilities Act ("ADA"). *Id.* at 872-73. The Ninth Circuit affirmed the Central District's dismissal of the employee's suit to the degree that it was based on pre-discharge violations of the ADA. The suit was a "claim" within the definition of 11 U.S.C. § 101(5), and was therefore discharged through the county's chapter 9 bankruptcy proceedings. *Id.* at 874.

Here, the events giving rise to Plaintiff's claims took place on June 15, 2010, before the Plan was confirmed and before the Effective Date. *See* Complaint at pp. 4-7. Plaintiff's claims were therefore discharged pursuant to the discharge injunction, along with the City's other pre-confirmation liabilities. Any judgment Plaintiff might obtain on account of the City's alleged preconfirmation acts or omissions would be void, and the discharge injunction affirmatively bars Plaintiff from continuing this suit against the City to recover a discharged debt.

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted against the City, and all claims against the City must be dismissed.

**B.     The Discharge Requires Dismissal of Plaintiff's Claims Against The Officers.**

Any claims Plaintiff may have against former Chief Nichelini or other City employees are likewise discharged by the City's bankruptcy. Under state law, the City is required to defend

civil actions brought against its employees for acts and omissions occurring within the scope of their employment, regardless of whether the case is brought under § 1983 and whether they are sued in their individual or official capacities. *See* Cal. Gov't Code § 995; *Williams v. Horvath*, 16 Cal. 3d 834, 843 (1976) (nothing in section 1983 "precludes a state from indemnifying public employees when liability is founded on that section"). The City is therefore required to defend Officer Nichelini against V.W's suit, even as to those claims brought against former Chief Nichelini in his individual capacity. Moreover, state law also requires the City to pay any claim or judgment against its employees in favor of third-party plaintiffs. *See* Cal. Gov't Code § 825 *et seq*.

A judgment obtained by Plaintiff against former Chief Nichelini or other officers in their individual capacity is thus, in effect, a judgment against the City, and would be paid out of the City's treasury. The City's statutorily-mandated payment of former Chief Nichelini's defense costs and judgments falls within the broad category of "debt" discharged by the bankruptcy, as would the defense and indemnification of claims by Plaintiff against any of the City's other officers. *See O'Loghlin*, 229 F.3d at 874. Any claim against an officer in his individual capacity is therefore a de facto claim against the City, and such claims were discharged as of the Effective Date.[1]

### C. Plaintiff's Remedy Against The City Lies In Bankruptcy Court

While at first glance the dismissal of this case may appear to be the harsh application of a technical rule that deprives Plaintiff of any meaningful remedy, the opposite is true. Plaintiff has

---

[1] This Court has applied the same analysis in deciding whether the automatic bankruptcy stay should apply to suits against officers in their individual capacities. In *Williams v. Kenney*, 2008 WL 3540408 (E.D. Cal. Aug. 12, 2008), *Finding and Recommendations adopted by [this Court in]* 2008 WL 4454042 (E.D. Cal. Sept. 30, 2008), Magistrate Judge Brennan ruled that the automatic stay applied to bar a civil action brought against an individual officer employed by the City, even where the City was no longer a party to the action. Magistrate Brennan held that because state law would require the City to defend and indemnify the individual officer, the case was "one that would necessarily affect [the City's] property," and thus the civil action was "in effect" against the City. *Id.* at *8. Similarly, in *Smith-Downs v. City of Stockton*, 2:10-cv-02495-MCE-GGH (E.D. Cal. August 3, 2012), Judge England held that a civil action brought by a third-party against a police officer employed by the City of Stockton in his individual capacity was barred by the automatic stay. The court reasoned that if it allowed "the [civil] case to proceed to judgment, or if the case were to settle, then the City would potentially be obligated to pay for the individual City officers defense costs, as well as to indemnify the officers for the amount of judgment or settlement, which would necessarily violate the automatic stay provisions . . . ." *Id.*

ample remedies available in the bankruptcy court, should she elect to avail herself of them, as other tort creditors have. Application of the discharge simply prevents Plaintiff from receiving *better* treatment than all the City's other creditors.

The City's Plan equitably balanced the claims of all the City's preconfirmation creditors and provided for payment on claims like Plaintiff's and others similarly situated. Plaintiff now attempts to jump ahead of all the City's other creditors and recover 100-cent damages where similarly situated tort claimants who filed proofs of claim, voted on the Plan, and participated in the claims adjustment process will recover far less on their claims. This is exactly the sort of end run around the bankruptcy process that Congress intended to discourage by creating a discharge of debts. Plaintiff, who is represented by counsel, knew that her preconfirmation claim was subject to discharge. To the extent that she opted out of the bankruptcy process, she did so voluntarily. The Court should not now reward Plaintiff for failing to pursue her available remedies in the bankruptcy case.

## V.   CONCLUSION

Because proceeding with this case as to both the City and former Chief of Police Nichelini violates federal bankruptcy law and could only result in a void judgment against the City (either directly or through a judgment against Officer Nichelini that the City must pay), the Court should dismiss the Complaint with prejudice.

Dated: November 8, 2012

ALAN M. COHEN
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO AND ROBERT NICHELINI