JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers DOES 1-25, individually, jointly and severally,<br><br>Defendants. | Case No. 2:12-CV-1629-LKK-GGH<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO ALLOW FOR FILING OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Honorable Lawrence Karlton |

Plaintiffs, by and through their attorneys, hereby bring this Motion for Extension of Time to file Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings pursuant to Local Rules, Rule 144.

For the reasons set for the below, good cause exists for the Court to grant this request.

Plaintiffs' Motion for Extension of Time to File Opposition to Defendants' Motion for Judgment on the Pleadings
Case No: 2:12-CV-1629-LKK-GGH

1

1. This action arises out of the death of Decedent Michael White who was pronounced dead after being subjected to the unreasonable use of force, including excessive tasing and unreasonable restraint, on June 15, 2010, by City of Vallejo Police Officers.

2. Plaintiffs filed a Complaint for Damages for Violation of Civil Rights on June 18, 2012.

3. Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure, Rule 12(c) on November 8, 2012.

4. Plaintiffs counsel's paralegal calendared Plaintiff's opposition brief as due on December 31, 2012 or 14 days before the schedule hearing and the Defendants' Reply Brief as due on January 7, 2012 or 7 days before the scheduled hearing.

5. On December 14, 2012, Plaintiffs counsel's paralegal discovered the Court's Order requiring that Plaintiff's Opposition Brief be filed within 21 days after the date the motion was filed, and further discovered that the actual deadline for filing the Opposition Brief was November 29, 2012 (DKT. #12).  Immediately upon discovering this internal calendaring error, Plaintiff's counsel seeks leave for an extension of time to file Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings.

6. This is a wrongful death case involving the excessive tasing and unreasonable restraint of Decedent Michael White by City of Vallejo Police Officers which ultimately lead to decedent's death.  Plaintiffs request that the Defendants' Motion for Judgment on the Pleadings should be heard on its merits. The Plaintiffs will suffer substantial harm and prejudice due to a procedural error regarding time computation caused by Plaintiffs' counsel's paralegal if this Court does not grant their Motion for an Extension of Time and they are not allowed to prosecute their case. Defendants will not suffer any substantial harm or prejudice, as the Court would presumably allow Defendants to file a substantive Reply Brief and we are still well in advance of the scheduled hearing date of January 14, 2013.

7. Federal Rules of Civil Procedure, Rule 6(b) permits the court to extend the time in which a party must perform a specific act upon a showing of good cause. Fed.R.Civ.P. 6(b). And, "although extensions before expiration of the time period may be 'with or without motion or notice,' any post deadline extension must be 'upon motion made,' and is permissible only

Plaintiffs' Motion for Extension of Time to File Opposition to Defendants' Motion for Judgment on the Pleadings
Case No: 2:12-CV-1629-LKK-GGH

2

where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990).  "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Invs. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392 (1993).  However, the Ninth Circuit has held that there are circumstances in which simple inadvertence could be excusable neglect.  See *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008), *Pincay v. Andrews*, 389 F.3d 853, 858-59 (9th Cir. 2004) (*en banc*).  In order to determine whether the inadvertence can be excusable, the court applies the *Pioneer* factors: 1) the danger of prejudice to the nonmoving party; 2) the length of delay; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the moving party's conduct was in good faith.  *Pincay, supra*, at 855, citing *Pioneer*, 507 U.S. at 395.  Here, Plaintiffs' Opposition Brief was internally calendared pursuant to the Local Rules; however, in contradistinction to the Court's order.  While there is no good excuse for the error, it was not born of any intentional violation or bad faith, but was simply inadvertent.  The prejudice to Plaintiffs would be extreme, potentially resulting in outright dismissal without any litigation or consideration of the merits of this wrongful death case.  The prejudice to the defense is minimal to non-existent provided the Court allows the Defense the opportunity to substantively respond to Plaintiff's opposition.

8.  To date, no previous time modifications have been made in the case by stipulation or Court order.

9.  Based on the foregoing, the Plaintiffs move this Court for an Extension of Time to file their Opposition to Defendants' Motion for Judgment on the Pleadings after the November 29, 2012 deadline as prescribed by the Court's order.

Plaintiffs' Motion for Extension of Time to File Opposition to Defendants' Motion for Judgment on the Pleadings
Case No: 2:12-CV-1629-LKK-GGH

3

1  WHEREFORE the Plaintiffs respectfully request the Court to enter an order granting
2  their Motion for Extension of Time to file their Opposition Brief.

5  Dated:  December 17, 2012                **LAW OFFICES OF JOHN L. BURRIS**

                                            /s/ Benjamin Nisenbaum
                                            Benjamin Nisenbaum
                                            Attorney for Plaintiffs

Case 2:12-cv-01629-MCE-AC   Document 15   Filed 12/17/12   Page 4 of 4

Plaintiffs' Motion for Extension of Time to File Opposition to Defendants' Motion for Judgment on the Pleadings    4
Case No: 2:12-CV-1629-LKK-GGH