JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE, | ) ) ) Case No. 2:12-CV-1629-LKK-AC ) |
| Plaintiffs, | ) ) **PLAINTIFF'S OPPOSITION TO** |
| vs. | ) **DEFENDANTS' MOTION FOR** ) **JUDGMENT ON THE PLEADINGS** ) |
| CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers DOES 1-25, individually, jointly and severally, | ) ) Date: January 14, 2013 ) Time: 10:00 a.m. ) Location: Courtroom 4 ) |
| Defendants. | ) Honorable Lawrence Karlton ) |

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………2

Table of Authorities………………………………………………………………….………3

Introduction……………………………………………………………………………..4

Argument……………………………………………………………………….............4

A. Legal Standard………………………………………………………….……….............4

B. Defendant City's Bankruptcy Protection Dos Not Prevent Suit Against the Individually

Named Defendant Officers Sued in the Personal Capacities ………………….…….….............5

    1. Personal Capacity Suits vs. Official Capacity Suits…………………………………5

    2. California's Cost of Litigation and Indemnification Programs Cannot be Expanded to

    Cover State Officials Sued in Their Individual Capacities……………………………6

Conclusion……………………………….……………………………………..….……....8

# TABLE OF AUTHORITIES

**Statutory Authorities**:

42 U.S.C. § 1983 …………………………………………………………………………..passim

11 U.S.C. § 524…………………………………………………………………………4-5

Federal Rule of Civil Procedure 12 (c )…………………………………………………4-5

Federal Rule of Civil Procedure 12(b)………………………………………………….…..4-5

California Government Code § 995…………………………………………………………..7

California Government Code § 825…………………………………………………………..7

**Cases**:

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989)……………5

*O'Loghlin v. County of Orange*, 229 F.3d 871 (9th Cir. 2000)…………………………………..5

*Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002)…………………………………………………5

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)……………………………………………..……….6

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)……………………… 6

*Kentucky v. Graham*, 473 U.S. 159 (1985) …………………………………………………6

*Ronwin v. Shapiro*, 657 F.2d 1071 (9th Cir. 1981)……………………………………………….6

*Demery v. Kupperman*, 735 F.2d 1139 (9th Cir. 1984)…………………………………………7

*Aviel v. Dance*, 1994 WL 134654 (9th Cir. 1994)……………………………………………...7

*Williams v. Kenney*, 2008 WL 3540408 (ED Aug 12, 2008)…………………………………7

*Smith-Downs v. City of Stockton*, 2:10-cv-02495 MCE (ED Aug 3, 2012)……………………7

**Other**:

Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, (The Rutter Group 2007)….5

## INTRODUCTION

This action arises out of the death of Decedent Michael White who was pronounced dead after being subjected to the unreasonable use of force, including excessive tasing and unreasonable restraint, on June 15, 2010, by City of Vallejo Police Officers (who will be named when their identities are ascertained)[1].  Defendant City of Vallejo moves for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure, Rule 12(c) and argues that the discharge provisions of 11 U.S.C. section 524(a)(1) requires dismissal of Plaintiff's claims against it.  By extension, Defendant City urges that all claims against Defendants Robert Nichelini and any other City employees (i.e., the individual police officers involved in the subject incident here identified as "Doe Defendants" sued in their personal capacities) are likewise discharged by the City's bankruptcy because of the California's statutory indemnification laws.

Plaintiff maintains that, even if Defendant City's bankruptcy proceedings discharge Plaintiff's claims against it, the City's bankruptcy protection cannot have a preclusive effect on Plaintiff's claims against the individually named defendants who are sued in their personal capacities and who are not, themselves, bankrupt.  As such, this Court should deny Defendants' Motion for Judgment on the Pleadings as to the individually named Defendants who are employees of Defendant City and are being sued in their personal capacities.

## ARGUMENT[2]

### A. Legal Standard

Federal Rules of Civil Procedure, Rule 12(c) states, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions to dismiss for failure to state a claim, i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading are accepted as true,

---

[1] Thus far, Defendant City has refused to release any information concerning this litigation to Plaintiff; therefore, all individual police officers having personal involvement in the subject-incident are named as Doe Defendants until their identities are ascertained.

[2] For purposes of this motion only, Plaintiff does not dispute Defendants' recitation of the procedural history of this case and does not have any additional background facts for this Court to consider.  As such, Plaintiff does not submit a separate Statement of Facts.

the moving party is entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Rule 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint or answer.  Nor does it specifically prohibit such a motion.  It is the practice of many judges to permit "partial" judgment on the pleadings, if appropriate.  Moreover, courts have discretion to grant a Rule 12(c) motion with leave to amend; courts also have discretion simply to grant dismissal of the action instead of entry of judgment. Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, §§ 9:340, 9:341, 9:335 (The Rutter Group 2007).

