1  CLAUDIA M. QUINTANA, SBN 178613
   City Attorney
2  KELLY J. TRUJILLO, SBN 244286
   Deputy City Attorney
3  CITY OF VALLEJO, City Hall
   555 Santa Clara Street, Third Floor
4  P.O. Box 3068
   Vallejo, CA 94590
5  Telephone:  (707) 648-4545
   Facsimile:  (707) 648-4687
6  Email: ktrujillo@ci.vallejo.ca.us

7  NORMAN C. HILE, SBN 57299
   JOHN W. KILLEEN, SBN 258395
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
9  Sacramento, California 95814-4497
   Tel:     (916) 447-9200
10 Fax:     (916) 329-4900
   Email: nhile@orrick.com
11         jkilleen@orrick.com

12 Attorneys for Defendants
   CITY OF VALLEJO AND ROBERT NICHELINI

13

14              UNITED STATES DISTRICT COURT

15          FOR THE EASTERN DISTRICT OF CALIFORNIA

16

17 V.W., a minor, by and through her Guardian        Case No. 12-CV-1629-LKK-GGH
   Ad Litem, Tenaya Barber, Individually and as
18 Successor in Interest of Decendent MICHAEL        **DEFENDANTS' REPLY IN SUPPORT**
   WHITE,                                            **OF MOTION FOR JUDGMENT ON**
19                                                   **THE PLEADINGS**
                  Plaintiff,
20                                                   Date:       January 14, 2013
        v.                                           Time:       10:00 a.m.
21                                                   Location:   Courtroom 4
   CITY OF VALLEJO, a municipal corporation;
22 ROBERT NICHELINI, in his individual and
   official capacity as Chief of Police; Officers
23 DOES 1-25, individually, jointly and severally,

24              Defendants.

25

26

27

28

Plaintiff concedes upfront that "the discharge provisions of 11 U.S.C. section 524(a)(1) renders [sic] any judgment Plaintiff would get against Defendant City . . . void and thereby bars Plaintiff from pursuing her claims against Defendant City." Opp. 5. As a matter of law, the Court should dismiss Plaintiff's complaint with prejudice.

There is no merit in Plaintiff's attempt to draw a distinction between (1) money recovered from the City as City and (2) money recovered by obtaining a judgment against a City employee, which judgment the City is statutorily required to pay, *see, e.g.*, *Stewart v. City of Pismo Beach*, 35 Cal. App. 4th 1600, 1605 (1995) ("The duty to provide employees with a defense in civil actions is mandatory . . . ."). Either way, the obligation is a "debt," i.e., a "liability on a 'claim,'" discharged in the City's bankruptcy. *See O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 532 (9th Cir. 1998) (the "broadest possible definition of claim is designed to ensure that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case"). 11 U.S.C. § 524(a)(2) expressly prohibits "the commencement or continuation" of any action—like this lawsuit—to collect on such a debt "dealt with in the [City's] bankruptcy case," 143 F.3d at 532.

The crux of Plaintiff's argument is that "[l]iability under section 1983 is premised on a showing of personal participation in the alleged civil rights violation, since there is no respondeat superior liability under section 1983 for the conduct of the officers of the municipal entity. Whether or not a municipal entity is bankrupt, it is not liable for the section 1983 violations of its police officers who are defendants in section 1983 actions." Opp. 5.

Plaintiff misses the point. Even if the City is not liable for its officers' conduct under a respondeat superior *tort* theory, it nevertheless is not excused from complying with California's *statutory* mandate to defend and pay out any judgments obtained against its officers. *See* Cal. Gov't Code §§ 825, 995; *Williams v. Horvath*, 16 Cal. 3d 834, 843 (1976) (nothing in section 1983 "precludes a state from indemnifying public employees when liability is founded on that section"); *Lockyer v. City & County of San Francisco*, 33 Cal. 4th 1055, 1098 (2004) ("[E]ven if the city officials were to be sued in their personal capacity . . . under Government Code section

