**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendant:  ROBERT NICHELINI, in his individual capacity

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as a Successor in Interest of Decedent MICHAEL WHITE,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers Does 1-25, individually, jointly and severally,<br><br>            Defendants. | Case No.  2:12-CV-01629-LKK-AC<br><br>**DEFENDANT ROBERT NICHELINI'S STATUS REPORT**<br><br>Date:           September 9, 2013<br>Time:          1:30 p.m.<br>Courtroom:  4<br><br>(Complaint Filed: June 18, 2012) |

In accordance with the Court's August 8, 2013, Minute Order setting a Scheduling Conference for September 9, 2013, Defendant Robert Nichelini in his individual capacity (the only remaining defendant pursuant to court order) submit the following Status Report:

**(a)     Names of the Parties Counsel Represents**

Defendant Robert Nichelini in his individual capacity.

**(b)     Summary of Facts and Characterization of Legal Theories**

On Tuesday, June 15, 2010, at 4:24 p.m., Vallejo Police officers responded to a 911 call from an elderly female who reported that Michael White (the Decedent) had assaulted her at her

front door and then fled across the street into a residence. The victim told the Officers that Mr. White was acting out of control and appeared to be under the influence of narcotics. Officers responded to the scene of the felony assault and then contacted Mr. White at the residence across the street from the elderly victim. White refused to comply with the Officers' instructions and became violent with the Officers. A struggle ensued in which White appeared to be attempting to ingest suspected narcotics. Officers attempted several control techniques which included the deployment of Tasers. After several minutes, the Officers were able to subdue Mr. White. He was taken outside and assessed by on-scene paramedics. White was placed on a gurney and transported to Kaiser Hospital where he was later pronounced dead.

### 1. Plaintiff's Complaint

Due to Judge Karlton's August 2, 2013 Order, the only remaining Defendant is Robert Nichelini, in his individual capacity.

Plaintiff's First Cause of Action (42 U.S.C § 1983) asserts the following:

(a) The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

(b) The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

(c) The right to be free from unlawful conscience shocking force as secured by the Fourteenth Amendment; and

(d) The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

(Complaint, 8:3-12.)

Plaintiff's Second Cause of Action seeks to impose *Monell* liability. Plaintiff's Third, Fourth and Fifth Causes of Action are premised on California law and claim an entitlement to relief under Civil Code § 52.1 (The *Bane* Act), and also attempt to allege claims of Negligence and Assault and Battery.

**2.    The City's Response and Defenses to Liability**

Defendant contends that this entire lawsuit is barred by the Statute of Limitations. Additionally, Defendant disputes liability and contends that its officers acted reasonably and appropriately in bringing the Decedent under control.

Defendant asserts that the force used to overcome the Decedent's resistance was reasonable.

Defendant denies that the force used to bring the decedent under control was excessive.

Defendant further asserts that the individual officers have qualified immunity from liability for matters set forth in the Complaint.

Defendant asserts that any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

Defendant asserts that any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

Defendant also alleges that the Plaintiff has not established standing to sue because she has not submitted the requisite declaration and death certificate required by California Code of Civil Procedure § 377.32.

Defendant contends that to the extent Plaintiff attempts to allege State claims, they are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4.

Defendant asserts that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendant's right to due process and equal protection.

**(c)    Progress in Service of Process**

The Defendant is not aware of whether Plaintiff intends on serving additional defendants.

**(d)    Possible Joinder of Additional Parties**

None anticipated by Defendant.

1. **(e)  Amendment of the Pleadings**

    None anticipated by Defendant.

2. **(f)  Statutory Basis for Jurisdiction and Venue**

    Jurisdiction is based upon Title 28 of the United States Code, Sections 1331 and 1343. Defendant however, contends that this court does not have Jurisdiction because the Statute of Limitations has elapsed.

3. **(g)  Anticipated Motions**

    Defendant anticipates filing a Motion for Judgment on the Pleadings that this entire lawsuit is barred by the Statute of Limitations. Defendant also will contend that Plaintiff has failed to establish standing to sue.

    Assuming the jurisdictional issues are not dispositive, the Defendant anticipates filing a Motion for Summary Judgment.

4. **(h)  Anticipated Discovery and Scheduling**

    Defendant is amenable to conducting written discovery pursuant to code. Defendant does not believe a discovery conference is required.

5. **(i)  Future Proceedings**

    <u>Cut Off Date for Discovery</u>

    Discovery should be completed sixty (60) days before trial.

    *Timing of Disclosure of Expert Witnesses*

    Ninety (90) days prior to trial.

    <u>Proposed Motion Cut-Off Date</u>

    Thirty (30) days prior to trial.

    <u>Pre-Trial Conference</u>

    Thirty (30) days prior to trial.

    <u>Trial</u>

    To the extent the Court is inclined to move forward, Defendant proposes a trial date in October of 2015.

/ /

1  **(j)**     **Appropriateness of Special Procedures**

2         None anticipated.

3  **(k)**     **Jury Demand**

4         Defendant demands a jury.

5  **(l)**     **Estimated Trial Time**

6         Seven (7) to ten (10) days.

7  **(m)**    **Modification of Standard Pretrial Procedures**

8         None needed.

9  **(n)**     **Related Cases**

10        *In Re: City of Vallejo, United States Bankruptcy Court Case No. 08-26813.*

On August 5, 2011, the United States Bankruptcy Court for the Eastern District of California entered its Order Confirming the City of Vallejo's Second Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2, 2011 ("Order").

Plaintiff's June 15, 2010 liability claim arose prior to the Bankruptcy Court's Confirmation Order and was discharged when the Bankruptcy Court confirmed the City's Plan of Adjustment, (See 11 U.S.C. §§ 524(a), 944(b), and 901(a) (incorporating § 524(a)(1) and § 524(a)(2).) Under 11 U.S.C. § 524(a)(1), the discharge injunction voids any "judgment at any time obtained" against the Defendants.

Bankruptcy discharge "operates as an injunction against the commencement or continuation of an action…to collect, recover, or offset any such debt as a personal liability of the debtor." (*Id.* § 524(a)(2) (emphasis added).) In other words, the discharge injunction "extinguishes the debtor's personal liability with respect to his creditor's claims; voids any judgment to the extent of the debtor's personal liability for the discharged debt; and enjoins the commencement or continuation of civil suits against the debtor personally to recover any discharged debt." (*Hurley v. Bredehorn*, 44 Cal. App. 4th 1700, 1703 (1996) (citations and quotations omitted); see also 8 Witkin, Cal. Proc. 5th (2008) Enforcement of Judgment, § 514, p. 551; *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In Re Pavelich),* 229

1  B.R. 777, 781 (B.A.P. 9th Cir. 1999); *O'Loghlin v. County of Orange,* 229 F.3d 871, 874 (9th Cir. 2000).)

**(o)  Stipulation**

Defendant prefers that any settlement conference occur with a judge, other than that assigned to handle the matter at trial.

DATED:  August 26, 2013              Respectfully submitted,


                                     */s/ Furah Z. Faruqui*
                                     FURAH Z. FARUQUI
                                     Deputy City Attorney
                                     Attorney for Defendant, ROBERT NICHELINI

---

Case No. 2:12-CV-01629-LKK-AC                         DEFENDANT ROBERT NICHELINI'S STATUS REPORT