JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

V.W., a minor, by and through her Guardian Ad Litem, )
Tenaya Barber, Individually and as Successor in )
Interest of Decedent MICHAEL WHITE, )

                    Plaintiffs, )

        vs. )

CITY OF VALLEJO, a municipal corporation; )
ROBERT NICHELINI, in his individual and official )
capacity as Chief of Police; Officers DOES 1-25, )
individually, jointly and severally, )

                 Defendants. )
                          )
                          )
                          )
                          )
                          )

Case No. 2:12-cv-01629-LKK-GGH

**PLAINTIFFS' UPDATED STATUS REPORT**

**TIME:  1:30 p.m.**
**DATE:  9/9/2013**
**Chambers/Courtroom No. 4**

**Honorable Lawrence K. Karlton**

**TELEPHONIC**

     Plaintiffs hereby respectfully submit their status report for the upcoming status

conference in the above noted action, as follows:

a.   Names of Parties and Respective Counsel:

     <u>Plaintiff:</u> V.W., who is now an adult, was a minor at the time of the subject incident.  Her

Guardian ad Litem is her her mother, Tenaya Barber, represented in this action by John L.

Burris, Ben Nisenbaum, Law Offices of John L. Burris, Airport Corporate Centre, 7677 Oakport Street, Suite 1120, Oakland, California 94621.

Plaintiffs' counsel requests they be allowed to appear telephonically, and will place the call to chambers number (916) 930-4130 from (510) 839-5200.

b. Summary of Facts:

On June 15, 2010, at about 4:24 p.m., in the CITY OF VALLEJO, Vallejo Police Department Officers, including, but not limited to, Defendant Officer DOES 1-15, inclusive, responded to a 911 call. Defendant Officers made contact with Decedent MICHAEL WHITE at a friend's house who lives directly across the street from the person who called 911.  Defendant Officers entered the home of Decedent's friend, where Decedent was locked inside a bathroom. Defendant Officer DOES 1-15, inclusive, contacted Decedent and tased decedent while restraining decedent.  Decedent was subdued during the restraint and tasing, which lasted several minutes.  Defendant Officers DOES 1-15, inclusive used excessive force against Decedent, including unreasonable restraints and the unreasonable use of and unreasonably prolonged exposure to the Taser.  Decedent collapsed during the restraint and tasing, and ultimately was pronounced dead at Kaiser Hospital in Vallejo a consequence of the unreasonable use of force, including excessive tasing and unreasonable restraint.

Although Defendant CITY has refused to provide any information pertaining to Decedent's death, Defendant CITY later claimed Decedent died from "Excited Delirium," and was exhibiting signs of so-called "Excited Delirium" when Defendant Officer DOES responded to Decedent.  Prior to the subject-incident, Taser International specifically warned all of its users against prolonged exposure to the Taser in people suffering symptoms of so-called "Excited Delirium."  In fact, death by "Excited Delirium" has been cited as an alternative to asphyxiation during the course of restraint.  "Excited Delirium" deaths are preventable, and reasonable police officers are trained to consider the symptoms of "Excited Delirium" when restraining, using a taser, or otherwise using force against a subject. In this case, Defendants unreasonably disregarded any symptoms of alleged Excited Delirium Decedent may have been exhibiting, if any.  Decedent did not die from Excited Delirium, but from asphyxiation and excessive or unreasonable tasing.

The type and amount of force Defendants used against Decedent as described herein, including multiple Taser shocks and improper restraint, amounted to the use of deadly force under the circumstances.  The use of deadly force was not justified or lawful under the circumstances.

Alternatively, or concurrently, Defendants own excessive, unreasonable, reckless, and provocative actions created a risk of harm to Decedent, created the situation in which Defendants used extreme force, and caused an escalation of events leading to Decedent's death.

Defendants' unreasonable restraint and use of excessive force against Decedent was done at least in part because of Decedent's untreated serious medical needs and/or psychiatric condition.

Plaintiffs are informed and believe and thereon allege that asphyxiation of individuals during restraint is well-documented and generally accepted such that law enforcement agencies as a matter of routine train their peace officer personnel, such as Defendants DOES 1-15, in avoiding asphyxiation of individuals during restraint.

Plaintiffs further allege that Defendants were on notice that prolonged or continuous exposure(s) to the Taser devices's electrical discharge has been proven to cause severe injury and death.  In fact, Taser International, the manufacturer of the Taser, issued a warning bulletin to law enforcement agencies published on or about August 28, 2006, and on other occasions, specifically warning Taser users to avoid prolonged, continuous, extended, or repeated Taser applications against people.  The same warning bulletin specifically noted that in laboratory tests on anesthetized pigs, repeated Taser exposure caused cessation of breathing during the exposure. Likewise, the same warning bulletin specifically noted that people who displayed symptoms of exhaustion or an alleged syndrome called 'excited delirium,' may be at risk of breathing impairment caused by exposure to the Taser.

Defendants grossly violated the training and standards for proper and safe restraint of a person, and in using the Taser repeatedly, and in use of force, and in a prolonged manner in their misconduct against Decedent.

