1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY: FURAH Z. FARUQUI**
   Deputy City Attorney, SBN 233083
3  **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA  94590
5  Tel:    (707) 648-4545
6  Fax:    (707) 648-4687

7  Attorneys for Defendants (in their individual capacity):  ROBERT NICHELINI, BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK
8
9

10                        UNITED STATES DISTRICT COURT
11            EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as a Successor in Interest of Decedent MICHAEL WHITE,<br><br>             Plaintiffs,<br><br>    vs.<br><br>ROBERT NICHELINI, individually; BARRY BOERSMA, individually; RAUL MUNOZ, individually; HERMAN ROBINSON, individually; JOHN CUNNINGHAM, individually; MIKE KOUTNIK, individually; and DOES 6-25, individually,<br><br>             Defendants. | Case No.  2:12-CV-01629-LKK-AC<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Date:          November 25, 2013<br>Time:         2:00 p.m.<br>Courtroom:  4, District Judge Carlton<br><br>(Amended Complaint Filed: 10-25-13) |

    In accordance with the Court's September 11, 2013, Minute Order setting a Scheduling Conference for November 25, 2013, Defendants ROBERT NICHELINI, BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK, in their individual capacities, submit the following Status Report:

//

**(a)    Names of the Parties Counsel Represents**

Defendants Robert Nichelini, Barry Boersma, Raul Munoz, Herman Robinson, John Cunningham and Mike Koutnik, in their individual capacities.

**(b)    Summary of Facts and Characterization of Legal Theories**

On Tuesday, June 15, 2010, at 4:24 p.m., Vallejo Police officers responded to a 911 call from an elderly female who reported that Michael White (the Decedent) had assaulted her at her front door and then fled across the street into a residence. The victim told the Officers that Mr. White was acting out of control and appeared to be under the influence of narcotics. Officers responded to the scene of the felony assault and then contacted Mr. White at the residence across the street from the elderly victim. White refused to comply with the Officers' instructions and became violent with the Officers. A struggle ensued in which White appeared to be attempting to ingest suspected narcotics. Officers attempted several control techniques which included the deployment of Tasers. After several minutes, the Officers were able to subdue Mr. White. He was taken outside and assessed by on-scene paramedics. White was placed on a gurney and transported to Kaiser Hospital where he was later pronounced dead.

**1.    Plaintiff's Complaint**

Plaintiff filed a First Amended Complaint on October 25, 2013, adding Vallejo Police Officers BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK, as Defendants, in their individual capacity.

Plaintiff's First Cause of Action (42 U.S.C § 1983) asserts the following:

(a) The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

(b) The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

(c) The right to be free from unlawful conscience shocking force as secured by the Fourteenth Amendment; and

(d) The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each

other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

(Complaint, 8:3-12.)

Plaintiff's Second Cause of Action seeks to impose *Monell* liability.  Plaintiff's Third, Fourth and Fifth Causes of Action are premised on California law and claim an entitlement to relief under Civil Code § 52.1 (The *Bane* Act), and also attempt to allege claims of Negligence and Assault and Battery.

### 2. The City's Response and Defenses to Liability

Defendants contend that this entire lawsuit is barred by the Statute of Limitations. Additionally, Defendants dispute liability and contends that its officers acted reasonably and appropriately in bringing the Decedent under control.

Defendants assert that the force used to overcome the Decedent's resistance was reasonable.

Defendants deny that the force used to bring the decedent under control was excessive.

Defendants further assert that the individual officers have qualified immunity from liability for matters set forth in the Complaint.

Defendants assert that any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

Defendants assert that any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

Defendants also allege that the Plaintiff has not established standing to sue because she has not submitted the requisite declaration and death certificate required by California Code of Civil Procedure § 377.32.

Defendants contend that to the extent Plaintiff attempts to allege State claims, they are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4.

1  Defendants assert that Plaintiff is not entitled to punitive damages, because punitive
2 damages are unconstitutional and violate the Defendants' right to due process and equal
3 protection.

**(c)    Progress in Service of Process**

Plaintiff has recently amended his Complaint. Defendants will accept service on their behalf at the time they answer the Complaint.

(**d)    Possible Joinder of Additional Parties**

None anticipated by Defendants.

**(e)    Amendment of the Pleadings**

None anticipated by Defendants.

**(f)    Statutory Basis for Jurisdiction and Venue**

Jurisdiction is based upon Title 28 of the United States Code, Sections 1331 and 1343. Defendants however, contend that this court does not have Jurisdiction because the Statute of Limitations for the State causes of action have elapsed.

**(g)    Anticipated Motions**

Defendants will contend that Plaintiff has failed to establish standing to sue.

Assuming the jurisdictional issues are not dispositive, the Defendants anticipate filing a Motion for Summary Judgment.

**(h)    Anticipated Discovery and Scheduling**

Defendants are amenable to conducting written discovery pursuant to code.  Defendants do not believe a discovery conference is required.

 **(i)    Future Proceedings**

Cut Off Date for Discovery

Discovery should be completed sixty (60) days before trial.

*Timing of Disclosure of Expert Witnesses*

Ninety (90) days prior to trial.

Proposed Motion Cut-Off Date

Thirty (30) days prior to trial.

Pre-Trial Conference

Thirty (30) days prior to trial.

Trial

To the extent the Court is inclined to move forward, Defendant proposes a trial date in October of 2015.

**(j)    Appropriateness of Special Procedures**

None anticipated.

**(k)    Jury Demand**

Defendant demands a jury.

**(l)    Estimated Trial Time**

Ten (10) days.

**(m)    Modification of Standard Pretrial Procedures**

None needed.

**(n)    Related Cases**

None.

**(o)    Stipulation**

Defendants prefer that any settlement conference occur with a judge, other than that assigned to handle the matter at trial.


DATED:  November 13, 2013                    Respectfully submitted,


*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
ROBERT NICHELINI, BARRY BOERSMA,
RAUL MUNOZ, HERMAN ROBINSON,
JOHN CUNNINGHAM and MIKE KOUTNIK