JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, ) Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers DOES 1-25, individually, jointly and severally, <br><br> Defendants. | Case No. 2:12-cv-01629-LKK-GGH <br><br> **PLAINTIFFS' UPDATED STATUS REPORT** <br><br> **TIME: 1:30 p.m.** <br> **DATE: 11/25/2013** <br> **Chambers/Courtroom No. 4** <br><br> **Honorable Lawrence K. Karlton** <br><br> **TELEPHONIC** |

Plaintiffs hereby respectfully submit their updated status report for the upcoming status conference in the above noted action, as follows:

a.   Names of Parties and Respective Counsel:

<u>Plaintiff:</u> V.W., who is now an adult, was a minor at the time of the subject incident.  Her Guardian Ad Litem is her mother, Tenaya Barber, represented in this action by John L. Burris,

Ben Nisenbaum, Law Offices of John L. Burris, Airport Corporate Centre, 7677 Oakport Street, Suite 1120, Oakland, California 94621.

Plaintiffs' counsel requests they be allowed to appear telephonically, and will place the call to chambers number (916) 930-4130 from (510) 839-5200.

b. Summary of Facts:

On June 15, 2010, at about 4:24 p.m., in the City of Vallejo, Vallejo Police Department Officers Defendants BOERSMA, MUNOZ, ROBINSON, and CUNNINGHAM responded to a 911 call. Defendant Officers made contact with Decedent MICHAEL WHITE where he lived at a friend's house that lives directly across the street from the person who called 911.  Defendants entered the home of Decedent's friend, where Decedent was locked inside a bathroom.  Defendants contacted Decedent and at least Defendants BOERSMA, MUNOZ and CUNNINGHAM tased decedent repeatedly and in a prolonged manner while restraining decedent.  Decedent was subdued during the restraint and tasing, which lasted several minutes.  Defendant BOERSMA applied a carotid restraint to Decedent during the restraint.  Defendant KOUTNIK arrived at some point, and participated in the unreasonable and excessive restraint of Decedent.  The restraint of Decedent, conducted while decedent was in a prone position, included weight force compression of Decedent's back and chest area, which impaired Decedent's ability to breathe.  The tasting of Decedent occurred in close proximity to the heart.

Defendants claimed that Decedent was swallowing drugs as partial justification for their use of excessive force, but that claim was revealed to be untrue when Decedent's body was examined at the hospital shortly after the subject-incident. Though Decedent's blood tested presumptively positive for cocaine intoxication, there was no evidence that Decedent had any object or obstruction in his airway, and no remnants of any object or obstruction, or any drugs whatsoever, were present.

Defendants BOERSMA, MUNOZ, ROBINSON, CUNNINGHAM and KOUTNIK used excessive force against Decedent, including unreasonable restraints and the unreasonable use of and unreasonably prolonged exposure to the Taser.  Decedent collapsed during the restraint and tasing. Defendant CUNNINGHAM first noticed that Decedent was not breathing properly after Defendant BOERSMA applied the carotid restraint.  Decedent posed no threat of serious physical harm to

anyone prior to or during the restraint. The restraint of Decedent continued excessively even after Decedent was handcuffed.

Decedent was carried out of the residence by Defendants, in handcuffs and a hobble, and placed on a stretcher, where Decedent was noted to be dead.  Plaintiffs allege Decedent was dead when Defendants carried him out of the house.  Decedent ultimately was pronounced dead at Kaiser Hospital in Vallejo as a consequence of the unreasonable use of force, including excessive tasing and unreasonable restraint and excessive force.

The City of Vallejo later claimed Decedent died from "Excited Delirium," and was exhibiting signs of so-called "Excited Delirium" when Defendant Officers responded to Decedent.  Prior to the subject-incident, Taser International specifically warned all of its users against prolonged exposure to the Taser in people suffering symptoms of so-called "Excited Delirium."  In fact, death by "Excited Delirium" has been cited as an alternative to asphyxiation during the course of restraint.  "Excited Delirium" deaths are preventable, and reasonable police officers are trained to consider the symptoms of "Excited Delirium" when restraining, using a taser, or otherwise using force against a subject. In this case, Defendants unreasonably disregarded any symptoms of alleged Excited Delirium Decedent may have been exhibiting, if any.  Decedent did not die from Excited Delirium, but from asphyxiation and excessive or unreasonable tasing.

