1  **CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
2  **BY:  FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
3  **CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA  94590
Tel:    (707) 648-4545
5  Fax:    (707) 648-4687
6

7  Attorneys for Defendants (in their individual capacity):  ROBERT NICHELINI, BARRY
BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE
8  KOUTNIK

9

10              **UNITED STATES DISTRICT COURT**

11      **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

12

13  V.W., a minor, by and through her Guardian          Case No.  2:12-CV-01629-LKK-AC
Ad Litem, Tenaya Barber, Individually and as
14  a Successor in Interest of Decedent
MICHAEL WHITE,
15                                                      **ANSWER TO PLAINTIFF'S FIRST**
**AMENDED COMPLAINT FOR**
16                  Plaintiffs,                         **DAMAGES AND DEMAND FOR JURY**
**TRIAL**
17          vs.

18  ROBERT NICHELINI, individually; BARRY
19  BOERSMA, individually; RAUL MUNOZ,
individually; HERMAN ROBINSON,
20  individually; JOHN CUNNINGHAM,
individually; MIKE KOUTNIK, individually;
21  and DOES 6-25, individually,

22                  Defendants.

23

24

25          Defendants  ROBERT  NICHELINI,  BARRY  BOERSMA,  RAUL  MUNOZ,  HERMAN

26  ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK (hereinafter referred to collectively

27  as "Defendants") answer Plaintiff's First Amended Complaint for Damages as follows:

28

**JURISDICTION**

1.      Answering paragraph 1, Defendants admit only that Plaintiff has standing and that jurisdiction is proper, but deny the remaining allegations.

**INTRADISTRICT ASSIGNMENT**

2.      Answering paragraph 2, Defendants admit only that this action is properly assigned to the Sacramento Division, but deny the remaining allegations.

**PARTIES AND PROCEDURE**

3.      Answering paragraph 3, Defendants deny the allegations for lack of information and belief.

4.      Answering paragraph 4, Defendants admit that California Code of Civil Procedure §§ 377.20 and 377.60 provide for survival and wrongful death action and that 42 U.S.C. §§ 1983 and 1988 are federal statutes but deny the remaining allegations based on lack of information and belief.

5.      Answering paragraph 5, Defendants admit the allegations that Chief Robert Nichelini was employed by the City of Vallejo as Chief of Police for the City, and was acting within the course and scope of that employment. Defendants also admit that Plaintiff is attempting to sue Defendant Nichelini in his individual capacity.  Defendants, however, deny the remaining allegations of the paragraph.

6.      Answering paragraph 6, Defendants admit that Defendant Boersma was employed by the City of Vallejo as a police officer for the City, and was acting within the course and scope of that employment.  Defendants also admit that Plaintiff is attempting to sue Defendant Boersma in his individual capacity.

7.      Answering paragraph 7, Defendants admit that Defendant Munoz was employed by the City of Vallejo as a police officer for the City, and was acting within the course and scope of that employment. Defendants also admit that Plaintiff is attempting to sue Defendant Munoz in his individual capacity.

8.      Answering paragraph 8, Defendants admit that Defendant Robinson was employed by the City of Vallejo as a police officer for the City, and was acting within the course

Case No. 2:12-CV-01629-LKK-AC

ANSWER TO
PLAINTIFF'S FIRST
AMENDED COMPLAINT

and scope of that employment. Defendants also admit that Plaintiff is attempting to sue Defendant Robinson in his individual capacity.

9.      Answering paragraph 9, Defendants admit that Defendant Cunningham was employed by the City of Vallejo as a police officer for the City, and was acting within the course and scope of that employment.  Defendants also admit that Plaintiff is attempting to sue Defendant Cunningham in his individual capacity.

10.      Answering paragraph 10, Defendants admit that Defendant Koutnik was employed by the City of Vallejo as a police officer for the City, and was acting within the course and scope of that employment.  Defendants also admit that Plaintiff is attempting to sue Defendant Koutnik in his individual capacity.

11.      Answering paragraph 11, Defendants deny the allegations for lack of information and belief.

12.      Answering paragraph 12, Defendants deny the allegations for lack of information and belief.

13.      Answering the first sentence of paragraph 13, Defendants admit the allegations, but however, deny the remaining allegations of the paragraph.

14.      Answering paragraph 14, Defendants deny the allegations.

15.      Answering paragraph 15, Defendants deny the allegations for lack of information and belief.

16.      Answering paragraph 16, Defendants admit the allegations.

17.      Answering paragraph 17, Defendants deny the allegations.

18.      Answering paragraph 18, Defendants admit the statement as a general principle of law.

## GENERAL ALLEGATIONS

19.      Answering paragraph 19, Defendants incorporate all responses in this Answer as if fully set forth herein.

20.      Answering paragraph 20, Defendants admit that on June 15, 2010, at about 4:24 p.m., the Vallejo Police Department received a 911 call from a female Vallejo resident who

reported that an individual named Michael White had assaulted her and then had retreated to a residence on San Marcus Drive in the City of Vallejo.  Vallejo Police Officers responded to the residence and contacted the suspect who was located inside a bathroom.  The suspect responded violently to the Officers and a struggle ensued.  Defendants deny the remaining allegations of paragraph 16.

