|  |  |
|---|---|
| V. W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers Does 1-25, individually, jointly and severally,<br><br>        Defendants. | No. CIV 12-1629 LKK/AC |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR

AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on November 25, 2013. Benjamin Nisenbaum appeared telephonically as counsel for plaintiffs; Furah Z. Faruqui appeared telephonically as counsel for defendants. After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 42 U.S.C. §§ 1331, 1343, is undisputed, and is hereby found to be proper, as is venue.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARING SCHEDULES**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **December 24, 2014.** The word "completed" in this context means that all law and motion matters must be **heard** by the above date.

1  Because this date is not necessarily a date previously set aside
2  for law and motion hearings, it is incumbent upon counsel to
3  contact this court's courtroom deputy, Ana Rivas at (916) 930-
4  4133, sufficiently in advance so as to ascertain the dates upon
5  which law and motion will be heard and to properly notice its
6  motion for hearing before that date.  Counsel are cautioned to
7  refer to Local Rule 230 regarding the requirements for noticing
8  such motions on the court's regularly scheduled law and motion
9  calendar.  **Opposition or statement of non-opposition to all**
10 **motions shall be filed not later than 4:30 p.m. fourteen (14)**
11 **days preceding the hearing date, or by proof of service by mail**
12 **not less than seventeen (17) days preceding the hearing date.**
13 This paragraph does not preclude motions for continuances,
14 temporary restraining orders or other emergency applications, and
15 is subject to any special scheduling set forth in the
16 "MISCELLANEOUS PROVISIONS" paragraph below.
17      At the time of filing a motion, opposition, or reply,
18 counsel are directed to email a copy in word processing format to
19 lkk-pleadings@caed.uscourts.gov.
20      The parties should keep in mind that the purpose of law and
21 motion is to narrow and refine the legal issues raised by the
22 case, and to dispose of by pretrial motion those issues that are
23 susceptible to resolution without trial.  To accomplish that
24 purpose, the parties need to identify and fully research the
25 issues presented by the case, and then examine those issues in
26 light of the evidence gleaned through discovery.  If it appears
27 to counsel after examining the legal issues and facts that an
28 issue can be resolved by pretrial motion, counsel are to file the

1   appropriate motion by the law and motion cutoff set forth supra.

2   **Unless prior permission has been granted, memoranda of law**
3   **in support of and in opposition to motions are limited to thirty**
4   **(30) pages, and reply memoranda are limited to fifteen (15)**
5   **pages.  The parties are also cautioned against filing multiple**
6   **briefs to circumvent this rule.**

7   Where the parties bring motions for summary judgment, the
8   court will deem facts which are apparently undisputed as
9   undisputed under Fed. R. Civ. P. 56(e), unless specifically
10  reserved and that party tenders evidence to support the
11  reservation.

12  <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
13  PRETRIAL MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL
14  ORDINARILY BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.
15  COUNSEL ARE CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE
16  BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY
17  THE COURT AFTER LAW AND MOTION CUTOFF, FOR INSTANCE WHERE THE
18  ISSUE IS JURISDICTION, SUBSTANTIAL SANCTIONS WILL BE LEVIED
19  AGAINST COUNSEL WHO FAIL TO TIMELY FILE AN APPROPRIATE MOTION.

20  Counsel are further reminded that motions in limine are
21  procedural devices designed to address the admissibility of
22  evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
23  DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF
24  MOTIONS IN LIMINE  AT THE TIME OF TRIAL.

