**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

Attorneys for Defendants (in their individual capacity):  ROBERT NICHELINI, BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as a Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT NICHELINI, individually; BARRY BOERSMA, individually; RAUL MUNOZ, individually; HERMAN ROBINSON, individually; JOHN CUNNINGHAM, individually; MIKE KOUTNIK, individually; and DOES 6-25, individually,<br><br>Defendants. | Case No.  2:12-CV-01629-MCE-AC<br><br>**JOINT STATUS REPORT** |

In accordance with the Court's September 15, 2014, Minute Order, the Parties submit the following Status Report:

/ /

/ /

**(a)     Names of the Parties Counsel Represents**

Defendants Robert Nichelini, Barry Boersma, Raul Munoz, Herman Robinson, John Cunningham and Mike Koutnik, in their individual capacities. Plaintiffs V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber.

**(b)     Summary of Facts and Characterization of Legal Theories**

**<u>Plaintiffs' allegations:</u>**

On June 15, 2010, at about 4:24 p.m., in the City of Vallejo, Vallejo Police Department Officers Defendants BOERSMA, MUNOZ, ROBINSON, and CUNNINGHAM responded to a 911 call. The 911 call was made and communicated to the Defendant Officers that Decedent was acting bizarrely and attempted to choke the caller. However, the caller was clear that she was not injured and that an ambulance was needed specifically for Decedent, not anyone else. The medical emergency nature of the call pertaining to Decedent was clearly communicated to the Defendant Officers. Defendant Officers each testified in deposition that they misunderstood the dispatch report, and assumed the request for an ambulance was for the caller.

Defendant Officers made contact with Decedent MICHAEL WHITE where he lived at a friend's house who lives directly across the street from the person who called 911. Defendants entered the home of Decedent's friend, where Decedent was locked inside a bathroom. Defendants contacted Decedent and at least Defendants BOERSMA, MUNOZ and CUNNINGHAM tased decedent repeatedly and in a prolonged manner while restraining decedent. Decedent was subdued during the restraint and tasing, which lasted several minutes. Defendant BOERSMA applied a carotid restraint to Decedent during the restraint. Defendant KOUTNIK arrived at some point, and also participated in the unreasonable and excessive restraint of Decedent. The restraint of Decedent, conducted while decedent was in a prone position, included weight force compression of Decedent's back and chest area, which impaired Decedent's ability to breathe. The tasting of Decedent occurred in close proximity to the heart. Defendants claimed that Decedent was swallowing drugs as partial justification for their use of excessive force, but that claim was revealed to be untrue when Decedent's body was examined at the hospital shortly after the subject-incident. Though Decedent's blood tested presumptively

1  positive for cocaine intoxication, there was no evidence that Decedent had any object or
2  obstruction in his airway, and no remnants of any object or obstruction, or any drugs whatsoever,
3  were present.

4       Defendants BOERSMA, MUNOZ, ROBINSON, CUNNINGHAM and KOUTNIK used
5  excessive force against Decedent, including unreasonable restraints and the unreasonable use of
6  and unreasonably prolonged exposure to the Taser.  Decedent collapsed during the restraint and
7  tasing.  Defendant CUNNINGHAM first noticed that Decedent was not breathing properly after
8  Defendant BOERSMA applied the carotid restraint.  Decedent posed no threat of serious
9  physical harm to anyone prior to or during the restraint. The restraint of Decedent continued
10 excessively even after Decedent was handcuffed.

11      Decedent was carried out of the residence by Defendants, in handcuffs and a hobble, and
12 placed on a stretcher, where Decedent was noted to be dead.  Plaintiffs allege Decedent was dead
13 when Defendants carried him out of the house.  Decedent ultimately was pronounced dead at
14 Kaiser Hospital in Vallejo as a consequence of the unreasonable use of force, including
15 excessive tasing and unreasonable restraint and excessive force.

16      The City of Vallejo later claimed Decedent died from "Excited Delirium," and was
17 exhibiting signs of so-called "Excited Delirium" when Defendant Officers responded to
18 Decedent.  Prior to the subject-incident, Taser International specifically warned all of its users
19 against prolonged exposure to the Taser in people suffering symptoms of so-called "Excited
20 Delirium."  In fact, death by "Excited Delirium" has been cited as an alternative to asphyxiation
21 during the course of restraint.  "Excited Delirium" deaths are preventable, and reasonable police
22 officers are trained to consider the symptoms of "Excited Delirium" when restraining, using a
23 taser, or otherwise using force against a subject. In this case, Defendants unreasonably
24 disregarded any symptoms of alleged Excited Delirium Decedent may have been exhibiting, if
25 any.  Decedent did not die from Excited Delirium, but from asphyxiation and excessive or
26 unreasonable tasing.

27      Plaintiffs further contend that Defendants were on notice of Decedent's emergency
28 medical condition, but unreasonably ignored it while arresting and using force against Decedent.

**Defendants' contentions:**

On Tuesday, June 15, 2010, at 4:24 p.m., Vallejo Police officers responded to a 911 call from an elderly female who reported that Michael White (the Decedent) had assaulted her at her front door and then fled across the street into a residence. The victim told the Officers that Mr. White was acting out of control and appeared to be under the influence of narcotics. Officers responded to the scene of the felony assault and then contacted Mr. White at the residence across the street from the elderly victim. White refused to comply with the Officers' instructions and became violent with the Officers. A struggle ensued in which White appeared to be attempting to ingest suspected narcotics. Officers attempted several control techniques which included the deployment of Tasers. After several minutes, the Officers were able to subdue Mr. White. He was taken outside and assessed by on-scene paramedics. White was placed on a gurney and transported to Kaiser Hospital where he was later pronounced dead.

### 1. Plaintiff's Complaint

Plaintiff filed a First Amended Complaint on October 25, 2013, adding Vallejo Police Officers BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK, as Defendants, in their individual capacity.

Plaintiff's First Cause of Action (42 U.S.C § 1983) asserts the following:

(a) The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

(b) The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

(c) The right to be free from unlawful conscience shocking force as secured by the Fourteenth Amendment; and

(d) The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

(Complaint, 8:3-12.)

1    Plaintiff's Second Cause of Action is a *Monell* liability claim against Defendant NICHELINI. Plaintiff's Third, Fourth and Fifth Causes of Action are premised on California law for violation of Civil Code section 52.1 and also allege claims of Wrongful Death Negligence and Assault and Battery.

### 2. Defendant's Response and Defenses to Liability

Defendants dispute liability and contend that the officers acted reasonably and appropriately in bringing the Decedent under control.

Defendants assert that the force used to overcome the Decedent's resistance was reasonable.

Defendants deny that the force used to bring the decedent under control was excessive.

Defendants further assert that the individual officers have qualified immunity from liability for matters set forth in the First Amended Complaint.

Defendants assert that any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

Defendants assert that any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

Defendants also allege that the Plaintiff has not established standing to sue because she has not submitted the requisite declaration and death certificate required by California Code of Civil Procedure § 377.32.

Defendants contend that to the extent Plaintiff attempts to allege State claims, they are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4.

Defendants assert that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

//

**(c)    Progress in Service of Process**

All service of process has been completed.

**(d)   Possible Joinder of Additional Parties**

None anticipated by Defendants.

**(e)    Amendment of the Pleadings**

None anticipated by Defendants.

**(f)    Statutory Basis for Jurisdiction and Venue**

Jurisdiction is based upon Title 28 of the United States Code, Sections 1331 and 1343.

**(g)   Anticipated Motions**

Defendants anticipate filing a Motion for Summary Judgment.

**(h)   Anticipated Discovery and Scheduling**

The parties have commenced and concluded depositions of the named parties. The parties have not yet conducted witness depositions or persons most knowledgeable along with expert witnesses.

**(i)    Future Proceedings**

<u>Cut Off Date for Discovery</u>

Discovery should be completed sixty (60) days before trial.  Plaintiffs contend that all discovery should close 90 days before the start of trial, with expert witness designations no later than 120 days before the trial.

*Timing of Disclosure of Expert Witnesses*

Ninety (90) days prior to trial.  Plaintiffs contend expert witnesses should be designated 120 days before trial.

<u>Proposed Motion Cut-Off Date</u>

Thirty (30) days prior to trial.  Plaintiffs contend dispositive motions should be heard not less than 60 days before trial.

<u>Pre-Trial Conference</u>

Thirty (30) days prior to trial.

/ /

1     Trial

To the extent the Court is inclined to move forward, Defendants propose a trial date in October of 2016. Plaintiffs request an earlier trial date. Discovery is nearly complete in this case; Plaintiffs are ready to move forward. Plaintiffs recognize the Court's impacted calendar, and request a trial date in late 2015.

**(j)**     **Appropriateness of Special Procedures**

None anticipated.

**(k)**     **Jury Demand**

The parties demand a jury.

**(l)**     **Estimated Trial Time**

Fifteen (15) days.

**(m)**     **Modification of Standard Pretrial Procedures**

None needed.

**(n)**     **Related Cases**

None.

**(o)**     **Stipulation**

Defendants prefer that any settlement conference occur with a judge, other than that assigned to handle the matter at trial.

DATED: September 29, 2014

                                                           */s/ Furah Z. Faruqui*
                                                           FURAH Z. FARUQUI
                                                           Deputy City Attorney
                                                           Attorney for Defendants, ROBERT NICHELINI, BARRY BOERSMA, RAUL MUNOZ, HERMAN ROBINSON, JOHN CUNNINGHAM and MIKE KOUTNIK

DATED: September 29, 2015

                                                           /s/*Ben Nisenbaum*
                                                           BEN NISENBAUM, ESQ.
                                                          Attorney for Plaintiffs,
                                                          V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber

Case No.  2:12-CV-01629-MCE-AC                                                    JOINT STATUS REPORT

- 7 -