EXHIBIT D

1

John L. Burris, SBN 69888

2

Ben Nisenbaum, SBN 222173
**LAW OFFICES OF JOHN L. BURRIS**

3

Airport Corporate Centre
7677 Oakport Street, Suite 1120

4

Oakland, CA 94621

5

(510) 839-5200
(510) 839-3882 *fax*

6

7

Attorneys for Plaintiff

8

RECEIVED

JUL – 8 2014

CITY ATTORNEY'S OFFICE
CITY OF VALLEJO

9

**UNITED STATES DISTRICT COURT**

10

**EASTERN DISTRICT OF CALIFORNIA**

11

12

No.  C12-1629 LLK GGH

13

V.W., et al.

RESPONSE TO DEFENDANT'S
SPECIAL INTERROGATORIES

14

Plaintiff,

15

v.

SET ONE

16

CITY OF VALLEJO, et al.,

17

Defendants.

18

19

PROPOUNDING PARTY: Defendant, RAUL MUNOZ

20

RESPONDING PARTY: Plaintiff, VIVIAN WHITE

21

22

SET NO.: ONE

23

INTRODUCTION

24

In responding to these Interrogatories, propounding party has been

25

furnished with such information as is presently available to responding party, which may

26

include hearsay and other forms of information, which are neither reliable nor

27

admissible in evidence.  Responding parties reserve all objections relating to

28

inadmissible evidence, reserves the right to introduce at trial evidence which is

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES SET ONE

presently unknown to it and/or discovered subsequent to the date of these responses, and reserves the right to amend these responses without motion at any time.

It should be noted that this responding parties has not fully completed its discovery in this action.  Therefore, to the extent Plaintiff subsequently obtains that additional information.  Plaintiff reserves the right to introduce any such evidence or information at the time of trial.

All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding parties, and disclose only those contentions which presently occur to such responding parties.  It is also anticipated that further discovery, including expert witness discovery, independent investigation by experts, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the answers set forth herein.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding parties may later recall.  Responding parties accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.  The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of responding party in relating to further discovery, research or analysis.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES SET ONE

Responding parties object to these Interrogatories to the extent that they exceed the numerical limitations on Interrogatories due to their compound nature.

INTERROGATORY RESPONSES

INTERROGATORY NO 1:

Please state any and all facts you possess regarding the alleged misconduct of Defendant R. MUNOZ on the night of the subject incident.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects that discovery is incomplete, and Defendants' depositions have not been taken yet. Notwithstanding the objection, Plaintiff responds as follows:

Based on information and belief, on June 15, 2010, at about 4:24 p.m., the Vallejo Police officers, including MUNOZ, were dispatched to the home of a friend of Michael White who lived directly across the street from White through a 911 call. MUNOZ and other officers entered the home of the friend, where White was had locked himself in a bathroom. MUNOZ and other officers made contact with White and tased him while restraining him. White was subdued during the restraint and tasing, which lasted several minutes. MUNOZ and other officers violated the civil rights of White by use of unreasonable force in restraining and tasing him. The unreasonable restraints, unreasonable use of force and prolonged exposure to the Taser created a severe health issue for the father of V.W. Michael White then collapsed during the restraining and tasing. He ultimately died at Kaiser Hospital in Vallejo as a consequence of the violation of his civil rights by use of unreasonable force by MUNOZ and other officers.

INTERROGATORY NO 2:

Please state any and all witnesses with knowledge regarding the alleged misconduct of Defendant R. MUNOZ the night of the subject manner.

RESPONSE TO INTERROGATORY NO. 2:

Robert Nichelini, Retired Vallejo Police Chief; John Cunningham, Vallejo Police; Herman Roberson, Vallejo Police; Barry Bergsma, Vallejo Police Raul Munoz; Vallejo Police; Jim Melville, Vallejo Police; Mike Koutnik, Vallejo Police; Tenaya Shanise Barber, 348 Bw Williams Drive, Vallejo, CA  94589; Vivian White, 348 Bw Williams Drive, Vallejo, CA 94589; Nick Weiss, Vallejo Police; and Linda Villasenor.

INTERROGATORY NO 3:

Please describe any and all documents you possess regarding the alleged misconduct of Defendant J. Cunningham on the night of the subject incident.

RESPONSE TO INTERROGATORY NO. 3:

Vallejo Police Department Police Report; Chronicle News Paper dated June 18, 2010 written by Henry Lee titled "Vallejo Police Use Taser on Man Who Later Dies"; Electronic Village e-news dated June 15, 2010, entitled "Taser Death: Michael White (Vallejo, CA); Vallejo Police Department Press Release dated June 16, 2-010 pertaining to the Cause of Death Determined of Michael White; Evidence Property Management for Case No: 1007024.

Dated: June 25, 2014

Ben Nisenbaum, Esq.
Attorney for Plaintiff

RECEIVED

PROOF OF SERVICE

JUL – 8 2014

V.W., successor-in-interest,

CITY ATTORNEY'S OFFICE

v.

CITY OF VALLEJO

CITY OF VALLEJO, et al.,

Case No. : C13-1408 PJH

Select one:

[ X ] I declare that I am over the age of eighteen (18) years and not a party to this action.
My address is 7677 Oakport Street, Oakland, CA  94621

[X ] **U.S. MAIL SERVICE.**  On June 25, 2014, I  served the documents listed
below to by hand delivering a true copy to the address as follows:

Vallejo Office of the Ctiy Attorney
555 Santa Clara Street
Vallejo, CA  94590

I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed on June 25, 2014, at Oakland, California.

Maxine Johnson, Paralegal
Law Offices of John L. Burris

Attachments:
Responses to the Special Interrogatories, Set One To V.W. from B. Boenrsma

Responses to the Special Interrgatories, Set One to V.W. from R. Munoz

Responses to the Special Interratories, Set One to V.W. from J.Cunningham

Response to the Special Inteerogatories, Set One to V.W. from H. Robinson