# EXHIBIT E

John L. Burris, SBN 69888
Ben Nisenbaum, SBN 222173
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
(510) 839-5200
(510) 839-3882 *fax*

Attorneys for Plaintiff

RECEIVED

AUG 0 7 2014

CITY ATTORNEY'S OFFICE
CITY OF VALLEJO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

V.W., et al.

     Plaintiff,

v.

CITY OF VALLEJO, et al.,

     Defendants.

No.  C12-1629 LLK GGH

RESPONSE TO DEFENDANT'S
SPECIAL INTERROGATORIES

SET ONE

PROPOUNDING PARTY: Defendant, MIKE KOUTNIK

RESPONDING PARTY: Plaintiff, VIVIAN WHITE

SET NO.: ONE

### INTRODUCTION

In responding to these Interrogatories, propounding party has been

furnished with such information as is presently available to responding party, which may

include hearsay and other forms of information, which are neither reliable nor

admissible in evidence.  Responding parties reserve all objections relating to

inadmissible evidence, reserves the right to introduce at trial evidence which is

presently unknown to it and/or discovered subsequent to the date of these responses, and reserves the right to amend these responses without motion at any time.

It should be noted that this responding parties has not fully completed its discovery in this action.  Therefore, to the extent Plaintiff subsequently obtains that additional information.  Plaintiff reserves the right to introduce any such evidence or information at the time of trial.

All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding parties, and disclose only those contentions which presently occur to such responding parties.  It is also anticipated that further discovery, including expert witness discovery, independent investigation by experts, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the answers set forth herein.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding parties may later recall.  Responding parties accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.  The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of responding party in relating to further discovery, research or analysis.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES SET ONE

2

Responding parties object to these Interrogatories to the extent that they exceed the numerical limitations on Interrogatories due to their compound nature.

## INTERROGATORY RESPONSES

INTERROGATORY NO 1:

Please state any and all facts you possess regarding the alleged misconduct of Defendant M. KOUTNIK on the night of the subject incident.

*RESPONSE TO INTERROGATORY NO. 1:*

Plaintiff objects that discovery is incomplete, and Defendants' depositions have not been taken yet. Notwithstanding the objection, Plaintiff responds as follows:

Based on information and belief, on June 15, 2010, at about 4:24 p.m., the Vallejo Police officers, including KOUTNIK were dispatched to the home of a friend of Michael White who lived directly across the street from White through a 911 call. BOERSMA and other officers entered the home of the friend, where White was had locked himself in a bathroom.  KOUTNIK and other officers made contact with White and tased him while restraining him.  White was subdued during the restraint and tasing, which lasted several minutes.  KOUTNIK and other officers violated the civil rights of White by use of unreasonable force in restraining and tasing him.  The unreasonable restraints, unreasonable use of force and prolonged exposure to the Taser created a severe health issue for the father of V.W.  Michael White then collapsed during the restraining and tasing.  He ultimately died at Kaiser Hospital in Vallejo as a consequence of the violation of his civil rights by use of unreasonable force by BOERSMA and other officers.

INTERROGATORY NO 2:

Please state any and all witnesses with knowledge regarding the alleged misconduct of Defendant M. KOUTNIK on the night of the subject manner.

RESPONSE TO INTERROGATORY NO. 2:

*Robert Nichelini,* Retired Vallejo Police Chief; John Cunningham, Vallejo Police; Herman Roberson, Vallejo Police; Barry Boersma, Vallejo Police Raul Munoz; Vallejo Police; Jim Melville, Vallejo Police; Mike Koutnik, Vallejo Police; Tenaya Shanise Barber, 348 Bw Williams Drive, Vallejo, CA  94589; Vivian White, 348 Bw Williams Drive, Vallejo, CA 94589; Nick Weiss, Vallejo Police; and Linda Villasenor.

INTERROGATORY NO 3:

Please describe any and all documents you possess regarding the alleged misconduct of Defendant M. KOUTNIK on the night of the subject incident.

RESPONSE TO INTERROGATORY NO. 3:

Vallejo Police Department Police Report; Chronicle News Paper dated June 18, 2010 written by Henry Lee titled "Vallejo Police Use Taser on Man Who Later Dies"Electronic Village e-news dated June 15, 2010, entitled "Taser Death: Michael White (Vallejo, CA); Vallejo Police Department Press Release dated June 16, 2-010 pertaining to the Cause of Death Determined of Michael White; Evidence Property Management for Case No: 1007024.

1

2    Dated: August 6, 2014

3                                              Ben Nisenbaum, Esq.
                                               Attorney for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES SET ONE

5

1

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Alameda, State of
2   California. I am over eighteen (18) years of age and not a party to this action. My business
address is 7677 Oakport Street, Suite 1120, Oakland, California 94621.  On the date below, I
3   served the following documents in the manner indicated on the below named parties and /or
counsel of record:

4

5   **PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS (SET ONE)**
*V.W. v. CITY OF VALLEJO, ET AL.*

6

7   ☒   **U.S. Mail,** with First Class postage prepaid and deposited in sealed envelopes at
Oakland, California.
8   ☐   **Facsimile Transmission** from (510) 839-3882 during normal business hours, complete
and without error on the date indicated below, as evidenced by the report issued by the
9   *transmitting facsimile machine to:*
☐   **Hand-Delivery**
10

11

Furah Faruqui, Deputy City Attorney
12  CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
13  Vallejo, California 94590

14

15

16  I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct and that I am readily familiar with this firm's practice for collection and
17  processing of documents for mailing with the U.S. Postal Service.

18

Dated: Wednesday, August 06, 2014        /s/Benjamin Nisenbaum
19                                                      Ben Nisenbaum

20

21

22

23

24

25

26

27

28

29

-1-