# EXHIBIT F

John L. Burris, SBN 69888
Ben Nisenbaum, SBN 222173
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
(510) 839-5200
(510) 839-3882 *fax*

RECEIVED
JUL 30 2014
CITY ATTORNEY'S OFFICE
CITY OF VALLEJO
VIA EMAIL

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

V.W., et al.

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No. C12-1629 LLK GGH

RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES

SET ONE

PROPOUNDING PARTY: Defendant, ROBERT NICHELINI

RESPONDING PARTY: Plaintiff, VIVIAN WHITE

SET NO.: ONE

INTRODUCTION

In responding to these Interrogatories, propounding party has been furnished with such information as is presently available to responding party, which may include hearsay and other forms of information, which are neither reliable nor admissible in evidence. Responding parties reserve all objections relating to inadmissible evidence, reserves the right to introduce at trial evidence which is

presently unknown to it and/or discovered subsequent to the date of these responses, and reserves the right to amend these responses without motion at any time.

It should be noted that this responding parties has not fully completed its discovery in this action. Therefore, to the extent Plaintiff subsequently obtains that additional information. Plaintiff reserves the right to introduce any such evidence or information at the time of trial.

All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding parties, and disclose only those contentions which presently occur to such responding parties. It is also anticipated that further discovery, including expert witness discovery, independent investigation by experts, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the answers set forth herein.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding parties may later recall. Responding parties accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of responding party in relating to further discovery, research or analysis.

Responding parties object to these Interrogatories to the extent that they exceed the numerical limitations on Interrogatories due to their compound nature.

INTERROGATORY RESPONSES

INTERROGATORY NO 1:

Please state any and all facts you possess regarding the alleged misconduct of Defendant R. Nichelini on the night of the subject incident.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff V.W. is now an adult and has the capacity to answer the questions to these Interrogatories. Based on information and belief Plaintiff, Vivian White allege that Defendant, R. Nichelini, ex- chief of Vallejo Police was on notice that prolonged or continuous exposure to the Taser devices' electrical discharge has been proven to cause severe injury and death as it relates to excited delilum. Taser International, the manufacturer of the Taser issued a warning bulletin to all law enforcement agencies published on or about August 28, 2006, while Nichelini was still chief, specifically warning Taser users to avoid prolonged, continuous, extended or repeated Taser use against people. The same warning by Taser also warning bulletin specifically noted that in laboratory tests on anesthetized pigs, repeated Taser exposure cause d cessation of breathing during the taser hits. Therefore, Defendant NICHELINI was on notice that individuals like Michael White who displayed symptoms of exhaustion or an alleged syndrome called "excited delirium" were at risk of breathing impairment caused by the exposure to the Taser.

Robert Nichelini, Ex Chief of Police for the City of Vallejo violated the training and standards for proper and safe straits of a person and in using the Taser repeatedly by his officers. The use of force and prolonged manner in the officers subduing of decedent was in part a consequence of a failure to train Vallejo Police Officers, including each Defendant, by Defendant NICHELINI of the department.

INTERROGATORY NO 2:

Please state any and all witnesses with knowledge regarding the alleged misconduct of Defendant R. Nichelini on the night of the subject manner.

RESPONSE TO INTERROGATORY NO. 2:

Robert Nichelini, Retired Vallejo Police Chief; John Cunningham, Vallejo Police; Herman Roberson, Vallejo Police; Barry Boersma, Vallejo Police Raul Munoz; Vallejo Police; Jim Melville, Vallejo Police; Mike Koutnik, Vallejo Police; Tenaya Shanise Barber, 348 Bw Williams Drive, Vallejo, CA 94589; Vivian White, 348 BW Williams Drive, Vallejo, CA 94589; Nick Weiss, Vallejo Police; and Linda Villasenor the girlfriend.

INTERROGATORY NO 3:

Please describe any and all documents you possess regarding the alleged misconduct of Defendant J. Cunningham on the night of the subject incident.

RESPONSE TO INTERROGATORY NO. 3:

Electronic Village Blogspot news article dated June 15, 2010, "Taser Death: Michael White" (Vallejo, CA"); SF Gate News articles; SFGate.com news article dated June 18, 2010, "Vallejo Police use Taser on Man who later dies."; Vallejo Police Department Case #1007024; Vallejo Police Department Press Release on the death of

Michael White dated June 16, 2010; Evidence Property Management , Evidence Sheet; Nappa Valley Register.com new article dated December 15, 2010, "Man Dies after Vallejo police shoot him with Taser"; Defendants already have in their possession the Solano County Coroner's Report.

INTERROGATORY NO 4:

Itemize (name of provider, date of service) each medical expense which you or anyone acting on your behalf is claiming as damages arising out of the subject incident.

RESPONSE TO INTERROGATORY NO. 4:

Plaintiff does not have in her possession any medical expenses which she or anyone acting on her behalf is claiming as damages arising out of the subject incident.

INTERROGATORY NO. 5:

Please state the amount actual accepted as full payment by each of your medical providers for the expenses incurred by you as a result of the subject incident.

RESPONSE TO INTERROGATORY NO. 5:

At that time, plaintiff was a minor and did not have knowledge of any amounts actually accepted as full payment by each of the medical providers for the expenses incurred by the death of her father in this subject incident that has give rise to this action.

INTERROGATORY NO. 6:

Please identify the Health care providers that made the payments identified in response to Interrogatories No 4 and five.

RESPONSE TO INTERROGATORY NO. 6:

At that time of Michael White's death plaintiff Vivian White was a minor and had no knowledge of any financial issue surrounding the death of her father to heath care providers.

INTERROGATORY NO.7:

Did you receive medicare benefits for any of the injuries that you are claiming as a result of the subject incident.

RESPONSE TO INTERROGATORY NO. 7:

Plaintiff, Vivian White was a minor at the time of the incident and has no knowledge of any Medicare benefits arising out of the subject-incident

INTERROGATORY NO. 8:

Please state the claim number issued by Medicare for any Medicare benefits you received as a result of your injuries sustained in the subject incident.

RESPONSE TO INTERROGATORY NO. 8:

Not applicable.

INTERROGATORY NO. 9:

Please state the name, address and telephone number of any individuals at Medicare that you have death with regarding Medicare benefits you received as a result of your injuries sustained in the subject incident.

RESPONSE TO INTERROGATORY NO. 9:

Plaintiff incorporates her response to interrogatory no. 7 herein.

INTERROGATORY NO. 10:

If you received any medicare benefits as a result of your injuries sustained in the subject incident, what is the total amount of the medicare benefits received to date?

RESPONSE TO INTERROGATORY NO. 10:

Plaintiff incorporates her response to interrogatory no. 7 herein.

INTERROGATORY NO. 12:

Do you attribute any loss of income or earning capacity to the subject incident?

RESPONSE TO INTERROGATORY NO. 12:

No.

INTERROGATORY NO. 13:

Please state: (a) the nature of your work; (b) your job title of the time of the subject incident; and (c) the date of your employment began.

RESPONSE TO INTERROGATORY NO. 13:

Plaintiff was a minor at the time of her father's death Michael White. She is not currently employed. When her father died she was a student in high school, and was not working.

INTERROGATORY NO. 14:

Please state the last date before the subject incident that you worked for compensation.

RESPONSE TO INTERROGATORY NO. 14:

Plaintiff was a minor at the time of her father's death Michael White. She is not currently employed. When her father died she was a student in high school, and was not working.

INTERROGATORY NO. 15:

Please sate your monthly income at the time of the subject incident and how the amount was calculated.

RESPONSE TO INTERROGATORY NO. 15:

Not applicable.

INTERROGATORY NO. 16:

Please state the date you returned to work at each place of employment following the subject incident.

RESPONSE TO INTERROGATORY NO. 16:

Not applicable.

INTERROGATORY NO. 17:

Please sate the dates you did not work and for which you lost income as a result of the subject incident

RESPONSE TO INTERROGATORY NO. 17:

Not applicable.

INTERROGATORY NO. 18:

State the total income you have lost to date as a result of the subject incident and how the amount was calculated.

RESPONSE TO INTERROGATORY NO. 18:

Assuming the term "income" is meant broadly as any form of financial support, Plaintiff's deceased father Michael White gave her cash of at least $4,000 a year for food clothes, supplies, and now since her father she has lost that form of financial support.

INTERROGATORY NO. 19:

Will you lose income in the future as a result of the subject incident? If so, please state the facts upon which you base this contention, an estimate of the amount,

an estimate of how long you will be unable to work, and how the claim or future income is calculated.

RESPONSE TO INTERROGATORY NO. 19:

Plaintiff lost no "income" as phrased. Assuming the term "income" is intended very broadly, Plaintiff lost financial support her father provided, approximately $4,000 per year, which was provided in cash at various intervals, as needed for clothing, school supplies, allowance, etc

**Law Offices of John L. Burris**

Dated: July 26, 2014

Ben Nisenbaum, Esq.
Attorney for Plaintiff