1

2

3 **UNITED STATES DISTRICT COURT**

4 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5

6 V.W., a minor, by and through her Guardian Ad Litem, )   Case No. 2:12-CV-1629-MCE-AC
7 Tenaya Barber, Individually and as Successor in         )
   Interest of Decedent MICHAEL WHITE,                   )
8                                                          )   **DECLARATION OF BENJAMIN**
                                                           )   **NISENBAUM IN SUPPORT OF**
             Plaintiffs,                                    )   **PLAINTIFF'S OPPOSITION TO**
9                                                          )   **DEFENDANTS' MOTION FOR**
      vs.                                                  )   **SUMMARY JUDGMENT**
10                                                         )
   ROBERT NICHELINI, et al.,                              )
11                                                         )   Date: May 19, 2016
             Defendants.                                   )   Time: 2:00 p.m.
12                                                         )   Location: Courtroom 7
13                                                         )
                                                           )   Honorable Morrison C. England
14                                                         )
                                                           )
15 _____ )

16

17

18

19

20

21

22

23 # EXHIBIT H

24

25

26

27

28

# Roger A. Clark

## Police Procedures Consultant, Inc.

10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

January 19, 2016

Mr. Benjamin Nisenbaum, Esq.
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621

**Regarding:** ***V.W., a minor, et al., v. Robert Nichelini, et al., Case No.: 2:12-CV-01629-LKK-AC.***

Dear Mr. Mr. Nisenbaum:

Thank you for retaining me to evaluate and render opinions regarding the June 15, 2010, use of force (which included carotid choke restraint), tasing, and eventual death of Michael White (Michael), by Vallejo Police Department (VPD) Officers Robert Nichelini (Officer Nichelini), Berry Boersma (Officer Boersma), Herman Robinson (Officer Robinson), Raul Munoz (Officer Munoz), John Cunningham (Officer Cunningham), and Mike Koutnik (Officer Koutnik). Pursuant to the requirements of Rule 26, I have read the complaint, VPD police reports, deposition transcripts, and. Please be advised that if/when additional information is made available, a supplementary report will be necessary.

It is also necessary to state at the beginning of this report I do not make credibility determinations in expressing my opinions. That is, where there are differences in the events proffered by civilian witnesses versus those proffered by the Defendants, I do not opine for the trier of fact regarding who are the more believable witnesses. The resolution of any such conflicts are obviously the purview of a jury to decide.

## Material Reviewed Thus Far:

1. Complaint for Damages.

2. Police Reports, 911 calls/dispatch and scene photographs.

3.      Reports by Coroner (including autopsy and toxicology).

4.      Deposition transcripts:
        a.      Lieutenant Herman Robinson.
        b.      Officer John Cunningham.
        c.      Officer Barry Boersma.
        d.      Officer Michael Keutnik.
        e.      Officer Raul Munoz.
        f.      Ms. Elizabeth D. Claros.

5.      California POST Basic Learning Domains:
        a.      #1:  "Leadership, Professionalism & Ethics."
        b.      #2:  "Criminal Justice System."
        c.      #3:  "Policing in the Community."
        d.      #5:  "Introduction to Criminal Law."
        e.      #15: "Laws of Arrest."
        f.      #16: "Search and Seizure."
        g.      #20: "Use of Force."
        h.      #33: "Arrest Methods/Defensive Tactics."
        I.      #34: "First Aid and CPR."
        j.      #37: "People with Disabilities."

6.      *Conducted Energy Devices: Development of Standards for Consistency and Guidance.*  U.S. Department of Justice Office of Community Oriented Policing Services and Police Executive Research Forum.  Washington, D.C., 2006.

7.      Additional TASER International Training Materials.

8.      The Los Angeles Police Department Training Bulletin: "In-Custody Deaths." July 1999.

9.      Training Video produced by the Georgia Bureau of Investigation: "Preventing Restraint Asphyxia."

10.     Training Video produced by the New York Police Department: "Best Practices, Positional Asphyxia."

11.     Overview of the incident scene via the internet.

**Brief Overview of Events and Commentary:**

In June of 2010, Michael was living in the City of Vallejo with Linda Villasenor and her son, Kenneth Rucho (Kenneth).  Michael was not on probation or parole and had not had any contact with Vallejo Police Department Officers prior to his fatal encounter on June 15, 2010.

On June 15 2010, at approximately 4:24 pm Ms. Elizabeth Claros called 911 and reported that she had an encounter with Michael and that because of his actions she felt that he (Michael) needed medical assistance.  According to 911 records, there was no report of an active attack and no report of a weapon or threat of any harm to Ms. Claros.  Four VPD Officers (Boersma, Munoz, Robinson, and Cunningham) responded to a 911 call.  When they arrived and contacted Ms. Claros, they observed no indications of injury whatsoever.

Prior to the Officers' arrival, there was an alleged incident between Ms. Claros and Michael, where Ms. Claros claimed to have been choked by Michael.  It should be noted that Ms. Claros did not have any marks on her neck, and there were no other witnesses to the alleged attack.

After his contact with Ms. Claros, Michael ran across the street to Linda's home.  Shortly after running into Linda's home, Kenneth emerged, ran over to Ms. Claros' house and asked her to call the police.  According to Ms. Claros, she was originally not going to call the police, because she did not want to bother them over the incident.

Shortly after Ms. Claros called the Vallejo Police Department, they arrived and the Officers made contact with Michael at Linda's house.  The Officers entered Linda's home seeking Michael.  Upon arriving at Linda's home, the Officers learned that Michael was locked in the master bedroom bathroom.  According to Officers, Michael would not open the door, so it was forced open by the Officers.

The Defendant Officers have testified that when they opened the door, Michael was attempting to swallow something, which they believed to be evidence and/or illegal drugs.  (However, this belief was revealed to be untrue when Michael's body was examined at the hospital shortly after the incident.  Though Michael's blood tested presumptively positive for cocaine, there was no evidence that Michael had any object or obstruction in his airway, and no remnants of any object or obstruction, or any drugs whatsoever, were present in his mouth or throat.)

When the Officers contacted Michael, they (Officers Boersma, Munoz and Cunningham) tased Michael repeatedly and in a prolonged manner while restraining him.  Michael was subdued during the restraint and tasing, which lasted several minutes.  The record documents a significant physical restraint occurred while taking Michael into custody.  The undisputed force included at a minimum:

- •   Multiple Officers placed their physical weight on Michael's body.
- •   Keeping him in a prone (face down) position while handcuffed and hobbled.
- •   Multiple use of taser weapons.
- •   Applications of the LVNR - Carotid Restraint.

Subsequent to being tased, Officer Boersma applied a carotid restraint to Michael, as the other Defendant Officers restrained Michael's legs and arms.  As Officer Boersma applied a carotid hold, Officer Koutnik arrived and also participated in the restraint.

The restraint of Michael was conducted while Michael was in a prone position, and included weight force compression of Michael's back and chest area.  To any officer present, Michael was obviously obese and at autopsy measured 5' 7" and weighed 216 pounds.  (With five officers present, the weight advantage of officers present versus Michael reasonably calculates as 750 - 1,000 pounds versus only 216 pounds.)

After physically restrained, tased multiple times, placed in a carotid restraint, and finally being handcuffed and placed in a hobble restraint, Michael was carried out of the residence (face down) placed on a stretcher.  When he was finally rolled over into a supine position, he was observed in distress and no heart beat.  Michael was pronounced dead at Kaiser Hospital in Vallejo at 5:22 pm.  An autopsy was performed and Michael's cause of death was certified as a result of excited delirium.

**Opinions Thus Far:**

1.   Throughout the country, law enforcement officers are trained regarding the methods and means of response and use of force in incidents that involve citizens.  The Defendant Officers appear in this incident to have failed in their duty to utilize these methods and follow these standards.  Rather, their response and use of force appears in this incident as grossly unjustified, excessive and unnecessary in the totality of the circumstances confronting them,

and includes their collective failure to abide by POST standards, and law (as taught by POST).

2.     Every VPD officer utterly failed to pay accurate attention to the contents of the dispatch broadcast regarding Michael's medical need. Each defendant officer in this case has been deposed. Every defendant officer who responded to this call has admitted under oath in deposition that they either misunderstood or simply did not listen closely to the dispatch report, in spite of their admissions that they are required by VPD policy, training, and common sense to listen to the dispatch reports. Every defendant has admitted that they erroneously assumed that Michael had injured the caller so severely that the caller needed an ambulance when the call was actually regarding Michael's medical need for an ambulance.

3.     To every officer present, Michael was obviously obese and at autopsy measured 5' 7" and weighed 216 pounds. With four to five officers present, the weight advantage of officers present versus Michael reasonably calculates at more than 750 - 1,000 pounds of trained muscle versus Michael's 216 pounds. With four or more officers present at the scene, nothing further than the use of minimal physical hands-on control of Michael's arms and legs was necessary to quickly take him into custody (if necessary).

4.     The use of the tasers in this incident was excessive, dangerous and out of policy and law (as taught by POST). As such, they should never have been used or even considered in this set of facts. Prolonged, and multiple uses of taser weapons can result in death. It is exceptionally egregious to use them on mentally ill persons. I have commented in further detail regarding the use of the taser weapon below.

5.     The use of the LVNR-Carotid Restraint in this incident was excessive, dangerous and out of policy and law (as taught by POST). the use of the Carotid Restraint can result in permanent injury or death to a subject. The use of the Carotid Restraint by an officer on a suspect/subject can only be justified as an officer's response as a defense against possible great bodily harm or death. Many police departments forbid its use altogether. I have commented in further detail regarding the use of the Carotid Restraint below.

6.      In this case, the VPD officers Defendants unreasonably disregarded any symptoms of alleged mental impairments or excited delirium Michael may have been exhibiting, if any and never posed a serious or immediate threat to any person (as was dispatched).   Any reasonable officer would have known that the call was for a person (Michael) who in a medical/mental need, and that any danger from any alleged crime had passed *as reported by the caller and dispatch*. As a consequence, the Defendant Officers responded to Michael as if he was a violent criminal who was trying avoid being arrested, instead of the reality that Michael was a mentally impaired person who needed medical help.

7.      In this incident the VPD officers present through their (and not Michael's) actions and decisions created a false urgency and situation that was exceptionally dangerous and reckless and beyond Michael's ability to control or mitigate.

8.      The scope and magnitude of the force used was grossly excessive and, in my opinion, rises to the level of a violation of section 149 PC - Assault Under Color of Authority.
        *"Every public officer who, under color of authority, without lawful necessity, assaults or beats any person, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment."*

        "**Unreasonable force** occurs when the type, degree and duration of force employed was not necessary or appropriate."

        "Malicious assaults and batteries committed by peace officers constitute unlawful conduct.  When the force used is unreasonable, the officer can face criminal and civil liability, and agency disciplinary action."  (Learning Domain #20, page 6-4.)

        "Peace officers who have responsibility for arrested persons are liable for the safekeeping and standard of care of those persons.

"Failure to uphold the expected level of care under the provisions of state and federal laws or the **callous disregard** for an arrested person's safety will subject peace officers to:

- departmental discipline (including termination),
- state prosecution for violation of penal code statutes,
- federal prosecution for violation of federal civil rights law, and/or
- civil lawsuits which may include punitive damages levied directly against individual officers." (POST Learning Domain # 31: "Custody," Chapter 1, page 4.)

9.      The Vallejo Police Department appears here to have failed to provide the necessary training and administrative enforcement that would have prevented the gross departures of professional standards, POST training, and written policies by the Defendant Officers that occurred in this incident. As such, their collective approval of these tactics puts the general public at unnecessary future risk of death and/or injury from the Defendant Officers and other Officers on the department who have been, or are now, similarly trained and/or supervised.

**Officer Training Regarding the Professional Standards Regarding the Use of Force:**

Early on in the POST Basic Academy, the seriousness of the unique powers imbued on Law Enforcement Officers is stressed with the required responsibility they have to use them with "great care". It is clear that there is no room for unprofessional, immature and/or hot-headed individuals in the law enforcement profession. This is best expressed in Learning Domain # 2: "Criminal Justice System:"

"The criminal justice system gives law enforcement two extraordinary powers:

1.      The power of arrest and
2.      The power to use deadly force.

The authority to do so does not come from the rule of an authoritarian dictator. Rather it comes from the will and consent of the people who *put their trust in law enforcement to use that power*

> *with the utmost of care and restraint*.  This is why it is important to
> emphasize that peace officers do not confer "police powers" on
> themselves.  These powers come to the criminal justice system from
> the people they serve."   (Learning Domain #2: "Criminal Justice
> System," page 1-4.  Emphasis added.)

Additionally, POST specifies that there are a number of key factors that can affect which
force option is approved and appropriate under the concept of the "totality of
circumstances."  In view of this incident nothing other than "Officer Presence" and
"Verbal Instruction" were justified in this case.  The standards in this regard  are as
follows (reference: POST LD # 20: "Use of Force."  Page 2-5.):

POST defines four categories of behavior and a range of appropriate officer responses to
gain control compliance.  They are:

| | |
|---|---|
| Cooperative | All that is required here is officer presence and verbal instruction. |
| Resistive (passive and active) | Firm grip, Control holds and low levels of pain compliance. |
| Combative | Officers have the right to self defense and can use necessary tools (baton, OC spray, taser, etc.) |
| Life-threatening | Officers have the right to self defense and can respond with lethal force. |

Competent police officers are also trained at the POST Basic Academy that the "totality
of the circumstances" are an important aspect in the decision to use force and that
California law requires that the use of force must meet an "Objectively Reasonable"
standard.  The following quotes typify the training:

> "A reasonable officer is defined as an officer with similar training,
> experience, and background in a similar set of circumstances, who will
> react in a similar manner."  "Unreasonable force occurs when the type,

degree and duration of force employed was not necessary or appropriate."(Learning Domain #20: "Introduction to the Use of Force," page 1-4.)

Additionally, an entire chapter in POST Learning Domain #20 is devoted to the "Consequences of Unreasonable Force."  Cruelty and malicious assaults are absolutely forbidden:

"**Unreasonable force** occurs when the type, degree and duration of force employed was not necessary or appropriate."

"Malicious assaults and batteries committed by peace officers constitute unlawful conduct.  When the force used is unreasonable, the officer can face criminal and civil liability, and agency disciplinary action."  (Learning Domain #20, page 6-4.)


## Officer Training Regarding Positional Asphyxia:

Every day, police officers encounter situations that require them to restrain persons.  Properly trained officers learn how improper restraining techniques can block the flow of air into the individual's lungs contributing to a life threatening condition known as "positional, or restraint, asphyxia."  Proper training also covers the multiple effective options available such as avoiding compression of the chest, rolling the subject over on his side, and sitting or standing the subject up.

Properly trained officers are trained that the risk factors for positional asphyxiation include all or some of the following conditions:
- Obesity.
- Preexisting medical conditions such as heart problems or head and neck injuries.
- The length of the struggle.
- The physical environment in which the struggle takes place.
- Whether the suspect suffers from a mental condition.
- Whether the suspect has been drinking alcohol.
- The presence of depressant or stimulant drugs (substances such as cocaine and methamphetamine).

Properly trained officers are trained that excessive restraint, combined with one or more of these factors, several of which were present in this instance, can impair the cardiovascular and respiratory systems.

Properly trained officers know that breathing requires two actions:
- Increasing the size of the chest by expanding the ribs and.
- Contracting the diaphragm, allowing air to fill the lungs.

Training includes to know that:
- When a person is lying face down, performing both of these functions can be more difficult.
- The contents of the abdomen are pressing against the diaphragm.
- In order to raise the ribs or use the diaphragm when forced into a prone position, the weight of the body must be lifted.
- An officer kneeling or lying on the individual's back aggravates the situation because the additional weight of the officer(s) must be lifted along with the weight of the persons' body.
- The greater the weight or more intense the compression, the harder it becomes to breathe.  As a result, the suspect struggles more violently, and untrained officers respond by using more force.
- With no reserve oxygen left and unable to take deep breaths, the individual slips into unconsciousness and in minutes, and could be dead.

Properly trained officers know this scenario can be easily avoided by using proper restraint techniques and following simple guidelines that are key to the possibility that a struggling subject could be in danger of death due positional or restraint asphyxia.  One of the most important of these factors is the longer the physical contact, the more fatigued the body will become.

Additionally, officers are also trained that they must act quickly to return the subject to an upright position, preferably in a sitting position, cease applying restraint, especially when risk factors are present, because the restraint techniques used could mean the difference between life and death.

Basic guidelines include avoiding placing weight on the neck or back, avoiding "straddle" positions and "pile-ons," and immediately positioning the subject so he can breathe.

Police reports and depositions in this case suggest that Michael went unconscious while he was handcuffed in a prone position, and that he was in that position with weight being applied.  Properly trained officers know that they must monitor the vital signs of any person who is restrained.  Officers are also trained that it is not possible for them actively determine who is at risk for sudden and unexpected death while suspects are being

restrained.  As a consequence, the law enforcement officer must assume that any person being restrained presents a risk of sudden and unexpected death.  The risk that restraint asphyxia and accidental death will occur is only controlled by using proper restraining techniques.


**Information Regarding the Taser Weapon**:

The most commonly deployed conducted energy device (CED) is manufactured by Taser International, notably the Taser M26 and X26 models.  "Taser®," developed in the 1970s by Jack Cover, is an acronym for the **T**homas **A**. **S**wift **E**lectric **R**ifle.  Swift was a fictional character in a 1930s series of science fiction books by Victor Appleton.  The Taser fires darts that attach to (or penetrate) a person's skin or clothing and create an incapacitating electrical current.

The Taser has evolved over the years.  In 1999, the company developed the Advanced Taser M26, which was powered by an alkaline battery and used nitrogen cartridges, rather than gunpowder, which was used in earlier models, to fire projectiles.  Shaped liked a handgun, the Advanced Taser M26 became popular with law enforcement officers.  In 2003, the company introduced the Taser X26, more compact than the Advanced Taser M26 and, according to the company, more efficient.  It is powered by a lithium battery and also uses nitrogen cartridges to fire projectiles.  These CED's deliver an electrical current that interferes with the body's neuromuscular system, temporarily incapacitating a targeted person.  They are laser-sighted and use cartridges attached to the end of the weapon's barrel.

The Taser has two modes: "probe" and "touch stun."  In the probe mode, the cartridges project, through a set of wires, a pair of barbs (or darts with hooks) that attaches to clothing or penetrates the skin after the Taser is fired, delivering an electrical charge.  When the barbs strike, the electrical current is sent down the wires and through the body between the two barb points.  In the touch stun mode, electrical contacts on the Taser are pressed directly onto a person and there is a similar but reduced neuromuscular effect (Donnelly et al, 2002).  ( Source: *Conducted Energy Devices: Development of Standards for Consistency and Guidance.*  U.S. Department of Justice Office of Community Oriented Policing Services and Police Executive Research Forum.  Washington, D.C., 2006.)

It must be noted here that prior to this incident, Taser International specifically warned and trained all users of the taser weapon against prolonged exposure to the Taser in people suffering symptoms of "Excited Delirium."  In fact, death by "Excited Delirium"

has been cited as an alternative to asphyxiation during the course of restraint. "Excited Delirium" deaths are preventable, and reasonable police officers are trained to consider the symptoms of "Excited Delirium" when restraining, using a taser, or otherwise using force against a subject.


## Established Professional Standards Regarding the Use of the Taser Weapon:

The International Association of Chiefs of Police, with support from the Office of Community Oriented Policing Services, the Bureau of Justice Assistance, the National Institute of Justice, and other policing organizations and associations developed and published in 2006 a defining document: *Conducted Energy Devices: Development of Standards for Consistency and Guidance.* (listed as item 6 on page 2 of this report.) Among other issues, 52 specific and necessary guidelines governing the use of the Taser weapon are listed. As such, the document expresses the accepted professional standard of care. I have noted 7 specific departures from the guidelines which, in my opinion contributed to this incident. They are stated below and identified by number in the sequence of the 52 guidelines enumerated (on pages 23 through 29 of the document) as follows:

1.    CEDs should only be used against persons who are actively resisting or exhibiting active aggression, or to prevent individuals from harming themselves or others. CED's should not be used against a passive suspect (Michael was not armed and was outnumbered 4 to 1 and easily restrained physically if necessary).

3.    When activating a CED, law enforcement officers should use it for one standard cycle and stop to evaluate the situation (a standard cycle is five seconds). If subsequent cycles are necessary, agency policy should restrict the number and duration of those cycles to the minimum activations necessary to place the subject in custody.

4.    Training protocols should emphasize that multiple activations and continuous cycling of a CED appear to increase the risk of death or serious injury and should be avoided where practical.

5.    Training should include recognizing the limitations of CED activation and being prepared to transition to other force options as needed.

18.     Agencies should create stand-alone policies and training curriculum for CEDs and all less-lethal weapons, and ensure that they are integrated with the department's overall use-of-force policy.

40.     Departments should not solely rely on training curriculum provided by a CED manufacturer.  Agencies should ensure that manufacturers' training does not contradict their use-of-force policies and values.  Agencies should ensure that their CED curriculum is integrated into their overall use-of-force systems.  (*Conducted Energy Devices: Development of Standards for Consistency and Guidance.*  U.S. Department of Justice Office of Community Oriented Policing Services and Police Executive Research Forum.  Washington, D.C., 2006.)

In my opinion, the Defendant Officers' departure from the standards is reflective of the custom and practice of the VPD to endorse the gross over-dependence on the Taser weapon when other far more reasonable and appropriate methods of force (if actually necessary) should be deployed.  Michael was not aggressive and was unarmed, and as such, did not fall under the "active combatant" rubric.  Michael did not have access to any lethal weapons, nor did he threaten the Officers in any way.  In my opinion, the use of a taser in this instance grossly deviated from the POST training that the Defendant Officers had participated and completed.


**The Use and/or Attempted Use of the Carotid Restraint Hold in this Case:**

The admitted application of the LVNR - Carotid Restraint is very alarming.  It must be noted that POST specifically identifies the Carotid Restraint Hold as an extremely dangerous use of force that should not be deployed except in extreme circumstances - none of which existed in this set of facts.  Once it has been used, strict guidelines for subsequent medical monitoring and care are required.  These guidelines are taught in the Basic POST Academy to all police officers in California.

Officers are taught at the POST academy that the Carotid Restraint Hold has caused death and permanent injury on many occasions and that it is such a serious use of force that the suspect must be monitored from the time it is used until he is medically cleared for booking.

If the Carotid Restraint Control Hold is not properly applied, the risk of injury to the subject increases significantly.  The following chart as provided by POST illiterates some of the possible dangers of an improperly applied hold:

Maintaining the hold after the subject has been rendered unconscious:

> If oxygenated blood flow to the brain is restricted for more than one minute irreversible brain tissue damage may occur.

Tilting, turning, or jerking the subject's neck and/or pressure applied to the back of a subject's head or neck:

> Fracture of the neck resulting in serious injury permanent paralysis, or death.

Pressure applied to the front of a subject's head or neck:

> Rupture, fracture or collapse of the larynx or trachea causing suffocation; fracture of the hyoid bone, tip of the thyroid cartilage, or hyoid bone causing swelling and possible suffocation (POST Learning Domain # 33, page 4-9, "Effects of the Carotid Restraint Hold on the Body.")

As noted in the record, Officer Boersma reported that he applied the LVNR/Carotid Restraint Hold.  Specific POST training in this regard is as follows:

> "The Carotid Restraint Control Hold should *not* be confused with the bar-arm choke hold or any other form of choke hold where pressure is applied to restrict the flow of air into the body by compression of the airway at the front of the throat."

> "Choke holds are considered ineffective and *create the potential for a subject to panic and react with greater resistance when pressure is applied in this manner by a peace officer.*  Also, there is greater risk of serious injury to the subject."  (POST Learning Domain # 33, page 4-9, "Effects of the Carotid Restraint Hold on the Body."  Emphasis added.)

Many agencies forbid the use of the LVNR/Carotid Restraint Hold altogether except when the use of deadly force is justified and the life of the officer is at stake.  If the LVNR/Carotid Restraint Hold is not performed properly, the perception of the suspect is much the same as a person who is being held under water and not allowed to breathe.

**My Qualifications to Review This Case:**

My opinions are based in part on my training, professional experience and education. I am a twenty seven year veteran of the Los Angeles County Sheriff's Department (LASD). I was hired on December 1, 1965, and I retired from active service on March 31, 1993. My career included six years at the rank of Deputy Sheriff, six years as a Sergeant, and fifteen years as a Lieutenant. I retired holding a California Peace Officer Standards and Training (POST) Advanced Certificate, and I am a graduate of the POST Command College (class #5).

During the course of my service with the department, I had a wide range of duties. Those duties included an 18 month assignment as a staff jail deputy and two years as an Administrator/Lieutenant in the same jail facility (Men's Central Jail). I also served on the department as a patrol officer, field supervisor, jail watch commander and administrator, station watch commander, and commanding officer of investigative units. I was a field training officer while assigned as a patrol deputy, and I trained new officers in POST and department approved patrol procedures, field investigations, apprehension techniques, and emergency procedures.

I was a Station Detective and, as such, reviewed and assessed cases passed on to me by the patrol officers. Those cases included possible complaints relating to both misdemeanor and felony crimes. They frequently required follow up investigations and interviews before the exact nature of the case could be determined. As a field officer and detective, I was trained in interview and interrogation methods and subsequently trained other officers.

Among other assignments as a Sergeant, I supervised field officers and station detectives as they took complaints and conducted preliminary investigations regarding criminal and administrative matters.

As a Sergeant and as a Lieutenant, I served on the training staff of the Los Angeles County Sheriff's Department's Patrol School which taught the POST accepted patrol tactics, and investigation and apprehension methods.

As a Watch Commander and as a Lieutenant, I responded to, investigated, and reported on the use of force and officer-involved shootings. I was also assigned by my Department to sit as a member of Departmental review committees regarding the reasonable or unreasonable use of force and tactics.

As stated above, during my career I was assigned to the Los Angeles County Men's Central Jail (MCJ) for a period of 18 months as a line officer. Upon my subsequent promotion to Lieutenant, I returned to the same facility approximately 10 years later. During that time, I was assigned as a Jail Watch Commander, and as the Facility Training and Logistics Administrator. At the time of my assignment, the MCJ held a daily population in excess of 7,000 inmates, including a hospital, which was serviced by a staff of more than 900 sworn and civilian personnel.

During my assignment as the Administrative Lieutenant of the Department's Reserve Forces Bureau, I worked closely with the State of California Peace Officer Standards and Training in revamping our Reserve Academy to bring it into state compliance. This process gave me an expertise in the POST Basic curriculum. I also supervised the training of cadets at our Reserve Training Academy. They were taught proper investigation, interview, and apprehension procedures. Among other topics, I lectured the Reserve Academy on the POST syllabus: "The Legal and Moral Use of Force and Firearms."

During the 1984 Olympics held in Los Angeles, I was assigned and served as the Department's Intelligence Officer at the Los Angeles Olympics Emergency Operations Center.

During the last five and one half years of my career, I commanded a specialized unit known as the North Regional Surveillance and Apprehension Team (N.O.R.S.A.T.), which was created to investigate, locate, observe and arrest major (career) criminals. I held this position until my retirement from the Department on March 31, 1993.

Criminals investigated and arrested by N.O.R.S.A.T. included suspects involved with homicide, robbery, kidnaping, extortion, burglary, major narcotics violations and police corruption. The majority of our cases were homicide cases, including the murder of police officers. Arrests frequently occurred in dynamic circumstances including crimes in progress.

My unit also conducted major narcotics investigations including undercover narcotics buys, buy busts, and reverse stings. We frequently deployed at the request of investigative units, such as Narcotics, which provided the initial investigative leads for our operations. These narcotics cases usually involved multiple kilogram quantities of drugs and amounts of money ranging from one hundred thousand to more than one million dollars.

Approximately 80% of cases assigned to N.O.R.S.A.T. were active Homicide investigations.  In that regard, the unit processed, under my command and supervision, various aspects (depending on the complexity of the cases involved) of approximately 1,000 Homicides ranging from deaths of police officers to serial homicide suspects.

Additionally, the majority of the 1400 cases for which I have been retained as a consultant (since 1993) have involved injuries or deaths connected with some aspect of force during either apprehension or while in police custody.

During the first three months of my command of N.O.R.S.A.T., the unit had three justifiable shooting incidents.  From that time, and over the next five years of my command, N.O.R.S.A.T. established a remarkable record of more than two thousand arrests of career criminals without a single shot fired – either by my officers or by the suspects whom we arrested.

Many of these suspects were armed and considered to be very dangerous.  Some were apprehended during the course of their crimes and were very prone to use firearms to escape apprehension.  This record of excellence was accomplished through the use of proper tactics,

management and supervision of personnel, training in correct apprehension methods, and adherence to the moral and ethical standards endorsed by California POST and my Department.  These methods and principles are also embraced by every state training commission of which I am aware, as well as the national standards established by the U.S. Department of Justice.

As a result of my position and record as the commanding officer of N.O.R.S.A.T., I was assigned to author Field Operations Directive 89-3, "Tactical Operations Involving Detective Personnel."  This order remained in force 20 years (until September 30, 2009), and included the basic standards and considerations with which investigative officers must comply in the event of a tactical deployment such as the dynamic entry into a building for the purpose of an arrest and/or seizure of evidence.

Since my retirement, I have testified as an expert on use of force, jail procedures and jail administration, investigations, police procedures, police tactics, investigative procedures, shooting scene reconstruction, and police administration in Arizona State Courts, California State Courts, Washington State Courts and Federal Courts in Arizona, California, Colorado, Florida, Illinois, Indiana, Louisiana, Missouri, Nevada, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, New Mexico, and New York.  I have

testified before the Los Angeles Police Department Board of Rights and the Los Angeles County Civil Service Commission.  I have testified before the Harris County (Texas) Grand Jury.  I have also submitted written opinions in matters before Alaska, Idaho, Montana, North Carolina, Oregon, Kentucky and Wyoming Federal and State Courts.  I was selected (January 20, 2007) to present on the topic of: "Police Experts" at the National Police Accountability Project held at Loyola Law School, Los Angeles, California.  I was selected (September 23, 2010) to present on the topic of: "Using POST Modules to Establish Police Officer' Standard of Care" at the National Police Accountability Project, National Lawyers Guild Convention, in New Orleans, Louisiana. I was selected (March 30, 2012) to present to the Kern County Public Defenders in Bakersfield, California, on the topics of "Ethics, Police Investigations, the California POST Curriculum, and the M26 and X26 Taser weapons."  On August 7, 2013 I was invited and presented to the Texas Civil Rights Project (TCRP) 2013 Annual Legal Summit in Austin, Texas on the topic: "Ethically Working with Experts from the Prospective of a Police Expert."  On October 15, 2015 I was the invited presenter at a Community Forum in Victorville, California on the topics of Police Procedures, Community Policing, Use of Force, and features of the M26, X26 and X2 Taser weapons.

I have worked on several projects with the Paso Del Norte (El Paso, Texas) Civil Rights Project and the Texas Civil Rights Project (Austin, Texas).  As a result of my expert testimony in *Border Network, et al. v. Otero County, et al.*, Case No. 07-cv-01045 (D.N.M. 2008), a federal court issued a temporary injunction to stop the illegal and widespread immigration raids in Chaparral, New Mexico, implemented pursuant to Operation Stonegarden.  The case resulted in the adoption of a model policy for inquiring into a person's immigration status, which has been adopted nationwide and has also been presented to the United States Senate, the Secretary of Homeland Security, and other government officials seeking to reform immigration enforcement.

I have been recognized, and my expert report was quoted by, the United States Court of Appeals for the Ninth Circuit as an expert in Police Administration and Use of Force. *Blankenhorn v. City of Orange, et al.*, 485 F.3d 463, 485 (9th Cir. 2007).  The Ninth Circuit also drew from my expert report in a second published case involving Police Detective Investigations. *Torres, et al. v. City of Los Angeles, et al.*, 540 F.3d 1031, 1042-43 (9th Cir. 2008).  The *Torres* case was appealed to the U.S. Supreme Court and returned for trial.  The Ninth Circuit also drew from my expert reports regarding credible threats justifying the use of force, *Hayes v. County of San Diego*, 658 F.3d 867 (9th Cir. 2011), and *Young v. County of Los Angeles*, 655 F.3d 1156 (9th Cir. 2011).  The Ninth Circuit also drew from my expert reports regarding Jail Administration and Administrative Responsibilities, *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  The Ninth

Circuit also drew from my expert reports regarding an officer's violation of the 14th Amendment if an officer kills a suspect when acting with the purpose to harm, unrelated to a legitimate law enforcement objective, in *AD v. California Highway Patrol*, 712 F. 3d 446 (9th Cir. 2013).  The Fifth Circuit drew from my expert report regarding search and seizure, investigations and no-knock requirements in *Bishop et al. v. Arcuri et al.*, 674 F.3d 456 (5th Cir. 2012).  The Ninth Circuit also drew from my expert report regarding the use of impact weapons (PepperBall) on civilians in *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012).  I was the expert in the Ninth Circuit opinion regarding the allegations proffered by police officers and their use/display of firearms against civilians in *Green v. City and County of San Francisco*, 751 F. 3d 1039 (9th Cir. 2014).  Most recently, I was the expert in an important Ninth Circuit opinion regarding the allegations proffered by police officers and their use of lethal force against unarmed persons in *Jennifer Cruz, et al., v. City of Anaheim, et al.*, 765 F.3d 1076 (9th Cir. 2014).

The California Court of Appeal (Second Appellate District) drew in part from my expert report regarding search warrant service, *Macias v. County of Los Angeles*, 144 Cal. App.4th 313, 50 Cal. Rptr.3d 364 (2006).  The California Supreme Court drew in part from my expert opinion regarding police tactics and the use of deadly force, *Hayes et al. v. County of San Diego et al.*, 57 Cal.4th 622 (2013).

On February 10, 1989, I was personally commended at the Los Angeles County Hall of Administration by United States Attorney General, the Honorable Edwin Meese III, for my work to establish California Penal Code Section 311.11 (forbidding the Possession of Child Pornography).  On February 22, 1993 (at the time of my retirement), Mr. Meese presented a second personal commendation for the success of this critical five-year effort to bring this law into effect.

I have been found competent by both Federal and State Courts to render opinions as to responsibilities as occurred in this case.  A number of my cases have involved law enforcement officers as civil plaintiffs and as criminal defendants.

Since my retirement, I have become an expert in the features and the use of TASER International's products, including the Model M26, Model X26 and Model X2 ECDs.  I own each, along with the download software.  I have reviewed all the TASER training materials and am familiar with the risks and tactics associated with these potentially lethal devices.  I have qualified as an expert on TASER products and testified both in deposition and before juries on their usage.  Two published examples are *Lee v. Nashville*, 596 F. Supp. 2d 1101, 1121-22 (M.D. Tenn. 2009), and *Heston v. City of Salinas*, 2007 U.S. Dist. LEXIS 98433, *25-*26 (E.D. Cal. 2007).  My most recent Federal

acceptance/certification as an expert in the general use and deployment of the TASER weapon occurred in San Francisco, California on January 29, 2015 in *Andre Little, an Individual, v. City of Richmond, et al.*, Case No: CV-1302067-JSC.  There are many others.

Attached as Exhibit A is a statement listing my law enforcement qualifications and experience; Exhibit B is my fee schedule; Exhibit C is a listing of matters in which I have testified in the last four years as an expert.

I declare under penalty of perjury that the foregoing is true and correct. Executed January 19, 2016, at Santee, California.

Roger A. Clark

**ROGER A. CLARK**

*10207 Molino Road • Santee CA 92071 • Telephone: (208) 351-2458.  Fax: (619) 258-0045.*

EXPERIENCE

**Police Procedures Consultant (self employed)**
April 1, 1993 to Present................................................................. **21 years**

I have been certified by Federal and State courts as expert in jail and police procedures in Federal and State Courts.  I select my cases carefully and have consulted in approximately 1250 cases thus far since my retirement from the Los Angeles County Sheriff's Department.

**Substitute Teacher, Madison School District**
August 1994 to 2003........................................................................ **9 years**

I substitute teach at all levels in the school district (elementary to high school).  As a volunteer, I wrote and managed a $85,000.00 federal grant for our Central High School.  This grant is in its sixth year and has generated $510,000.00 for the school.

**District Liaison, State of Idaho Department of Juvenile Corrections**
August 1, 1995 to March 1, 1997.........................................**1 year, 7 months**

I represented the new Department of Juvenile Corrections to the ten counties in the Seventh Judicial District.  As such, I worked closely with Probation Officers, County Commissioners, Judges, other state agencies, private care providers, etc. in the implementation of the new Idaho Juvenile Corrections Act of 1995.  I wrote or participated in the writing of several federal grants for the District.  I conducted training - both formal and informal - and developed a series of new therapy programs for juveniles with private care providers.  I also served as the Director of the Detention Center and the State Placement Coordinator during this time.

-1-

**Los Angeles County Sheriff's Department**
December 1, 1965 to March 31, 1993................................**27 years 4 months**

**Note:**  In 1993 the Los Angeles County Sheriff's Department had 7,000 sworn and 3,000 civilian personnel and a daily County Jail inmate population of 23,000.

**Service as a Lieutenant (15 Years, 0 Months):**

1.  **Field Operations Region I**
    **NORSAT**                         11/15/87 to 3/31/93   **64 months**

I commanded a specialized unit created to investigate, locate, observe and arrest major (career) criminal offenders.  This unit was designed as a multijurisdictional effort for the cities in the northern region of Los Angeles County.  The command consisted of four (4) Sergeants, seventeen (17) Deputies, four (4) Police Officers, twenty five (25) Reserves, and three (3) civilian employees.  The 1992 budget set at $1.5 million.  The arrest rate averaged 500 career criminal arrests per year with a 97% conviction rate and no shots fired (on either side) for 61 consecutive months.

Significant contributions while assigned at this Bureau were:

- •       Increase in participating police agencies.
- •       Direct participation with corporate (private) agencies.
- •       Formation of a reserve and volunteer unit.
- •       Establishment of NORSAT Foundation private funding.
- •       Computerization of the unit.
- •       Promotion of fourteen personnel.
- •       Fleet expansion from 13 to 28 vehicles (donated).
- •       Formation of the DEA Valley Task Force.
- •       Field Operations Directive 89-3.

2.      **Executive Offices**
        **Reserve Forces Bureau**       05/01/84 to 11/15/87 **42 months**

I was the administrative officer to a specialized bureau responsible for coordinating the activities of 1,000 sworn reserve personnel, 900 civilian

volunteers, and 450 law enforcement explorer scouts.  The Bureau identifies programs for their effective utilization throughout the Department; develops and tracks training programs; sponsors activities designed to promote growth and keep morale at high levels.

Significant contributions while assigned at this bureau are:

- Total restructure of the Academy training process for reserve Deputies.
- Implementation of upgrade programs to move lower level reserves to level I status.
- Departmental Reserve Certification procedures.
- Annual leadership seminar.
- The Reserve News, a nationally recognized police magazine.
- Computerization of the Bureau.


3. **Field Operations Region I**
   **Crescenta Valley Station**      04/01/80 to 05/01/84  **49 months**

Crescenta Valley Station is a full service police facility of 100 personnel serving a population of 50,000 (including the Contract City of La Canada-Flintridge) and a total area of 250 square miles. During my four years service at this facility I served in every management role:

- **Nine months** as the Station Commander during an extended absence by the Captain (08/01/83 TO 05/01/84).
- **Sixteen months** as the Operations Lieutenant (03/01/82 TO 08/01/83).
- **Twelve months** as the station Detective Bureau Commander (03/01/81 to 01/01/82).
- **Twelve months** as a Watch Commander (04/01/80 to 03/01/81).

Significant contributions while assigned at this command are:

- Negotiation of an enhanced city contract (at a savings to the City).
- Formation of a volunteer community support group.
- Development and implementation of an integrated community emergency response plan.
- High School undercover narcotics operation.
- Restructure of the Station Detective Bureau.
- The annual station picnic, which was effective in boosting station morale.

**4.     Custody Division**
       **Central Jail**          04/01/78 to 04/01/80  **24 months**

The Los Angeles County Central Jail is the largest jail facility in the State of California, with a daily inmate population of seven thousand (7,000), an assigned staff of six hundred (600), and two hundred (200) civilian personnel. My service at this command was equally divided into two major assignments:

• Training and Logistics Lieutenant (04/01/79 to 04/01/80).
• Watch Commander (04/01/78 to 04/01/79).

Significant contributions while assigned at this command are:

• "Hot Fire" Training program, which is now a State (POST) mandated training module for all custody personnel throughout California.
• The "Defend in Place" fire safety operational plan for jail facilities.
• New fire safety specifications for jail bedding and mattresses.
• The development of fire safe jail mattress material.
• The development of a facility emergency response plan.
• The computerization of training, timekeeping, and scheduling for the facility (800 sworn and 200 civilian personnel).
• "Spouse day at CJ"--A program for spouses of employees.

**Service as a Sergeant (6 Years, 4 Months):**

**5.     Administrative Division**
       **Federal Surplus Property**   01/12/76 to 04/01/78  **27 months**

This program was entirely my idea and developed while I was assigned at my previous assignment (Emergency Operations Bureau).  The unit provides millions of dollars in free federal excess and surplus food and property from clothing to heavy equipment and aircraft to the department each year.  I am very proud of this contribution to the Department.

**6.     Patrol Division**
       **Emergency Operations**    02/01/74 to 01/12/76  **23 months**

I was among the original personnel that formed this unit which blended the activities of the Department's planning   unit with emergency operations planning and preparation.  I was assigned as the Personnel and Logistics Sergeant.

Significant contributions while assigned at this command are:

- Formation of a new County Emergency Operations Center.
- Participation in the 1974 Federal earthquake studies of Los Angeles County.
- Development of the Department's specialized Field Command Post equipment.
- Development of the Department's Field Booking Team.

**7.  Patrol Division**
**Civil Defense Bureau**          12/01/73 to 02/01/74  **02 months**

I was assigned to this unit to facilitate the orderly transition into the new Emergency Operations Bureau.

**8.  Patrol Division**
**San Dimas Station**          12/12/72 to 12/01/73  **12 months**

I performed all the duties of a Watch and Patrol Sergeant.  I also frequently served as the Watch Commander.

**9.  Technical Serviced Division**
**Communications Bureau**    12/01/71 to 12/12/72  **12 months**

I served as the Watch Commander in The Sheriff's Department's old radio room located at the Hall of Justice, and assisted in the transition to the existing communications facility.

**Service as a Deputy (6 Years, 0 Months):**

**10.  Patrol Division**
**San Dimas Station**
**Detective Bureau**          01/01/70 to 12/01/71  **23 months**

I served as a Station Detective assigned to the evening watch.  I handled the first response to all crimes requiring investigations.  I processed all evening juvenile matters, prepared criminal complaints and juvenile petitions.

-5-

11.     **Patrol Division**
        **San Dimas Station Patrol**    01/29/68 to 01/01/70  **24 months**

I performed all duties assigned to Station Patrol:  Jailer, Desk, Watch Deputy, Patrol, and Traffic.

12.     **Technical Services Division**
        **Transportation Bureau**      11/01/67 to 01/29/68  **02 months**

I was temporarily assigned to the Beverly Hills Municipal Court pending my assignment to a Patrol Station.

13.     **Custody Division**
        **Central Jail**               05/06/66 to 11/01/67  **18 months**

I returned to my previous assignment at the Central Jail after graduation from the Academy.  I performed all aspects of a Custody Deputy i.e. Module Officer, Prowler, Control Booth, High Power, etc.

14.     **Administrative Division**
        **Academy**                    01/17/66 to 05/06/66  **04 months**

I was a Sheriff's trainee assigned to Class #110.

15.     **Custody Division**
        **Central Jail**               12/01/65 to 01/17/66  **01 month**

I was a pre-academy Custody Deputy assigned to the Central Jail as an "off the street" Deputy Sheriff.

## DEGREES AND CERTIFICATION

| | | |
|---|---|---|
| P.O.S.T. Command College (Class #5) | POST | 1988 |
| Management Certification | POST | 1980 |
| Advanced Certification | POST | 1975 |
| Associate of Science Degree | Chaffey College | 1971 |

-6-

# Roger A. Clark

## Police Procedures Consultant, Inc.

10207 Molino Road.  Santee, CA 92071
Phone: (208) 351-2458,  Fax: (619) 258-0045
rclark9314@aol.com

January 19, 2016

Mr. Benjamin Nisenbaum, Esq.
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621

**Regarding:   *V.W., a minor, et al., v. Robert Nichelini, et al., Case No.: 2:12-CV-01629-LKK-AC.***

Dear Mr. Mr. Nisenbaum:

My fee schedule is as follows:

- Travel time at the rate of $50.00 per hour.
- All case review, consulting, and writing of expert opinions (such as Rule 26 reports) at $250.00 per hour.
- All testimony (either at trial or deposition) at $350.00 per hour, with a two hour minimum required.
- A retainer fee of $3,000.00 when initially retained will be used against the above listed fees.  Subsequent billings at the rates specified.
- A "rush fee" of $500.00 for work required less than three weeks from notice/retention.
- An invoice will be submitted periodically reflecting the activities and charges associated with the account.  Payment is due upon receipt of the invoice.

There is no formal contract required.  My Federal Tax ID Number is **72-1576857.**

Sincerely,

Roger A. Clark

# Roger Clark

Police Procedures Consultant, Inc.
10207 Molino Road.  Santee, CA 92071
Phone: (208) 351-2458,  Fax: (619) 258-0045
**rclark9314@aol.com**

## UPDATED LIST OF SWORN TESTIMONY FOR RULE 26

### January 13, 2012 to January 13, 2016
(January 15, 2016)

**Deposition**:  January 13, 2012.  Reyna Johnston, et al., v. Riverside County, et al.  Case No. CV 10-08101.

**Deposition:**  January 17, 19, & 23, 2012.  Zhivka Valiavicharska v. UCPD (Berkeley), et al, USDC Case No. 10-CV-04847 JL.

**Deposition:**  January 18, 2012.  Danilo M. Molieri and Daniel S. Molieri, v. County of Marin, et al.  USDC Case No C-10-5430 MMC.

**Trial**:  January 20, 2012.  Brent Beckway, v. Lake County, et al.  USDC Case No. C-07-5072 THE

**Deposition:**  January 23, 2012.  Rachel Prescott, et al, v. County of Stansilaus, et al.  USDC Case No. 1:10-CV-00582 OWW-JLT.

**Deposition:**  January 30, 2012.  Superior Court, State of California (Los Angeles County) Deputy James Mee, v. County of Los Angeles, Case No. BC444914.

**Trial:**  February 1, 2012.  Robert Contreras vs. City of Los Angeles: et al.  USDC Case # CV11 01480 SS.

**Trial:**  February 8, 2012. Zhivka Valiavicharska v. UCPD (Berkeley), et al, USDC Case No. 10-CV-04847 JL.

**Trial:**  February 10, 2012.  Barbara J. Batchan, et al, v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. BC423702.

**Trial:**  February 15, 2012.  Travell Bradford, v. Deputy Gregory Senior, USDC (Oregon) Case No. CV 08-644BR.

**Deposition:**  February 16, 2012.  Mark Bowen v. County of Riverside, et al.  Superior Court, State of California (Riverside County) Case No. RIC 516303

-1-

**Deposition:** February 17, 2012 and March 16, 2012. Luz Hernandez, v. City of Napa, et al. USDC Case No. 08-CV-04386 SBA.

**Deposition:** February 20, 2012. Emily Contreras and Jose Lua Sr., et al. v. City of San Jose: et al. Case # CV-10-00953 RMW.

**Deposition:** February 23, 2012. Sergeant Danny M. Singson, v. Commander Marc Farber, et al. USDC Case No. CV 11-1863 SI.

**Deposition:** February 27, 2012. Julio Cesar Duran, v. City of Weslaco, et al. USDC (Texas) Case No. 10-CV-00429**.**

**Deposition:** February 28, 2012. Deon Richard Dirks, v. County of Los Angeles, et al. USDC Case No. CV 08-05214 GPS (Ctx).

**Deposition:** February 28, 2012. Carol Champommier, et al, v. United States of America, et al. USDC Case No. CVl1-3913 JHN (PJWx), (Consolidated with Case No. CV11-05486).

**Trial:** March 1, 2012. Danny Pina, v. San Jose, et al. USDC Case No. CV10-02607 HRL.

**Deposition:** March 2, 2012. Mekione Samatua, et al, v. City of San Bernardino, et al. Superior Court (San Bernardino County), State of California Case No. CIVDS 917832.

**Deposition:** March 5, 2012. Estela Cabrales, v. Los Angeles County, et al. Superior Court (Los Angeles County), State of California Case No. TC 024782.

**Trial:** March 9, 2012 and March 12, 2012. P.C. (Mauricio Cornejo), v. City of Los Angeles, et al. USDC Case No. CV 07-3413 ABC (Ctx)

**Trial:** March 20, 2012. Damian Ramirez, v. City of Los Angeles, et al. Superior Court (Los Angeles County) Case No. NC043826.

**Trial:** March 28, 2012. Lakesha Wright, et al., v. City of Long Beach, et al. Superior Court State of California (Los Angeles County) Case No. BC404505.

**Deposition:** March 27, 2012. Gabriel Gonzales, et al., v. County of Los Angeles, et al. USDC Case No. CV11-1862 MMM (VBKx).

**Deposition:** April 3, 2012. Yvonne Barnes, et al., v. City of San Bernardino, et al. Superior Court (San Bernardino County), Case No. CIVSS 807102.

**Deposition:** April 5, 2012. Hector Briones and Roseland Harding, v. City of San Bernardino, et al. USDC Case No. CV 10-7571 CBM (Opx).

**Deposition:**  April 9, 2012.  Oscar Morales v. City of Los Angeles, et al.  USDC Case No. CV 11-04757 SVW (Shx).

**Trial:**  April 10, 2012.  People v. Rodger Warren Box, Superior Court (Contra Costa County, California) Case No. 150794-6, DA No. C 10 011036-1.

**Trial:**  April 11, 2012.  Paul Burke, v. City of Santa Monica, et al.  USDC Case No. CV 09-2259 MMM (PLAx).

**Trial:**  April 19, 2012.  Danny M. Singson, v. Marc Farber, et al.  USDC Case No. CV 11-1863 SI.

**Trial:**  April 20, 2012 and April 23, 2012.  Estela Cabrales, v. Los Angeles County, et al.  Superior Court (Los Angeles County), State of California Case No.  TC 024782.

**Trial:**  April 23, 2012.  Yvonne Barnes, et al., v. City of San Bernardino, et al.  Superior Court (San Bernardino County), Case No. CIVSS 807102.

**Deposition:**  April 27, 2012.  Chester Miller and Betty Miller v. City of Menlo Park, et al.  USDC Case No. C-11-00543-CW.
**Deposition:**  May 3, 2012.  Allen Harris, et al, v. City of Los Angeles, et al.  Superior Court, State of California (Los Angeles County), Case No. BC451880.

**Trial:**  May 7, 2012.  May 7, 201 Brett Lozano v City of Santa Ana, et al.:30-2010- Superior Court, State of California (Orange County), Case No. 00398323.

**Deposition:**  May 15, 2012.  Donald Sanchez, et al, v. County of San Bernardino, et al.  USDC Case No.: 2:10-cv-09384 MMM (Opx).

**Trial:**  May 16, 2012.  Chester Miller and Betty Miller v. City of Menlo Park, et al.  USDC Case No. C-11-00543-CW.

**Deposition:**  May 17, 2012.  Joseph Ober v. County of Los Angeles.  USDC C.D. Cal. Case No. CV 10-10032 DMG (SHx).

**Deposition:**  May 22, 2012.  Edward Colson, v. City of Bakersfield, et al.  USDC Case No. 1:10-CV-01776 OWW-JLT.

**Deposition:** May 30, 2012.  Steven A. Lorange, v. University of California, Los Angeles, et al.  USDC Case No. CV11 – 10417 SVW (JCx).

**Trial:** June 6, 2012.  Jonathon Castro v. County of Los Angeles, C.D. Cal. Case No. CV 10-5425 DSF (JEMx).

**Trial:** June 7, 2012.  Luz Hernandez, v. City of Napa, et al.  USDC Case No. 08-CV-04386 SBA.

**Deposition:** June 14, 2012, Fox et al. v. County of Sacramento et al. USDC Case No. 2:11 CV-00419 JAM-KJN.

**Deposition:** June 21, 2012.  Estate of Manuel Jaminez Chum, et al, v. City of Los Angeles, et al. USDC Case No. CV10-8228 JHN (Ex).

**Deposition:** June 22, 2012.  Jeremy Fogleman v. County of Los Angeles, et al.  USDC Case No. CV 10-6793 GAF (Shx).

**Deposition** June 25, 2012.  Cessy Lauderdale v. City of Greenville, Texas and Dustin Ray. USDC (Northern District of Texas) Case No. Civil Action No: 3:10-CV-1462.

**Trial:** June 28, 2012.  Donald Sanchez, et al, v. County of San Bernardino, et al.  USDC Case No.: 2:10-cv-09384 MMM (Opx).

**Trial:** July 3, 2012.  David Venegas, et al, v. Los Angeles County, et al.  Superior Court, State of California (Los Angeles County), Case No. BC 207136.

**Deposition:** July 12, 2012.  P. R., JR. (A Minor), Julie Rodriguez, v. County of Los Angeles, et al.  USDC Case No. CV 11-03803 MMM (Ssx).

**Deposition:** July 17, 2012.  Duvall Mariano, v. County of Los Angeles, et al.  USDC Case No. CV11-5106 JAK (FFMx).

**Trial:** August 8, 2012.  Estate of Manuel Jaminez Chum, et al, v. City of Los Angeles, et al. USDC Case No. CV10-8228 JHN (Ex).

**Trial:** July 20, 2012.  Ivan E. Henriquez, v. City of Los Angeles, et al.  USDC Case No. CV 10-3072.

**Deposition:** July 26, 2012,  K.X.T. a minor, v. City of Orange, et al.  Superior Court (Orange County) State of California Case No. 30-2011-00460392.

**Deposition:** July 30, 2012.  Angel M. Mendez and Jennifer Lynn Garcia v. County of Los Angeles, et al.  USDC Case No. CV 11-04771 850. JHN (Pjx).

**Trial:** August 3, 2012.  People v. Abisai Antonio Rivera.  Superior Court, State of California, County of Los Angeles, Case No. IWW04999.

**Trial:**  August 7, 2012.  John Franklin, v Jefferson County (Texas), et al., USDC (Beaumont Division, Texas) Case No. 1:09 cv-00931.

**Trial:**  August 8, 2012.  Estate of Manuel Jaminez Chum, et al, v. City of Los Angeles, et al. USDC Case No. CV10-8228 JHN (Ex).

**Deposition:**  August 9, 2012.  Asima Gul, et al. v.Garda CL West, Inc., et al., (AKA: Ajmal v Bank of the West).  Superior Court, State of California (San Joaquin County), Case No. 39-2010-00234481 CU-PO-STK.

**Deposition:**  August 20, 2012.  Mohamad Harb, et al, v. City of Bakersfield, et al.  Superior Court, State of California (Kern County) Case No. S-1500-CV-265887-SPC.

**Deposition:**  August 22, 2012.  Eugene Carl De Boise, Sr., et al. v. St. Louis County, Missouri, et al.  USDC Case No. 4:10CV818 TIA.

**Deposition:**  August 29, 2012.  Jose Cortez v. County of Los Angeles, et al.  USDC Case No CV 11-03274 DDP (AGRx)**.**

**Deposition:**  September 4, 2012.  Erika Canas, et al., v. City of Sunnyvale, et al.  USDC Case No. C08-05771 THE.

**Deposition:**  September 5, 2012.  Lea Riley, v. Orange County, et al.  USDC Case No. SACV 11-773 JST (Anx).

**Deposition:**  September 6, 2012.  Robert Lee Woodard, v. City of Menlo Park, et al.  USDC Case No. C09-3331 SBA.

**Deposition:**  September 7, 2012.  Steven Sevan Guidry v. City of Houston and Brenton Delon Green.  USDC Case No. H-11-1589.

**Trial:**  September 13, 2012.  Erika Canas, et al., v. City of Sunnyvale, et al.  USDC Case No. C08-05771 THE.

**Trial:** September 21, 2012 and September 24, 2012.  Robert Lee Woodard, v. City of Menlo Park, et al.  USDC Case No. C09-3331 SBA.

**Deposition:**  September 25, 2012.  Rohayent Gomez Eriza, a Minor, et al, v. City of Los Angeles, et al.  Superior Court, (Los Angeles County) State of California Case No. BC 453870.

**Trial:**  September 26, 2012.  Jacque Cedric Noel v. City of Los Angeles, USDC Case No. CV10-04044.

**Deposition:** September 28, 2012 and September 29, 2012.  Robert E. Campbell, et al. v. City of Lubbock, Texas, et al.  USDC (Lubbock, Texas) Case No. 5:11-cv-00116-C.

**Deposition:**  October 2, 2012.  819.  Annette D. Montalvo et al, v. Los Angeles County, et al.  Superior Court (Los Angeles County), State of California    Case No. TC023708.

**Deposition:**  October 3, 2012.  Chelsea Garrett, v. City of Stow, et al.  USDC Case No. 5:12-cv-404, JRA October 3, 2012.

**Deposition:**  October 11, 2012.  Federico Cornejo, et al, v. County of Los Angeles, et al.  USDC Case No. CV 12-3242 SVW (Shx).

**Deposition:**  October 15, 2012.  James Parker v. County of Los Angeles, et al.  USDC Case No. CV12-0064-SVW (FFMx).

**Deposition:**  October 16, 2012.  Elizabeth Escalante, v. City of Los Angeles, et al.  Superior Court (Los Angeles County), Case No. BC 452902.

**Deposition:**  October 17, 2012.  Eva Gutierrez and Dionicio Gutierrez v. County of Los Angeles, et al. USDC Case No. CV 10-07608 PSG (AJWx).
**Trial:** October 18, 2012.  Cristina Ibarra, v. City of Los Angeles, et al.  Superior Court (Los Angeles County), State of California Case No. SC108224.

**Deposition:**  October 26, 2012.  Calvin Chang, v. The Regents of the University of California, Superior Court (Sacramento County), State of California Case No. Case No 34-2009-00033484.

**Trial:**  October 31, 2012.  Annette D. Montalvo et al, v. Los Angeles County, et al.  Superior Court (Los Angeles County), State of California, Case No. TC023708.

**Trial:**  November 1, 2012 and November 2, 2012.  Allen Harris, et al, v. City of Los Angeles, et al.  Superior Court, State of California (Los Angeles County), Case No. BC451880.

**Deposition:**  November 8, 2012.  XYZ Distributors, Inc., et al, v. County of Los Angeles, et al. C.D. Cal. Case No. LA CV11-05301 JAK (FFMx).

**Deposition:**  November 15, 2012.  Grace Brown, v. Kern County, et al.  Superior Court, (Kern County) State of California, Case No. S-1500-CV-262127 SPC, Consolidated with Case No. S-1500-CV-262322 AEW.

**Trial:**  November 29, 2012.  Calvin Chang, v. The Regents of the University of California, Superior Court (Sacramento County) State of California Case No 34-2009-00033484.

**Trial:** December 3, 2012. Mohamad Harb, et al, v. City of Bakersfield, et al. Superior Court, State of California (Kern County) Case No. S-1500-CV-265887-SPC.

**Deposition:** December 6, 2012. Adrian Lamont McKoy, v. County of Los Angeles, et al. Superior Court (Los Angeles County) Case No. BC462452.

**Trial** December 11, 2012. Rohayent Gomez Eriza, a Minor, et al. v. City of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC 453870.

**Deposition:** December 18, 2012. Elizabeth Escalante, v. City of Los Angeles, et al. Case No. BC 452902.

**Deposition:** December 20, 2012. June Elane Sylvester, v. County of Del Norte, et al. USDC Case No. CV-11-01459 YGR.

**Deposition:** December 21, 2012. Jermaine Montiel, v. City of San Jose, et al. Case No. C 07 05490 HRL.

**Deposition:** December 27, 2012. Serge LaPointe, v. County of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC473255.

**Deposition:** January 3, 2013. Monica Del Castillo, et al., v. City of Santa Ana, et al. Superior Court, State of California (Orange County) Case No. 30-2010-00383134, c/w Case No. 30-2010-000431249.

**Trial:** January 10, 2013. Donald Sanchez, et al, v. County of San Bernardino, et al. USDC Case No.: 2:10-cv-09384 MMM (Opx).

**Deposition.** January 14, 2013. Julius Bilbrew v. City of Hawthorne, et al. USDC Case No. CV11-8282 CBM (FMOx).

**Deposition:** January 16, 2013. Douglas Zerby, et al. v. City of Long Beach, et al. USDC Case No. SACV11-00536AG (RNBx)

**Deposition:** January 21, 2013. Josie De La Rosa, v. LASD Deputy Javier Martinez. LASD Case No. 11-CV-465 CSA (AGR).

**Trial:** January 22, 2013. XYZ Distributors, Inc., et al, v. County of Los Angeles, et al. C.D. Cal. Case No. LA CV11-05301 JAK (FFMx).

**Deposition:** January 25, 2013. Wolfswinkel v. Arpaio, et al. USDC (Arizona) CV-11-00116-PHX-NVW.

-7-

**Trial:**  February 4, 2013.  Anita Lynette Wooten, v. City of Long Beach, et al.  Superior Court, State of California (Los Angeles County) Case No. NC 053151.

**Deposition:**  February 6, 2013.  Kimberly Luong, et al., v. City and County of San Francisco et al., USDC Case No. C11-05661 MEJ.

**Deposition:**  February 7, 2013.  A.M., a Minor, et al, v, Los Angeles County, et al.  USDC Case No. 2:11-cv-08297 JAK-PJW.

**Deposition:**  February 8, 2013.  Lieu Thi Truong, et al, v. County of Sacramento, et al.  USDC Case No. 2:10-cv-00506 MCE-KJN.

**Deposition:**  February 11, 2013.  Frederick Ortega v. City of Ontario, et al.  USDC Case No. EDCV 12-397 GAF (Opx).

**Deposition:**  February 12, 2013.  Jesse Ray Lucas, v. City of Visalia, et al.  USDC Case No. CV 10-7608-PSG (AJWx).

**Deposition:**  February 19, 2013.  Salvador Estrada Lua, v. County of Los Angeles, et al.  Superior Court (Los Angeles County), State of California Case No EC 054587.

**Deposition:**  February 21, 2013.  Armando Castillo, et al, v. City of Los Angeles, et al.  USDC Case No. CV12-04498 JAK (JCGx).

**Deposition:**  February 22, 2013.  Veth Mam, v. City of Fullerton, et al.  USDC Case No. SACV11-1242 JST (MLGx).

**Trial:**  February 26, 2013. Elizabeth Escalante, v. City of Los Angeles, et al.  Case No. BC 452902.

**Trial.**  February 27, 2013.  Angel M. Mendez and Jennifer Lynn Garcia v. County of Los Angeles, et al.  USDC Case No. CV 11-04771 850. JHN (Pjx).

**Deposition:**  March 4, 2013.  969.  Jinny Lynn Pearce, v. County of Kern, et al.  USDC Case No. 1:11-CV-0604 AWI GSA.

**Deposition:**  March 5, 2013.  Ada Morales Coto, v. Los Angeles County, et al.  Superior Court, State of California Case No. BC44905.

**Deposition:**  March 6, 2013.  Naily Nida, et al. v. City of Downey, et al.  USDC Case # CV 12 - 01372 SJO (JEMx).

**Deposition:** March 13, 2013.  Raul Jesse Gonzalez Jr., v. City of Escondido, et al.  USDC Case No. 11-CV-2846-W (WVG).

**Deposition:** March 15, 2013.  Carole A. Cosentino, Ronald L. Bours, Estate of Steven M. Bours, et al. v. City of Downey, Christopher Kurtz, et al., USDC Case No. 2:11-CV-03206-GAF (SSx).

**Deposition:** March 18, 2013985.  M.L., a Monor, et al., v. Los Angeles County, et al.  Superior Court, State of California (Los Angeles County), Case No. VC 058338.

**Deposition:** March 20, 2013.  Nora Manni, v. City of San Diego, et al.  USDC Case No. 11 cv 0435 W (DHB).

**Trial:** March 23, 2013 and March 26, 2013  Douglas Zerby, et al. v. City of Long Beach, et al. USDC Case No. SACV11-00536AG (RNBx).

**Deposition:** March 25, 2013.  Cindy Orellana, v. County of Los Angeles, et al. USDC Case File No. CV 12-1944 MMM (CWx).

**Trial:** March 27, 2013.  Kimberly Luong, et al., v. City and County of San Francisco et al., USDC Case No. C11-05661 MEJ.

**Trial:** March 28, 2013.  Carol Champommier, et al, v. United States of America, et al.  USDC Case No. CVl1-3913 JHN (PJWx) [Consolidated with Case No. CV11-05486.

**Deposition:** April 2, 2013.  Michael Foster and Kimberly Foster, v. County of San Diego, et al., USDC CaseNo. 11-CV-1953-H (BGS)

**Deposition:** April 8, 2013.  Katie Rodriguez, v. County of San Bernardino, et al.. Superior Court, State of California, (San Bernardino County), Case No CIVVS 110.

**Deposition:** April 16, 2013.  Elecia Holland, v. City and County of San Francisco, et al., Case No.: CV 10-2603 TEH.

**Trial:** April 17, 2013.  Veth Mam, v. City of Fullerton, et al.  USDC Case No. SACV11-1242 JST (MLGx).

**Deposition:** April 18, 2013.  Javier Bravo, Hope Bravo and E.B. (a minor), v. City of Santa Maria, et al.  USDC Case No. CV 06-06851 FMO (Shx).

**Deposition:** April 19, 2013.  Sylvia Theresa Lopez, et al., v. Contra Costa County Sheriff's Department, et al., Case No. C11-02888.

**Deposition:** April 24, 2013, May 2, 2013, and May 7, 2013.  The Estate of Anastacio Hernandez-Rojas, et al., v U. S. Customs and Border Protection, et al., Case No. 11-CV-0522-L NLS.

**Trial.**  April 26, 2013.  Elecia Holland, v. City and County of San Francisco, et al., Case No.: CV 10-2603 TEH.

**Deposition:**  April 29. 2013.  Civil Action No. 4:11-CV-00882; Karen Echols, et al, v. Gardiner, et al.; In the United States District of the Southern District of Texas, Houston Division.

**Deposition:**  May 1, 2013.  Robert Thomas Sr., et al, v. County of Los Angeles, et al.  Superior Court, State of California (Los Angeles County), Case No. TC 025583.

**Deposition:**  May 2, 2013.  David Bryant and Andrea Bryant, individually and as husband and wife v. The City of Goodyear, et al., Case No. 2:12-cv-00319-JAT.

**Trial:**  May 3, 2013.  Kandace Simplis, et al, v. Culver City Police, et al.  USDC Case No.CV10-9497 JHN (MANx).

**Deposition:**  May 6, 2013.  Alexander Perez Alvarado, a minor, et al., v. The City of Santa Ana, et al., Case No. 8:12-CV-00328-UA.

**Deposition:**  May 14, 2013.  Lisa and Anthony ("A.J.") Demaree, et al, v. John Krause, et al. USDC (Arizona) Case No. CV 11-00046 PHX-ROS.

**Deposition:**  May 24, 2013.  William Pitman, v. County of Los Angeles, et al.  Superior Court, State of California (Los Angeles County), Case No. BC 472800.

**Deposition:**  May 28, 2013.  Toby Jermaine Wilson v. City of Vallejo, et al.  USDC Case No. 2:12-cv-00547-JAM-CKD.

**Trial:** May 30, 2013 and May 31, 3013.  Robert Thomas Sr., et al, v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. TC 025583.

**Deposition:**  June 3, 2013.  Maria Macias & Lidia Amesquita, v. City of Long Beach, et al. USDC Case No. cv-12-3113 PA (FFMx).

**Trial:**  June 4, 2013.  Mashia McCraw-Lewis, et al, v. City of Los Angeles, et al.  Superior Court (Los Angeles County) Case No. BC 457859.

**Deposition:**  June 5, 2013,  Bereket Demsse, v. City of San Diego, et al., USDC Case No.: 12-cv-0914-JM (WVG).

-10-

**Deposition:** June 10, 2013. Ricky Diaz v. USA, et al. (San Ysidro Border Crossing). USDC Case No. 11 cv 02028 IEG (POR).

**Deposition:** June 14, 2013. Javier - Guerrero v. City of San Jose, et al. USDC Case No.: CV 12-03541 PSG.

**Deposition:** June 17, 2013. John Rogoff, v. County of San Bernardino, et al. USDC Case No. 2:12-cv-04218. DSF (Spx).

**Trial**: June 24, 2013. Salvador Estrada Lua, v. County of Los Angeles, et al. Superior Court (Los Angeles County), State of California Case No EC 054587.

**Deposition:** June 26, 2013. Sabrina Smith, et al., vs., County of San Diego, et al., USDC Case No.: CASE NO. 11cv0356-W(WVG)

**Deposition:** June 27, 2013. Elizabeth Nichols v. City of Portland, et al. USDC Case No. 3:13-CV-1889, MO.

**Trial:** July 2, 2013. Noreen Salinas, v. City of San Jose, et al. USDC Case No. C08-02625 RS.

**Deposition:** July 3, 2013. Gregory Williams, v. City of Merced, et al. Case No. 1:10-CV-1999 MJS.

**Trial:** July 9, 2013. Cindy Orellana, v. County of Los Angeles, et al. USDC Case File No. CV 12-1944 MMM (CWx).

**Trial:** July 10, 2013. Gregory Williams, v. City of Merced, et al. Case No. 1:10-CV-1999 MJS.

**Deposition:** July 16, 2013. Boris Bolshakov, v. San Mateo County, et al. Superior Court (San Mateo County), State of California Case No. CIV 515418.

**Trial:** July 19, 2013. Asima Gul, et al. v.Garda CL West, Inc., et al., (AKA: Ajmal v Bank of the West). Superior Court, State of California (San Joaquin County), Case No. 39-2010-00234481 CU-PO-STK.

**Deposition:** July 22, 2013. David Lee Turner Jr., et al., v. County of Kern, et al., Case No.: CV-01366-AWI-SKO.

**Trial:** July 23, 2013. Michael Foster and Kimberly Foster, v. County of San Diego, et al., USDC CaseNo. 11-CV-1953-H (BGS).

-11-

**Deposition:**  July 29, 2013,  Gregory L. Sullivan and Koji Fujita, v. City of San Rafael, et al., Case No.:C 12-1922 MEJ.

**Trial:**  July 31, 2013.  962. John Young, v. Aron Wolfe, County of Los Angeles, et al.  USDC Case No. 2:07-CV-3190 RSWL-RZx.

**Trial:**  July 31, 2013.  Troy J. Dugan v. County of Los Angeles, et al. Case No. CV11-8145 ODW (Shx).

**Trial:**  August 1, 2013.  Ricky Diaz v. USA, et al. (San Ysidro Border Crossing).  USDC Case No. 11 cv 02028 IEG (POR).

**Trial:**  August 6, 2013.  Elizabeth Nichols v. City of Portland, et al.  USDC Case No. 3:13-CV-1889, MO.

**Trial:**  August 14, 2013.  Jason Eugene Deocampo et al, v. City of Vallejo, et al., USDC Case No. 2:06-CV-01283, WBS-GGH.

**Deposition:**  August 15, 2013.  Travis Mock v. City of Anaheim, et al., USDC Case No.: cv-829-CJC (MLGx).

**Deposition:**  August 15, 2013.  Barbara Padilla, et al., v. City of Anaheim, et al., USDC Case No.: SACV12-622 JVS (JPRx).

**Deposition:**  August 26, 2013.  Denise Monarque, as Personal Representative of the Estate of Richard Monarque, Deceased, v. The City of Rio Rancho, et al., Case No.: CV-2011-0135 MV/KBM.

**Deposition:**  September 10, 2013.  Kristy Beets, et al, v. County of Los Angeles, et al, Superior Court (County of Los Angeles) Case No. KC 057667.

**Deposition:**  September 16, 2013.  Brett Johnson, v. San Benito County, et al., Case No. CV 12-3691 LHK.

**Trial:**  September 24, 2013.  Barbara Padilla, et al., v. City of Anaheim, et al., USDC Case No.: SACV12-622 JVS (JPRx).

**Trial:**  September 26, 2013.  Eva Gutierrez and Dionicio Gutierrez v. County of Los Angeles, et al. Case No. CV 10-07608 PSG (AJWx).

**Deposition:**  September 27, 2013.  Gregory Martinez, Sr., et al., vs City of Avondale, et al., Case No. CV-12-01837-PHX-LOA.

-12-

**Deposition:** October 4, 2013.  Jerrold Rosenblatt, v. City of Hillsborough, et al., USDC Case No. C12-5210 LB.

**Deposition:** October 7, 2013.  Estate of Kenneth Paul Munoz, Jr., et al, v. County of San Bernardino, et al.  USDC Case No.: CV-12-05604 DSF (PJWx).

**Deposition:** October 11, 2013.  Jerry Newmaker and Susan Olesen, v. City of Fortuna, et al. USDC Case No. CV-12-4675-PJH.

**Deposition:** October 14, 2013.  John Leroy Jones, et al., v. Las Vegas Metropolitan Police Department, et al., Case No. 12-CV-01636 MMD CWH.

**Deposition:** October 18, 2013.  A.K.H. et al., v. City of Tustin, et al., Case No.: SACV 12-01547 JST (RNBx).

**Deposition:** October 30, 2013..Eduardo Enrique Alegrett, v. City and County of San Francisco, et al., USDC Case No. C12-5538 MEJ.

**Deposition:** November 13, 2013.  Semaj Randolph et al, v. Harold Thad Turner, et al., USDC Case No. 5:12-cv-3087 1028 MBS.

**Dposition:** November 19, 2013.  David Dominquez Mendoza, et al., v. City of Peoria, et al., Case No.: CV-13-00258-PHX-NVW.

**Deposition:** November 21, 2013.  Marie Sales, (Paul Quintanar), v. City of Tustin, et al. USDC Case No. SACV12-01834 CJC (MLGx).

**Deposition:** November 26, 2013.  Ken Sheppard, v. County of Los Angeles, et al.  USDC Case No. 12-2392 CBM (PJWx).

**Deposition:** December 2, 2013.  Estate of Manuel Diaz, Genevieve Huizar, v. City of Anaheim, et al.  USDC Case No. 12-01897 JVS (RNBx).

**Deposition:** December 10, 2013.  Lydia Vasquez-Brenes and Ricardo Brenes, v Las Vegas Metropolitan Police Department.  USDC Case No.: 2:12cv1635-JCM-VCF.

**Deposition:** December 19, 2013.  Celina, Sabrina and Valente Galindo IV, v. City of San Jose, et al.  USDC Case No. CV 13-0105 HRL.

**Deposition:** December 23, 2013.  Rebeca Fajardo, v. City of El Centro, et al.  Case No. 3:12-cv-1521-GPC-PCL.

**Deposition**: December 27, 2013.  Desmen Miller, v. Los Angeles County, et al.  USDC Case No. CV13-0024555.

**Deposition:** January 8, 2014 and January 14, 2014.  Antione Leron Willis, v. Joseph Wagner, et al.  USDC (Illinois) Case No. 08 CV 01964.

**Trial:** January 9, 2014 & January 10, 2014.  Hugo Vanlid Sarmiento v. Orange County, et al.  USDC Case No. ASCV06-0586 DOC (Anx).

**Trial:** January 15, 2014.  John Rogoff, v. County of San Bernardino, et al.  USDC Case No. 2:12-cv-04218.  DSF (Spx).

**Deposition:** January 22, 2014,  Maureen Abston, et al. v. City of Merced, et al.  USDC Case No. 1:09-CV-00511 OWW GSA.

**Deposition:** January 24, 2014.  Scirocco Giles, v. Nicholas Ludwig, et al., USDC Case No. 12 C 6746.

**Trial:** January 28, 2014.  William E. Wilson, et al, v. Clackamas County et al.  Circuit Court (State of Oregon) Case No. 1204-04632.

**Deposition:** January 30, 2014.  Ammir Umar, v. City of San Jose, et al.  USDC Case No. CV12-6071 HRL.

**Deposition:** February 3, 2014.  891. Nathaniel Marshall, v. County of Los Angeles, et al.  Superior Court (Los Angeles County) Case No.  BC430969.

**Deposition:** February 7, 2014.  Christine Villegas, a minor et al., v. City of Anaheim, et al., Case No. 8-12-cv002013-CJC-AN.

**Deposition:** February 10, 2014.  Josh Lawson and Christopher Franklin, v. City of Seattle, et al., USDC Case No. 12-1994-MAT**.**

**Deposition:** February 12, 2014.  Abisai Antonio Rivera, Jr. v. David Avila, et al.  USDC Case No: CV13-01404.

**Deposition:** February 14, 2014.  Earl Brown, Sr. et al., v. City and County of San Francisco, et al., Case No. C11-02162LB.

**Trial:** February 20, 2014.  Maureen Abston, et al. v. City of Merced, et al.  USDC Case No. 1:09-CV-00511 OWW GSA.

**Deposition:** February 21, 2014.  Lee Lacy, v. Sergeant Elizabeth Palmer, et al., Case No. 12-CV-00624-MMA-JMS.

-14-

**Deposition:**  February 24, 2014.  William Lee Muncy, et al., v. James R. Beutler, et al., Case No. 3:12-cv-804.

**Trial:**  February 25, 2014.  Ken Sheppard, v. County of Los Angeles, et al.  USDC Case No. 12-2392 CBM (PJWx).

**Trial:**  February 27, 2014. Estate of Manuel Diaz, Genevieve Huizar, v. City of Anaheim, et al. USDC Case No. 12-01897 JVS (RNBx).

**Trial:**  March 3, 2014, March 5, & 6, 2014.  Shuja Sayed Ahmad, v. Arizona Department of Public Safety, et al., Superior Court (Maricopa County), State of Arizona, Case No. CV 2008-030707.

**Trial:**  March 4, 2014.  David Lee Turner Jr., et al., v. County of Kern, et al., Case No.: CV-01366-AWI-SKO.

**Deposition:**  March 7, 2014.  Michael Fujikawa, v. City of San Jose, et al.  Superior Court (Santa Clara County) Case No. 1-12-CV-219612.

**Deposition:**  March 11, 2014.  Gabino Rosales, et al., v. County of Los Angeles, et al.  USDC Case Nos. 2:12-cv-03852-SVW-AGR and 2:13.

**Depoisition:**  March 12, 2014.  Jennifer Medina, et al, v County of San Diego et al.  USDC Case No. 08cv1395 AJB (RBB).

**Deposition:**  March 13, 2014.  Charlene Nelson v. Riverside County, et al.  Superior Court (Riverside County) Case No. RIV 10011174.

**Deposition:**  March 18, 2014.  Tushana Howard, et al, v. City of Los Angeles, et al.  USDC Case No. CV13-01847 SJO (JEMx).

**Deposition:**  March 19, 2014.  Alexandra Black (Arsalai), et al. v. Alameda, County, et al. Superior Court (Alameda County) State of California Case No. RG 11565214 (SL).

**Deposition:**  March 20, 2014.  Fiona Raygoza (Armenta) et al, v. City of Fresno, et al.  USDC Case No 1;13-CV-00322 LJO MJS.

**Deposition:**  March 24, 2014.  Shakina Ortega, et al, v. City of San Diego, et al.  Case No. 13-CV-89-LAB (JMA).

**Trial:**  March 26, 2014.  Michael Fujikawa, v. City of San Jose, et al.  Superior Court, State of California (Santa Clara County),  Case No. 1-12-CV-219612.

-15-

**Deposition.**  March 27, 2014.  Kenneth McDade, et al, v. City of Pasadena, et al.  USDC Case No. 2:12CV02892 DMG JCG.

**Deposition.**  March 31, 2014.  William F. Howard, et al., v. County of Riverside, et al. USDC Case No. CV 12-00700 VAP (Opx).

**Deposition.**  April 2, 2014.  Jimmy Osborne, v. Harris County Texas, Sgt. John Gable, et al., Case No. 4:13-CV-435.

**Deposition.**  April 4, 2014.  Jaime Cota, v. County of Kern, et al.  USDC Case No. 1:12-CV-01618-JLT.

**Deposition.**  April 8, 2014.  A.L.T., A Minor, et al., v. County of Riverside, Case No.: edcv 12-1765 TJH (Opx).

**Deposition:**  April 9, 2014.  William D. Caldwell v. County of Los Angeles, et al.  USDC Case No. CV 12-02138 BRO (JC).

**Deposition:**  April 10, 2014.  Chien Van Bui, et al, vs. City and County of San Francisco, et al. USDC Case No. CV 11-04189 LB.

**Deposition:**  April 11, 2014.  Patrick Torres, v. City of Los Angeles, et al., Case No. CV-01200-MWF-JCG.

**Deposition:**  April 14, 2014.  Kathleen Ann Fowler, v. California Highway Patrol, el al., Case No. C 13-1025 THE.

**Deposition:**  April 16, 2014.  Junior Lagunas, et al., v. City of Anaheim, et al., USDC Cases No. SACV 13-00247 & SACV 13-01447 JLS (Anx).

**Trial:**  April 17, 2014.  Carol Krechman: et al. vs. County of Riverside: et al.  Case No. CV-10-08705 ODW.

**Deposition:**  April 18, 2014.  Akbar Amin-Akbari v. City of Austin et al., USDC (Western District of Texas) Civil Action No. 1:13-cv-00472-LY.

**Deposition:**  April 23, 2014.  Christopher J. Windsor, v. Chris Eaves, et al., Case No. 5:13-CV-00038.

**Trial:**  April 24, 2014.  Alexander Perez Alvarado, a minor, et al., v. The City of Santa Ana, et al., Case No. 8:12-CV-00328-UA.

**Depoition:**  April 29, 2014.  Michael Lobrono, et al. v. County of Los Angeles, et al.  USDC Case No. 13-03838 RGK (Ex).

-16-

**Deposition:**  April 30, 2014.  Audry Henry v. City of Los Angeles, el al., Case No.: CV 13-03151 JAK (MWRx).

**Trial:**  May 7, 2014.  Audry Henry v. City of Los Angeles, el al., Case No.: CV 13-03151 JAK (MWRx).

**Deposition:**  May 12, 2014.  Chalino Sanchez v. County of Los Angeles, et al.  USDC Case No.: CV 13-03836.

**Deposition:**  May 15, 2014.  Carlos Barba v. City of Santa Ana, et al.  Superior Court State of California (Orange County) Case No. 30-2013-00649819-CU-PO-CJC.

**Deposition:**  May 19, 2014.  John Warner Stephens, v. County of San Diego, et al.  USDC Case No., 11cv2832 AJB (KSC).

**Trial:**  May 22, 2014.  Nathaniel Marshall, v. County of Los Angeles, et al.  Superior Court (Los Angeles County) Case No.  BC430969.

**Trial:**  May 27, 2014.  Kathleen Ann Fowler, v. California Highway Patrol, el al., Case No. C 13-1025 THE.

**Trial:**  May 29, 2014.William D. Caldwell v. County of Los Angeles, et al.  USDC Case No. CV 12-02138 BRO (JC).

**Deposition:**  May 29, 2014.  Estate of Hutalio Serrano-Granados, et al., v. City of Colton, et al, Case No.: EDCV 13-519 JAK(OPx).

**Deposition:**  June 3, 2014.  I.R., et al. v. City of Fresno, et al., Case Nos.: 1:12-CV-00558-AWI (GSAx) and 1:13-CV-00850-LJO (BAMx).

**Trial.**  June 5, 2014.  William F. Howard, et al., v. County of Riverside, et al.  USDC Case No. CV 12-00700 VAP (Opx).

**Trial.**  June 12, 2014.  .Eduardo Enrique Alegrett, v. City and County of San Francisco, et al., USDC Case No. C12-5538 MEJ.

**Trial.**  June 18, 2014.  Antonio Rendon, et al., v. City of Indio, et al., Case No.: CV 13-00667 VAP (Opx).

**Deposition.**  June 30, 2014.  Larry and Pamela Olsen et al., v. California Department of Corrections, et al.  USDC Case 08 CV 2035 Jah BLM.

**Civil Service Commission Hearing:**  July 7, 2014.  Regarding Deputy James Mee, Los Angeles County Sheriff's Department, IAB File 2291137.

**Trial:** July 14, 2014.  Chelsey Hayes, et al, v. County of San Diego, et al.  USDC Case No. 07-CV-1738 DMS (JMA).

**Deposition:**  July 15, 2014.  Nichole Gochmanosky, Marie Weber and Ashley Wardle, v. City of San Diego, et al.  USDC Case No 12-CV-2944 L. NIS., and Kari Helstern, v. City of San Diego, et al.  USDC Case No 13-cv-0321 LAB (RRB).

**Trial:**  July 17, 2014.  1213.   Servando G. Castaneda, et al v. County of Los Angeles, et al.  Superior Court, State of California (County of Los Angeles) Case No. BC511592.

**Deposition:**  July 23, 2014.  Miguel A. Gonzales-Chavez, v. City of Bakersfield, et al., Case No.: 1:12-CV-02053-AWI-JLT

**Deposition:**  July 24, 2014.  Maria Munoz, et al, v. County of Riverside, et al.  Superior Court, State of California (Riverside County), Case No RIC 1207941.

**Deposition:**  August 6, 2014.  Carmen Ruvalcaba, v. City of Los Angeles, et al.  USDC Case No 12-CV-06683 DDP (MAN).

**Trial:**  August 14, 2014.  Maria Munoz, et al, v. County of Riverside, et al.  Superior Court, State of California (Riverside County), Case No RIC 1207941.

**Deposition:**  August 15, 2014.  Precious Venable v. City of Milwaukee, et al., USDC Case No. 13-cv-1114; Joe Bohannon v. City of Milwaukee, et al., USDC Case No. 13-cv-1224; Angus Wright v. City of Milwaukee, et al., USDC Case No. 13; Chavies Hoskin v. City of Milwaukee, et al.  USDC Case No. 13-cv-0920.

**Deposition:**  August 24, 2014.  Merricks Prudhomme, v. City of Orange, et al.  Superior Court (Orange County) Case No. 30-2013 00654570.

**Deposition:**  August 27, 2014.  Carlos Sierra v. County of Los Angeles, et al.  Superior Court Case No. BC 477258.

**Deposition:**  August 29, 2014.  Robert Tidwell v City of Round Rock, et al., USDC (Texas) Case No.: 1:13.

**Trial:**  September 9, 2014.  Antione Leron Willis, v. Joseph Wagner, et al.  USDC (Illinois) Case No. 08 CV 01964.

**Deposition:** September 12, 2014, Elizabeth Adam & Robert Chester Henning, v. County of Los Angeles, et al. USDC Case No. CV 13-1156 GW (JCGx).

**Deposition:** September 14, 2014. Daniel Johnson, v. County of Los Angeles, et al. USDC Case No. CV14-00368 SVW (Jex).

**Trial:** September 17, 2014. Maxine Sherard v. City of San Diego, et al. USDC Case No. 11cv2854-L (MDD).

**Deposition:** September 26, 2014. Joseph Lozano v. City of Rialto, et al. USDC Case No. EDCV 13-1636 GHK.

**Trial**: October 6, 2014. Scirocco Giles, v. Nicholas Ludwig, et al., USDC (Chicago) Case No. 12 C 6746.

**Deposition:** October 14, 2014. Geoffrey Ernest Johnson, v. County of Los Angeles, et al. USDC Case No. CV-13-4496 MMM (AJWx).

**Deposition:** October 16, 2014. The Estate of Angel Lopez, et al., v. City of San Diego, et al. Case No.: 13CV2240 GPC BGS.

**Deposition:** October 21, 2014. Shirar et al, v. CHP Officer Miguel Guerrero, et al, USDC Case No. EDCV 13 - 0906 JGB (Opx).

**Deposition:** October 27, 2014. R.Z., a minor (Zermeno), et al., v. County of Riverside, et al., Case No.: EDCV 13-01251 FMO (DTBx).

**Trial**: October 30, 2014. Chandler Todd Barr v. The City of Albuquerque, et al. USDC Case No. CIV 12-1109 GBW-RHS.

**Deposition:** November 7, 2014. Brejanea Burley, et al., v. County of Los Angeles, et al. Superior Court, (Los Angeles County) Case No. TC027341.

**Deposition:** November 12, 2014. Michael Huey, et al, v. City of Vallejo, et al. USDC Case No. 2:13‑CV‑00916. JAM KJN.

**Trial:** November 13, 2014. Barbara Padilla, et al., v. City of Anaheim, et al., Case No. SACV12-622 JVS (JPRx).

**Deposition:** November 14, 2014. Frank Martinez v. County of Los Angeles et al. USDC Case No. CV 13-3825 CAS (JCGx).

**Deposition:**  November 17, 2014.  Randy Lynn v. City of Indianapolis, et al., Case No. 1:13-CV-00179-JMS-TAB**.**

**Deposition:**  November 19, 2014.  Sandra Blount, aka, Sandra Castro, v. City of Los Angeles, et al., Case No.: CV13-08672DDP.

**Deposition:**  November 20, 2014.  Harrison Orr, v. California Highway Patrol, el al., Case No. 2:14-cv-00585-WBS-EFB.

**Deposition:**  November 25, 2014.  James Ligon, v. CHP Officer Joe Lafauci, et al.  USDC Case No.  Cv 13-02875 (RMW).

**Trial:**  December 1, 2014.  Brejanea Burley, et al., v. County of Los Angeles, et al.  Superior Court, (Los Angeles County) Case No. TC027341.

**Deposition:**  December 2, 2014.  K.C.R. (Rivera) a minor, et al, v. County of Los Angeles, et al. USDC Case No. CV 13-03806 PSG (Ssx).

**Deposition:**  December 4, 2014.  Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Trial:**  December 9, 2014.  Lee Lacy, v. Sergeant Elizabeth Palmer, et al., Case No. 12-CV-00624-MMA-JMS.

**Deposition:**  December 12, 2014.  Esperanza Booke, et al, v. City of Stanger, et al., Case No.: 1:13-cv-00586-AWISAB.

**Deposition:**  December 17, 2014.  Donald Geary, v. County of Orange, et al.  USDC Case No. SACV09-01386 JVS (Anx).

**Trial:**  December 29, 2014.  People v. Lorenzo Gomez, San Bernardino County Case No. FSB 1200922.

**Deposition:**  January 7, 2015.  Michael Wann, et al., v County of San Bernardino, et al, Case No.: EDCV13-1422, JGB (DTBx).

**Trial:**  January 14, 2015.  People v. Luis Alberto Torres, Superior Court, State of California (San Mateo County), Case No. SM 386562.

**Deposition:**  January 16, 2015. Shawn Tulcey, an Individual, v. County of Los Angeles, et al. Case No. CV13-3773 BRO (FFM).

**Trial:**  January 23, 2015.  Patrick Torres, v. City of Los Angeles, et al., Case No. CV-01200-MWF-JCG.

**Deposition:**  January 26, 2015.  Bennie Starks, v. City of Waukegan, et al. USDC Case No. 09 CV 348.

**Trial:**  January 28, 2015 & January 29, 2015.  Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Trial:**  February 11, 2015.  Miguel A. Gonzales-Chavez, v. City of Bakersfield, et al., Case No.: 1:12-CV-02053-AWI-JLT.

**Deposition:**  February 18, 2015.  Rafael Garcia Miranda and Olga Martha Garcia, v. City of Anaheim, et al.  USDC Case No. SACV 13-01826.

**Deposition:**  February 20, 2015.  Jackaline Ann Gaston, et al v. County of San Bernardino et al. Case  No.: 5:14-cv-00403-VAP-DTB.

**Trial:**  February 26, 2015.  1282. People v. Jordan Hughes.  Superior Court, State of California (Solano County), Case No. FCR285903.

**Deposition:**  March 5, 2015.  Guillermo Alarcon, v. City of Los Angeles, et al.  USDC Case CV09-04210 CBM (FFMx).

**Deposition:**  March 9, 2015.  Eder Herrera v. City of, Brea, et al.  USDC Case No. SACV 12-1650, SS.

**Deposition**:  March 10, 2015.  Christian Payan v. County of Los Angeles, et al. Case No. 2:14 CV-07360-SVW-JEM.

**Trial:**  March 11, 2015.  Superior Court,  State of California, (San Francisco City and County). People v Ray Jones, Case No. SCN 223374, Court No. 14030794.

**Deposition:**  March 12, 2015.  Sara Valtierra, and Javier Arrazola, v. City of Los Angeles, et al. USDC Case No. CV 13-07562-CAS (Ex).

**Deposition:**  March 13, 2015.  Nagy Salib v. City of Riverside, et al.  USDC Case No. EDCV 13-1682-MWF (Opx).

**Trial:**  March 17, 2015.  Shawn Tulcey, an Individual, v. County of Los Angeles, et al.  Case No. CV13-3773 BRO (FFM).

-21-

**Trial:**  March 18, 2015.  Christian Payan v. County of Los Angeles, et al. Case No. 2:14 CV-07360-SVW-JEM.

**Trial:**  March 19, 2015.  Anita Doporto v. City of Tulare, et al., USDC Case No. EDCV 1:13-cv-00898 LJO SKO.

**Trial** (retrial)**:**  March 26 & 27, 2015.  Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Deposition:**  April 1, 2015.  Brian Reed, et al., v. City of Modesto, et al.  USDC Case No. 1:11-CV-01083-GSA.

**Deposition**.  April 9, 2015.  Denise Green, v. City and County of San Francisco, et al.  USDC Case No. C10-2649 RS.

**Deposition.**  April 10 &11, 2015.  Jose Henriquez, e al, v. City of Bell, et al.  USDC Case No. 2:14-cv-196  GW (Ssx).

**Deposition**.  April 10, 2015.  Rafael Gonzalez, et al, v. City of Anaheim, et al.  Case No. CV10-4660 USDCPA (Shx).

**Deposition.**  April 14, 2015.  Jose Gutierrez, v. United States Customs and Border Protection, USDC Case No. 2:13-CV-00585 DGC.

**Trial.**  April 16, 2015.  Nagy Salib, v. City of Riverside, et al.  Case No. EDCV 13-1682  MWF (OPX)**.**

**Trial**.  April 15 and 17, 2015.  Jim Maxwell et al. v. San Diego County, et al.  USDC Case No. 07-cv-2385 JAH (Wmc).

**Trial.**  April 20 & 21, 2015.  Naji Muhammad (Jackson), et al., v. Frank Pawlowski, et al. USDC (Pennsylvania) Case No. 2:11.

**Deposition.**  April 22, 2015.  Robert J. Reese, Jr. v. County of Sacramento, et al., Case No. 2:13-cv-00559 JAM DAD.

**Deposition**.  April 24, 2015.  Guillermo Ramirez, et al. v. City of Oxnard, et al., USDC Case No.: CV 13-01615 MWF AN.

**Deposition**.  April 28, 2015.  Idalia J. Morgutia-Johnson,  v. City of Fresno, et al.  USDC Case No.  1:14-CV-000127 LJO-SKO.

**Trial.**  April 29, 2015.  Sara Valtierra, and Javier Arrazola, v. City of Los Angeles, et al.  USDC Case No. CV 13-07562-CAS (Ex).

**Trial.**  May 6 & 7, 2015.  Brian Reed, et al., v. City of Modesto, et al.  USDC Case No. 1:11-CV-01083-GSA.

**Deposition.**  May 11, 2015.  Carey Woodcock, et al. v. City of Bowling Green, Kentucky, et al.  USDC Case No. 1-13-CV-00124-JHM.

**Deposition.**  May 18, 2015.  Kimberly Deen, et al, v. City of Redding, et al.  USDC Case No. 2:13-CV-01569 KJM-CMK**.**

**Trial.**  May 20, 2015.  John Warner Stephens, v. County of San Diego, et al.  USDC Case No., 11cv2832 AJB (KSC).

**Deposition:**  May 26, 2015.  Joshua Chavez v. City of Hayward et al., Case No.:C-14-00470 DMR ADR.

**Deposition:**  May 27, 2015.  Edward Monroe, v. City of Richmond, et al., Case No.: 3:14 CV 00795 WHO.

**Trial:**  May 28, 2015.  Merricks Prudhomme, v. City of Orange, et al.  Superior Court (Orange County) Case No. 30-2013 00654570.

**Deposition:**  May 29, 2015.  Jonathan Meister, v. City of Hawthorne, et al. USDC C.D. Cal. Case No. CV 14-1096-MWF (SHx).

**Deposition:**  June 1, 2015.  Cash Jerome Ferguson-Cassidy, v. City of Los Angeles, et al., USDC Case No. CV14-06768 SVW (JPRx).

**Trial**:  June 8, 2015  Harrison Orr, v. California Highway Patrol, el al., Case No. 2:14-cv-00585-WBS-EFB.

**Trial:**  June 11, 2015.  Idalia J. Morgutia-Johnson,  v. City of Fresno, et al.  USDC Case No. 1:14-CV-000127 LJO-SKO.

**Deposition:**  June 15, 2015.  Juan Herrera, v. City of Los Angeles, et al.  USDC Case No. 2:13-cv-08831-ABC AS.

**Trial:**  June 23, 2015.  Guillermo Ramirez, et al. v. City of Oxnard, et al., USDC Case No.: CV 13-01615 MWF AN.

**Deposition**: June 26, 2015.  C.E.W. a minor, et al., v City of Hayward, et al., Case No.: C 13-04516 LB.

**Trial:**  July 1 & 2, 2015.  Juan Herrera, v. City of Los Angeles, et al.  USDC Case No. 2:13-cv-08831-ABC AS.

**Deposition:**  July 10, 2015.  Perla Carr, v. Montgomery County, Texas, et al., Case No.: 4:13-cv-2795.

**Deposition:**  July 13, 2015.  Stephanie Bruno, et al, v. Donald Hubbard, et al., Circuit Court, Jackson County (Missouri), Case No. 1416-CV 18501.

**Deposition:**  July 16, 2015.  Donna Lancaster, v. Kansas City Board of Police Commissioners, et al., Case No.:4:14-cv-00171-SOW.

**Deposition:** July 23, 2015.  Sharam Borjkhani, et al. v. CHP, et al.  Superior Court, State of California (Los Angeles County).  Case No.  BC487580.

**Deposition:** July 27, 2015.  Michael Fulton v. Brian Thayer, et al., Case No.: CV10-00137-JCG.

**Deposition:** July 29, 2015.  Orly Vered, et al., v County of Los Angeles, et al., Case No.: CV14-9559 MWF (MANx).

**Trial:**  August 6, 2015  Oscar Morales v. City of Los Angeles, et al.  USDC Case No. CV 11-04757 SVW (Shx).

**Deposition.**  August 11, 2015  Kimberly Mitchell, et al, v. Muhlenberg Community Hospital, et al.  Muhlenberg Circuit Court, Commonwealth of Kentucky Case No. 12

**Deposition:**  August 12, 2015.  Russell Martinez v. Joseph Salazar, et al., D.N.M. Case No. 14-cv-00534 KG/WPL.

**Deposition**.  August 17, 2015.  Dr. Gary D. Frakes, v. Sergeant William R. (Billy) Masden and Captain Dustin Ott. USDC (Texas) Case No. 4:14-cv-1753.

**Deposition.**  August 20, 2015.  Emmanuel Bracy, v. City of Los Angeles, et al.  Case No. C13-09350 (JC).

**Deposition.**  August 24, 2015.  Porfirio Santos-Lopez, an Individual v. City of Long Beach et al., Case No.: CV14-05781-FMO-AS.

**Deposition:**  August 26, 2015.  Aaron Vincent Arde Catacutan, v. City of San Jose, et al. Superior Court, State of California (Santa Clara County) Case No. 113 CV 254501.

**Deposition:**  August 31, 2015.  Sammy Sanchez, et al v. City of Tucson, et al.  USDC Case No. 72-1576857.

**Trial:**  September 8, 2015.  Cash Jerome Ferguson-Cassidy, v. City of Los Angeles, et al., USDC Case No. CV14-06768 SVW (JPRx).

**Deposition:**  September 10, 2015.  Juventino Rodarte, v. Alameda County, et al.  USDC Case No. 4:14-cv-00468-KAW.

**Deposition:**  October 2, 2015.  Brennan Colbert, v. County of Kern, et al., Case No.: 1:13-cv-01589-JLT.

**Trial:**  October 7, 2015.  Michael Fulton v. Brian Thayer, et al., Case No.: CV10-00137-JCG.

**Trial:**  October 16, 2015.  Kristy Beets, et al, v. County of Los Angeles, et al.  Superior Court, State of California (County of Los Angeles) Case No. KC 057667.

**Trial:**  October 19, 2015 & October 20, 2015.  Christopher J. Windsor, v. Chris Eaves, et al., Case No. 5:13-CV-00038.

**Deposition:** October 27, 2015.  Francisco Arrieta, et al., v. County of Kern, et al., Case No.:1:14-CV-00401-LJO-JLT.

**Deposition:**  October 28, 2015.  Lorenzo Adamson, an individual, v. City of San Francisco, et al., Case No.: 4:13-cv-05233-DMR.

**Trial.**  October 29, 2015.  Robert J. Reese, Jr. v. County of Sacramento, et al., Case No. 2:13-cv-00559 JAM DAD.

**Trial.**  November 3, 2015.  Lance Ricotta, v. City of Imperial, Ca, et al., Case No.: 13CV1454 DMS WVG.

**Deposition.**  November 9, 2015.  Dorothy Jean Sams, et al, v. City of Los Angeles, et al, Superior Court (Los Angeles County) Case No. BC537879.

**Trial**.  November 10 & 11, 2015.  People v. Former Webster Police Officer D. Bassett.  339th District Court, Harris County, Texas, Cause No. 1411316.

**Trial**.  November 12, 2015.  People v. Marcus Stewart, Superior Court (Santa Clara County), State of California Case No. C1370824.

**Trial**. November 13, 2015.  Lorenzo Adamson, an individual, v. City of San Francisco, et al., Case No.: 4:13-cv-05233-DMR.

**Deposition:**  November 18, 2015.  Miguela Nuila, v. City of Los Angeles, e al.  USDC Case No. CASE NO. CV 14-9160 DDP (PJWx).

**Deposition:**  November 18, 2015.  Damion Russell et al., v. City of Los Angeles, et al., Case No.: CV-14-09433-JFW (Ex).

**Deposition:**  November 20, 2015.  Raymond Newberry et al. v. County of San Bernardino, ED-CV14-02298 JGB (SPx)

**Deposition:**  November 23, 2015.  Robert Barron, v. City of Redding, et al., USDC Case No.: 2-14-CV-01107 MCE-CMK.

**Deposition:**  December 2, 2015.  Sukhwinder Kaur, et al, v. City of Lodi, et al.  USDC Case No. 2:14-cv-00828 GEB-AC.

**Deposition:**  December 3, 2015.  Isaiah Salvadore Zepeda, te al, v, County of Los Angeles, et al. Superior Court (Los Angeles County) Case No. BC450200.

**Grand Jury Testimony:**  December 7, 2015.  People v. Officer Timothy Loehman and Officer Fran Garmback, Cuyahoga County (Ohio) Grand Jury. [Civil Case No: 14 Civ. 02670.]

**Trial:**  December 9 & 10, 2015.  Superior Court, State of California (Los Angeles County), People v. Ugene Park & Sarah DeLeon, Case No. 5SY03653, DR No. 15-1087.

**Trial:**  December 15, 2015.  Alejandra Ruiz, et al., v. City of Medford, et al.  Circuit Court, State of Oregon (Jackson County), Case No. 13CV07663.

**Trial:**  December 17, 2015.  Isaiah Salvadore Zepeda, et al, v, County of Los Angeles, et al. Superior Court (Los Angeles County) Case No. BC450200.

**Deposition:**  December 22, 2015.  Jordan Edward Branscum, v. San Ramon Police Department, et at. Case No. Case No.: C11-04137 LB.

**Deposition**:  December 28, 2015.  Susan Rush, v. City of Santa Monica, et al.  USDC Case No. BC568815.

**Preliminary Hearing & Motion to Suppress:**  January 5, 2016.  People v. Gregory Williams, Superior Court, State of California (Solano County), Case No. VCR223119.

**Preliminary Hearing & Motion to Suppress:**  January 5, 2016.  People v. Gregory Williams, Superior Court, State of California (Solano County), Case No. VCR223119.
Client Attorney:
Mr. Brian Gregory, Esq., The Law Offices of Brian Gregory, 506 Broadway, San Francisco, CA 94133.  Phone: (415) 986-5591.

**Deposition:**  January 8, 2016.  Doris Ray Knox v. City of Fresno, et al.  USDC Case No. 1:14‑CV‑00799 EPG.

**Deposition:**  January 11, 2016.  Refugio Nieto, et al., v. City and County of San Francisco, et al., Case No.: C14-03823-NC.

**Deposition:**  January 12, 2016.  Garry Bradley, v. County of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC473200.

**Deposition:**  January 13, 2016.  Jesse Trevino, v. Bakersfield Police Department, et al., Case No. 1:14-CV-01873 JLT.