**B. Defendant City's Bankruptcy Protection Does Not Prevent Suit Against the Individually Named Defendant Officers Sued in their Personal Capacities**

As urged by Defendants, the discharge provisions of 11 U.S.C. section 524(a)(1) renders any judgment Plaintiff would get against Defendant City for the events occurring on June 15, 2010, void and thereby bars Plaintiff from pursuing her claims against Defendant City. *O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000).  However, the bankruptcy protections conferred on Defendant City cannot extend to the individually named Defendant Officers who are sued in the personal capacities and have not themselves petitioned for any bankruptcy protection.

*1. Personal Capacity Suits vs. Official Capacity Suits*

To be clear, Plaintiffs claims against the individually named officers are distinct and separate from her claims against Defendant City.  In 42 U.S.C. § 1983 actions, there is no vicarious "supervisory liability" and no respondeat superior liability for the conduct of police officers, or a police chief.  Liability under section 1983 is premised on a showing of personal participation in the alleged civil rights violation, since there is no respondeat superior liability under section 1983 for the conduct of the officers of the municipal entity.  See *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Whether or not the municipal entity is bankrupt, it is not liable for the section 1983 violations of its police officers who are defendants in section 1983 actions.

The United States Supreme Court has repeatedly explained the difference between a suit against a government official in an official capacity, and a suit against a government official in an individual capacity. Specifically, the Supreme Court has explained:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., *Scheuer v. Rhodes*, 416 U.S. 232, 237–238 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978).  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. (Citation omitted.)  It is not a suit against the official personally, for the real party in interest is the entity. Thus, *while an award of damages against an official in his personal capacity can be executed only against the official's personal assets*, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. . . . On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (emphasis added).

Moreover, relief on the merits liability and fees run together.  Thus, a plaintiff who prevails against a defendant in his personal capacity is entitled to recover from that defendant in his personal capacity.  *Graham*, 473 U.S. at 171.

*2. California's Cost of Litigation and Indemnification Programs Cannot be Expanded to Cover State Officials Sued in Their Individual Capacities*

Defendants assert that because California has enacted laws requiring the state to pay (out of the City's treasury) the cost of litigation and damage awards levied against California officials for acts performed in the course of their official duties, these are effectively the "debt" of the City which has been discharged.  In so arguing, Defendants urge this Court to confer state sovereign immunity to its employees and seek to prevent vindication of federal rights in federal court.

California Government Code sections 995 and 825 codifies the state's attorney's fees and indemnification programs for its employees.  However, "California's indemnification program does not expand Eleventh Amendment immunity to cover state officials sued in their individual capacities."  *Ronwin v. Shapiro*, 657 F.2d 1071, 1074 (9th Cir. 1981).  Indeed, the Ninth Circuit

has repeatedly and emphatically rejected such a notion, "'[a] state has no power to impart to [state officers] any immunity from responsibility to the supreme authority of the United States.' We are thus unable to accept the proposition that a state may extend sovereign immunity to state officials merely by enacting a law assuming those officials' debts." *Demery v. Kupperman*, 735 F.2d 1139, 1147 (9th Cir. 1984), cert. denied, 469 U.S. 1127 (1985) (holding that Cal. Gov't Code § 825 does not immunize officials in federal section 1983 actions); *see also*, *Aviel v. Dance*, 1994 WL 134654, *3 (9th Cir. 1994) (holding the reasoning of *Demery v. Kupperman* applies even when a state claim, and not a federal claim, is at issue).

California's cost of litigation and indemnification programs are "purely intramural arrangement[s] with its officers" which "derive from an entirely collateral and voluntary undertaking on the part of the state" and "do[] not, and cannot, change the nature of the federal claim" and cannot divest Plaintiff of her right to seek redress from the individually named Defendants. *Demery*, 735 F2d at 1148-1149. Section 1983 makes clear that claims against government officials in their individual capacity makes them individually liable to Plaintiff. As such, this Court should reject Defendants' argument on this point.[3]

---

[3] Defendants' citation to *Williams v. Kenney*, 2008 WL 3540408 (ED Aug 12, 2008) and *Smith-Downs v. City of Stockton,* 2:10-cv-02495 MCE (ED Aug 3, 2012), are inapposite. In both *Williams* and *Smith-Downs*, the Court stayed the action against all co-defendants during the pendency of the Defendant entities' bankruptcy proceedings, but did not dismiss or enter judgment on the action.

**CONCLUSION**

Plaintiff urges this Court to deny Defendants' Motion for Judgment on the Pleadings as to the individually named Defendant Officers, e.g. Defendant Nichelini and the Doe Defendants who will named when their identities are ascertained, because California law, pursuant to Government Code sections 995 and 825, cannot change the nature of Plaintiff's federal claims against the individually named officers sued in their personal capacities.

**LAW OFFICES OF JOHN L. BURRIS**

**Dated:  December 18, 2012**            /s/ Benjamin Nisenbaum

Benjamin Nisenbaum
Attorney for Plaintiff