825 the officials would be entitled to have their public employer provide a defense and pay any judgment entered in such an action, *whether the action was based on a state law claim or a claim under the federal civil rights statutes*.") (emphasis added); *Cornwell v. City of Riverside*, 896 F.2d 398, 400 (9th Cir. 1990) ("We find no federal law prohibiting California cities from acting under the authority conferred by the California legislature [in electing to pay punitive damages in a § 1983 case]. When Congress has wanted to prohibit the payment of damages on behalf of one person by another it has known how to do so with express language. Congress has enacted no such provision here.") (internal citations omitted). These monetary obligations are debts discharged by bankruptcy, and it is telling that Plaintiff does not even attempt to distinguish *Williams* and related cases.[1]

Plaintiff's other cases—*Ronwin*, *Demery*, and *Aviel*—are inapplicable because all relate to the sovereign immunity of state officials under the 11th Amendment. The 11th Amendment has no relevance here because state sovereign immunity never extends to municipalities or their officials. *See, e.g.*, *Jinks v. Richland Cnty.*, 538 U.S. 456, 466 (2003) ("municipalities, unlike states, do not enjoy a constitutionally protected immunity from suit"). Nor has the City ever asserted any sort of sovereign immunity defense, despite Plaintiff's attempt to characterize this as a sovereign immunity case. This case is about indemnity, not immunity.

Finally, Plaintiff may argue that she will be left without a remedy if she cannot recover damages from the City through its officers. As explained in the City's opening brief, Plaintiff

---

[1] Numerous courts in this district have recognized the link between a chapter 9 debtor's defense and indemnification obligations under California law, on one hand, and the draining of funds from the City's treasury in contravention of bankruptcy policy, on the other. *See Williams v. Kenney*, No. CIV-S-07-0100 LKK EFB PS, 2008 WL 3540408, *8 (E.D. Cal. Aug. 12, 2008), Finding and Recommendations adopted by [this Court in] 2008 WL 4454042 (E.D. Cal. Sept. 30, 2008) (because state law would require the City to defend and indemnify the individual officer, the case was "one that would necessarily affect [the City's] property," and thus the civil action was "in effect" against the City); *Smith-Downs v. City of Stockton*, No. 2:10-cv-02495-MCE-GGH, 2012 WL 3202265, *2 (E.D. Cal. August 3, 2012) (civil action brought by a third party against a police officer employed by the City of Stockton in his individual capacity was barred by the automatic stay because if "the [civil] case to proceed to judgment, or if the case were to settle, then the City would potentially be obligated to pay for the individual City officers' defense costs, as well as to indemnify the officers for the amount of judgment or settlement, which would necessarily violate the automatic stay provisions . . . ."); *Hittle v. City of Stockton*, No. 2:12-cv-00766-GEB-KJN, 2012 WL 3886099, *3 (E.D. Cal. Sept. 6, 2012) (finding it not possible "to draw a meaningful distinction between claims asserted against the City and claims asserted against individual Defendants") (citations and quotations omitted); *In re City of Stockton, Cal.*, --- B.R. ---, 2012 WL 6622605, *2 (Bankr. E.D. Cal. Dec. 18, 2012) ("To the extent that there is a judgment against the individuals, the City, having undertaken their defense, will be required to pay the judgment.").

1 | possessed ample opportunity to seek relief from the City and its employees in the bankruptcy
2 | court, as did other similarly situated tort creditors.  She elected not to pursue this option and
3 | cannot now argue that she is prejudiced by having her complaint dismissed by this Court.
4 | Granting the City's motion prevents Plaintiff from receiving *better* treatment than all of the
5 | City's other creditors.

6 |     For the reasons stated herein, the City respectfully requests that the Court grant its motion
7 | and dismiss Plaintiff's complaint with prejudice.

8 |

9 | Dated: January 4, 2013               */s/ Kelly J. Trujillo*
10 |                                      KELLY J. TRUJILLO
                                         Deputy City Attorney
11 |                                      Attorney for Defendant
                                         CITY OF VALLEJO AND OFFICER
12 |                                      ROBERT NICHELINI

13 |

14 | Dated: January 4, 2013               */s/ John W. Killeen*
15 |                                      NORMAN C. HILE
                                         JOHN W. KILLEEN
16 |                                      ORRICK, HERRINGTON &
                                              SUTCLIFFE
17 |                                      Attorneys for Defendant
                                         CITY OF VALLEJO AND OFFICER
18 |                                      ROBERT NICHELINI

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case No. 12-CV-1629-LKK-GGH                    DEFENDANTS' REPLY IN SUPPORT OF
                                               MOTION FOR JUDGMENT ON THE PLEADINGS

4