Plaintiffs allege causes of action for violation of Federal civil rights section 1983 based on excessive force causing wrongful death, 14th amendment deprivation of familial relationship,

*Monell* violations, and related state-law causes of action, including wrongful death negligence, assault and battery, and violation of state civil rights, including civil code sections 52.1 and 51.7.

      c. Service of Process:

   All parties have been served.

      d. Joinder of additional parties:

   Plaintiffs intend to join the involved Vallejo Police officers as Defendants once their identities and level of involvement in the subject-incident has been ascertained.

      e. Amendment of Pleadings:

   Plaintiffs intend to amend the Complaint to name individual defendant officers of VALLEJO police department once their identities and involvement have been determined.

      f. Jurisdiction and Venue:

   42 U.S.C. 1983 section 1331 and 1343.

      g. Anticipated Motions:

   Plaintiffs will seek discovery of Defendant Officers personnel records under a stipulated protective order. Absent stipulation, Plaintiffs will bring the appropriate discovery motions for discovery of Defendant Officers' personnel records.

      h. Anticipated Discovery and Scheduling:

   As noted in g, herein, Plaintiffs will seek discovery of defendant officers' personnel records, written discovery pursuant to code.

   Plaintiff request fact discovery cut-off 120 days before the commencement of trial; expert witnesses and opening reports to be disclosed 120 days prior to the commencement of trial, with expert discovery closing 90 days prior to the commencement of trial.

      i. Future proceedings:

   Plaintiffs requests a trial date in September 2014 or thereafter.

      j. Special procedures:

   The parties do not consent to trial before a magistrate judge.

      k. Jury demand:

   All parties demand a jury trial.

l.   Estimated trial time:

5-7 court days.

m.  Modification of Standard PreTrial Procedures:

None requested.

n.  Related cases:

None.

o.  Stipulation:

None.

p.  VDRP

Plaintiffs request mediation through the Court's VDRP program, or a settlement conference with a magistrate judge.

q.  Other matters

Despite Defendants' efforts to have this case discharged in its totality by Defendant CITY's bankruptcy, the Court has ruled that neither Defendant NICHELINI, nor any of the non-bankrupt Defendant Officer DOES are subject to the bankruptcy of Defendant CITY OF VALLEJO.   Defendants' next tactic appears to be to claim that the case is barred by the statute of limitations, as it was apparently filed on the Monday (per ECF  docket entry #1 June 18, 2012) after the two year statute of limitations would have expired on the previous Friday, given the incident occurred on June 15, 2010.  There are two problems with this assertion:  The first is that Plaintiff's counsel filed the case on Friday, June 15, 2012. Plaintiffs possess an email from the Eastern District's ECF website noting that the case was filed on June 15, 2012 at 9:14 p.m. PDT.

More importantly, it's a totally moot point since the only real party Plaintiff in the case, V.W., was a minor at the time of the subject-incident, thus her statute of limitations was tolled. Defendant CITY has already lost this argument on this very basis in another case, <u>Washington v. Taser International, et al.</u>[1] Eastern District case no. 2:05-cv-00881 JAM DAD, see document no.

---

[1] Defendant CITY OF VALLEJO, which was eventually joined with Taser as a defendant in <u>Washington</u>, brought the motion to dismiss.  See page 1 of Judge Mendez's Order:
 "This matter comes before the Court on Defendants City of Vallejo, Robert Nichelini, Jeremie Patzer, Tom Liddicoet, and David Jackson's (collectively "Defendants") Motion to Dismiss (Doc. #34) Plaintiff Andrew Washington, Jr.'s, by and through his Guardian ad Litem, Alejandra

65 in that case, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, pages 7-8:

> "California law authorizes tolling of the two year statute of limitations applicable to Plaintiff's Section 1983 claims due to a plaintiff's minority. See CAL. CIV. PROC. CODE § 352 (providing for tolling in personal injury actions during the period of minority); see also City of Huntington Park, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995) (holding that section 352(a) tolled a minor plaintiff's claims under 42 U.S.C. § 1983). Under section 352, the statute of limitations is tolled during the entire period of minority. CAL. CIV. PROC. CODE § 352(a); accord City of Huntington, 41 Cal. Rptr. 2d 68.
>
> Plaintiff's complaint states that "[a]t all times relevant, Plaintiff [] was a minor and remains a minor at the time of the filing of this First Amended Complaint." FAC ¶ 9. Applying the underlying California statute of limitations and tolling provisions to Plaintiff's Section 1983 claims, Plaintiff's complaint should not be dismissed as untimely because his causes of action under Section 1983 are tolled due to his minority. See City of Huntington Park v. Superior Court, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995)."

As Plaintiff's Complaint in this action clearly sets forth in paragraph 3, V.W. was a minor at the time of the incident and up to the filing of the lawsuit (though she has now reached the age of majority).  In any event, Defendants would be arguing about a three-day window, when the lawsuit was timely filed regardless on June 15, 2012. Defendants are hereby put on notice that Minor Plaintiff did not reach the age of majority during that three-day window. Plaintiff's counsel would view any motion brought by the defense to dismiss this action alleging non-compliance with the statute of limitations as an abuse of process and frivolous, sanctionable pursuant to FRCP 11, and would seek appropriate relief.

Respectfully submitted

Dated:  August 27, 2013     **LAW OFFICES OF JOHN L. BURRIS**


_/s/Benjamin Nisenbaum_
Benjamin Nisenbaum
Attorney for Plaintiffs

---

Raya ("Plaintiff"), First Amended Complaint ("FAC") (Doc. 27) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)."