Decedent was vastly outnumbered by defendants, at least 4 to 1, and never posed a serious or immediate threat to any person.

Troublingly to Plaintiffs' counsel, the lead reporting officer in this officer-involved death is well known to Plaintiffs' counsel following his similar capacity in a dog-biting case that occurred on February 22, 2004.  In that case, Corporal Garcia fabricated his police report of a statement he took from the victim of a Vallejo police dog bite.  The fabricated statement claimed the victim placed blame for the dog bite on herself and her boyfriend, and placed blame for her boyfriend being beaten by Vallejo police with a baton.  However, Corporal Garcia secretly recorded his conversation with the victim of the dog bite, which occurred while the victim of the dog bite was in the hospital being treated for the dog bite. The secret recording was eventually obtained by Plaintiff's instant counsel, and demonstrates that the victim never made the statement attributed to her by Corporal Garcia, who repeatedly attempted to lead her into making statements absolving Vallejo police officers. Though the

victim steadfastly refused to adopt Corporal Garcia's solicitations, Corporal Garcia went ahead and knowingly falsely prepared his report of her statement as if she had made the admissions she steadfastly denied and maintained the opposite of.  Defendant NICHELINI was factually aware of all of this misconduct by Corporal Garcia.  Corporal Garcia in fact trained Vallejo police officers in how to write police reports.  Plaintiff's counsel deposed Defendant NICHELINI in that case.  NICHELINI refused to acknowledge any wrongdoing by Corporal Garcia, defended Corporal Garcia's misconduct, and stated that no remedial measures would be taken against him.  The fact that Corporal Garcia was the lead reporting officer in this matter is concerning.  This is all relevant to Plaintiff's *Monell* claims as well as the credibility of any evidence obtained in the course of the CITY's investigation into this matter.

Plaintiffs allege causes of action for violation of Federal civil rights section 1983 based on excessive force causing wrongful death, 14th amendment deprivation of familial relationship, *Monell* violations, and related state-law causes of action, including wrongful death negligence, assault and battery, and violation of state civil rights, including civil code sections 52.1 and 51.7.

c.  Service of Process:

All parties have been served.

d.  Joinder of additional parties:

Plaintiffs will join additional parties should the culpability of additional parties become known in discovery.

e. Amendment of Pleadings:

Plaintiffs filed a First Amended Complaint on October 25, 2013, naming previously unidentified Defendant Officer DOES and setting forth their culpability.

f. Jurisdiction and Venue:

42 U.S.C. §1983 §1331 and §1343.

g. Anticipated Motions:

Plaintiffs will seek discovery of Defendant Officers personnel records under a stipulated protective order. Absent stipulation, Plaintiffs will bring the appropriate discovery motions for discovery of Defendant Officers' personnel records.

h. Anticipated Discovery and Scheduling:

As noted in g, herein, Plaintiffs will seek discovery of defendant officers' personnel records, written discovery pursuant to code.  Plaintiffs have submitted request for production of documents to Defendant CITY, which remain outstanding.

Plaintiff requests fact discovery cut-off 120 days before the commencement of trial; expert witnesses and opening reports to be disclosed 120 days prior to the commencement of trial, with expert discovery closing 90 days prior to the commencement of trial.

i.  Future proceedings:

Plaintiffs requests a trial date in September 2014 or thereafter.

j.  Special procedures:

The parties do not consent to trial before a magistrate judge.

k.  Jury demand:

All parties demand a jury trial.

l.  Estimated trial time:

5-7 court days.

m.  Modification of Standard Pretrial Procedures:

None requested.

n.  Related cases:

None.

o.  Stipulation:

None.

p.  VDRP

Plaintiffs request mediation through the Court's VDRP program, or a settlement conference with a magistrate judge.

q.  Other matters

Despite Defendants' efforts to have this case discharged in its totality by Defendant CITY's bankruptcy, the Court has ruled that neither Defendant NICHELINI, nor any of the non-bankrupt Defendant Officer DOES are subject to the bankruptcy of Defendant CITY OF VALLEJO.   Defendants' next tactic appears to be to claim that the case is barred by the statute

of limitations, as it was apparently filed on the Monday (per ECF docket entry #1 June 18, 2012) after the two year statute of limitations would have expired on the previous Friday, given the incident occurred on June 15, 2010. There are two problems with this assertion: The first is that Plaintiff's counsel filed the case on Friday, June 15, 2012, but it was not processed by ECF until the following Monday, June 18, 2012. Plaintiffs possess an email from the Eastern District's ECF website noting that the case was filed on June 15, 2012 at 9:14 p.m. PDT.

More importantly, it's a totally moot point since the only real party Plaintiff in the case, V.W., was a minor at the time of the subject-incident, thus her statute of limitations was tolled. Defendant CITY has already lost this argument on this very basis in another case, <u>Washington v. Taser International, et al.</u>[1] Eastern District case no. 2:05-cv-00881 JAM DAD, see document no. 65 in that case, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, pages 7-8:

> "California law authorizes tolling of the two year statute of limitations applicable to Plaintiff's Section 1983 claims due to a plaintiff's minority. See CAL. CIV. PROC. CODE § 352 (providing for tolling in personal injury actions during the period of minority); see also City of Huntington Park, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995) (holding that section 352(a) tolled a minor plaintiff's claims under 42 U.S.C. § 1983). Under section 352, the statute of limitations is tolled during the entire period of minority. CAL. CIV. PROC. CODE § 352(a); accord City of Huntington, 41 Cal. Rptr. 2d 68.
>
> Plaintiff's complaint states that "[a]t all times relevant, Plaintiff [] was a minor and remains a minor at the time of the filing of this First Amended Complaint." FAC ¶ 9. Applying the underlying California statute of limitations and tolling provisions to Plaintiff's Section 1983 claims, Plaintiff's complaint should not be dismissed as untimely because his causes of action under Section 1983 are tolled due to his minority. See City of Huntington Park v. Superior Court, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995)."

---

[1] Defendant CITY OF VALLEJO, which was eventually joined with Taser as a defendant in <u>Washington</u>, brought the motion to dismiss. See page 1 of Judge Mendez's Order: "This matter comes before the Court on Defendants City of Vallejo, Robert Nichelini, Jeremie Patzer, Tom Liddicoet, and David Jackson's (collectively "Defendants") Motion to Dismiss (Doc. #34) Plaintiff Andrew Washington, Jr.'s, by and through his Guardian ad Litem, Alejandra Raya ("Plaintiff"), First Amended Complaint ("FAC") (Doc. 27) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)."

As Plaintiff's Complaint in this action clearly sets forth in paragraph 3, V.W. was a minor at the time of the incident and up to the filing of the lawsuit, (though she has now reached the age of majority).  In any event, Defendants would be arguing about a three-day window, when the lawsuit was timely filed regardless on June 15, 2012. Defendants are hereby put on notice that Minor Plaintiff did not reach the age of majority during that three-day window. Plaintiff's counsel would view any motion brought by the defense to dismiss this action alleging non-compliance with the statute of limitations as an abuse of process and frivolous, sanctionable pursuant to FRCP 11, and would seek appropriate relief.  At the last status conference in this case, Defense counsel asserted that the case may be statute of limitations-barred on the state law claims, but not on the Federal claims.  However, government code claims were timely filed, and the statue of limitations for Federal claims is based on state law. There is no colorable statute of limitations issue in this case.

Respectfully submitted,

Dated:  November 14, 2013                    **The Law Offices of John L. Burris**


/s/*Benjamin Nisenbaum*
Ben Nisenbaum
Attorney for Plaintiffs