21.    Answering paragraph 21, Defendants deny all allegations in this paragraph.

22.    Answering paragraph 22, Defendants deny all allegations in this paragraph.

23.    Answering paragraph 23, Defendants deny all allegations in this paragraph.

24.    Answering paragraph 24, Defendants deny all of the allegations for lack of information and belief as phrased, because among other things, it is unknown what Plaintiff means by the phrases "Defendant CITY later claimed ..." and "so-called "Excited Delirium" and death by "Excited Delirium has been cited as an alternative to asphyxiation."

25.    Answering paragraph 25, Defendants deny the allegations.

26.    Answering paragraph 26, Defendants deny the allegations.

27.    Answering paragraph 27, Defendants deny the allegations.

28.    Answering paragraph 28, Defendants deny the allegations.

29.    Answering paragraph 29, Defendants deny the allegations for lack of information and belief as phrased, because among other things, it is unknown what plaintiffs mean by " ... well documented and generally accepted ..."

30.    Answering paragraph 30, Defendants do not know what Plaintiff means by "prolonged or continuous exposure(s)" and thus deny the first sentence for lack of information and belief.  The Document referred to at lines 17-25 speaks for itself and the Defendants cannot admit or deny the contents therein.  Defendants deny the remaining allegations for lack of information and belief.

31.    Answering paragraph 31, Defendants deny the allegations.

32.    Answering paragraph 32, Defendants deny the allegations.

33.    Answering paragraph 33, Defendants deny the allegations.

34.    Answering paragraph 34, Defendants deny the allegations.

35.   Answering paragraph 35, Defendants deny the allegations.

36.   Answering paragraph 36, Defendants deny the allegations.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)
### AGAINST DEFENDANTS BOERSMA, MUNOZ, ROBINSON, CUNNINGHAM, KOUTNIK, and DOES 6-15

37.   Answering paragraph 37, Defendants incorporate all responses in this Answer as if fully set forth herein.

38.   Answering paragraph 38, Defendants deny the allegations.

39.   Answering paragraph 39, Defendants deny the allegations.

40.   Answering paragraph 40, Defendants deny the allegations.

41.   Answering paragraph 41, Defendants deny the allegations.

42.   Answering paragraph 42, Defendants deny the allegations.

## SECOND CAUSE OF ACTION
### (*Monell* – 42 U.S.C. § 1983)
### ALL PLAINTIFFS AGAINST DEFENDANTS NICHELINI, and DOES 16-25

43.   Answering paragraph 43, Defendants incorporate all responses in this Answer as if fully set forth herein.

44.   Answering paragraph 44, Defendants deny the allegations.

45.   Answering paragraph 45, Defendants deny the allegations.

46.   Answering paragraph 46, Defendants deny the allegations.

47.   Answering paragraph 47, Defendants deny the allegations.

48.   Answering paragraph 48, Defendants deny the allegations.

49.   Answering paragraph 49, Defendants deny the allegations.

## THIRD CAUSE OF ACTION
### (Violation of Civil Code § 52.1)
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

50.   Answering paragraph 50, Defendants incorporate all responses in this Answer as if fully set forth herein.

51. Answering paragraph 51, Defendants deny the allegations.

52. Answering paragraph 52, Defendants deny the allegations.

## FOURTH CAUSE OF ACTION
### (Negligence)
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

53. Answering paragraph 53, Defendants incorporate all responses in this Answer as if fully set forth herein.

54. Answering paragraph 54, Defendants deny the allegations.

55. Answering paragraph 55, Defendants deny the allegations.

56. Answering paragraph 56, Defendants deny the allegations.

57. Answering paragraph 57, Defendants deny the allegations.

58. Answering paragraph 58, Defendants deny the allegations.

59. Answering paragraph 59, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION
### (Assault and Battery)
### ALL PLAINTIFFS AGAINST DEFENDANTS BOERSMA, MUNOZ, ROBINSON, CUNNINGHAM, KOUTNIK, and DOES 6-15

60. Answering paragraph 60, Defendants incorporate all responses in this Answer as if fully set forth herein.

61. Answering paragraph 61, Defendants deny the allegations.

62. Answering paragraph 62, Defendants deny the allegations.

63. Answering paragraph 63, Defendants deny the allegations.

## RELIEF REQUESTED

Wherefore, Defendants ROBERT NICHELINI, BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK  pray for judgment as follows:

1. That Plaintiff takes nothing by his action;

2. That Defendants be awarded the costs of defending this lawsuit;

3. That Defendants be awarded a judgment against the Plaintiff; and

4.      For such other and further relief as this Court deems proper.

**DEMAND FOR JURY**

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.


DATED:  November 18, 2013                    Respectfully submitted,


                                             /s/ Furah Z. Faruqui
                                             FURAH Z. FARUQUI
                                             Deputy City Attorney
                                             Attorney for Defendants,
                                             ROBERT NICHELINI, BARRY BOERSMA,
                                             RAUL MUNOZ, HERMAN ROBINSON,
                                             JOHN CUNNINGHAM and MIKE KOUTNIK