25  **DISCOVERY**

26  No modifications of the discovery requirements found in the
27  Federal Rules is ordered.

28  All discovery is left open, save and except that it shall be

1  so conducted as to be <u>completed</u> by **October 24, 2014**. The word
2  "completed" means that all discovery shall have been conducted so
3  that all depositions have been taken and any disputes relative to
4  discovery shall have been resolved by appropriate order if
5  necessary and, where discovery has been ordered, the order has
6  been complied with. Motions to compel discovery must be noticed
7  on the magistrate judge's calendar in accordance with the local
8  rules of this court and so that such motions will be heard not
9  later than **September 24, 2014**. In this regard, all counsel are
10 to designate in writing and file with the court and serve upon
11 all other parties a final list of the names of all experts that
12 they propose to tender at trial not later than **60 (sixty)** days
13 before the close of discovery herein established. All designated
14 experts shall submit written reports which counsel shall exchange
15 at the time of designation. The contents of the report must
16 comply with Fed. R. Civ. P. 26 (a)(2)(B). All experts so
17 designated are to be fully prepared to render an informed opinion
18 at the time of designation so that they may fully participate in
19 any deposition taken by the opposing party. Experts will not be
20 permitted to testify at the trial as to any information gathered
21 or evaluated, or opinion formed, after deposition taken
22 subsequent to designation.

23   An expert witness not appearing on said lists will not be
24 permitted to testify unless the party offering the witness
25 demonstrates: (a) that the necessity of the witness could not
26 have been reasonably anticipated at the time the lists were
27 exchanged; (b) the court and opposing counsel were promptly
28 notified upon discovery of the witness; and (c) that the witness

was promptly proffered for deposition.

**MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all other parties a brief statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion. The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is **SET** for **March 30, 2015, at 1:30 p.m**. Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its resolution. A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

The parties shall file Separate Pretrial Statements, the contents and timing of which are set forth in Local Rule 281,

except that the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 281(b)(3), (4), and (6). The parties are reminded to include in their joint statement all disputed and undisputed special factual information as required by Local Rule 281(b)(6). Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiffs' Pretrial Statement.

    The undisputed facts and disputed factual issues are to be set forth in two separate sections. In each section, the parties should identify first the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. Each individual disputed fact or factual issue shall include the following introductory language: "Whether or not . . . ." The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. If the case is tried to a jury, the undisputed facts will be read to the jury.

    Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of

1  witnesses and exhibits that they propose to proffer at trial, no
2  matter for what purpose.  These lists shall not be contained in
3  the Pretrial Statement itself, but shall be attached as separate
4  documents to be used as addenda to the Final Pretrial Order.
5  Plaintiffs' exhibits shall be listed **numerically**; defendants'
6  exhibits shall be listed **alphabetically**.  In the event that the
7  alphabet is exhausted, defendants' exhibits shall be marked "2A-
8  2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent
9  standard for the proffering of witnesses and exhibits at trial
10 not listed in the Pretrial Order.  Counsel are cautioned that the
11 standard will be strictly applied.  On the other hand, the
12 listing of exhibits or witnesses which counsel do not intend to
13 call or use will be viewed as an abuse of the court's processes.
14      Pursuant to Local Rule 281(b)(12), a party is required to
15 provide a list of all answers to interrogatories and responses to
16 requests for admission that the party expects to offer at trial.
17 This list should include only those documents or portions thereof
18 which the party expects to offer in its case-in-chief.  Unless
19 otherwise barred by a rule of evidence or order of this court,
20 the parties remain free to tender appropriate discovery documents
21 during trial for such purposes as, but not limited to,
22 impeachment or memory refreshment.
23      Pursuant to Local Rule 281(b)(8), the parties' Pretrial
24 Statements shall contain a "statement of legal theory, etc."
25 Each party shall commence this section by specifying as to each
26 claim whether federal or state law governs, and if state law, the
27 state whose law is applicable.
28      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is **SET** for **June 30, 2015**, at 10:30 a.m. Trial will be by jury. The parties represent in good faith that the trial will take approximately ten (10) days.

**SETTLEMENT CONFERENCE**

A Settlement Conference will be set before a judge other than the trial judge at the time of the Pretrial Conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus,

even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

The parties are reminded of their continuing obligation to supplement their statements relative to the identification of parent corporations and any publicly held company that owns 10% or more of the party's stock within a reasonable time of any change in the information.

The parties are admonished that they are not to cite or refer to any of the quotations inscribed in the pavers on the front plaza of the United States Courthouse in any written or oral presentation to the court or a jury.

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED:  November 25, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT