CLAUDIA M. QUINTANA
City Attorney, SBN 178613
By: FRANK A. SPLENDORIO
Deputy City Attorney, SBN 272601
CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Telephone: (707) 648-4545  Fax: (707) 648-4687
Email: frank.splendorio@cityofvallejo.net

A. BYRNE CONLEY, ESQ. SBN 112715
SEAN C. CONLEY, ESQ. SBN 130814
GIBBONS & CONLEY
2185 North California Boulevard, Suite 285
Walnut Creek, CA 94596
Telephone: (925) 932-3600  Fax: (925) 932-1623

Attorneys for Defendants BARRY BOERSMA, HERMAN ROBINSON, JOHN CUNNINGHAM, MIKE KOUTNIK, RAUL MUNOZ, and ROBERT NICHELINI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tanaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT NICHELINI, et al.<br><br>Defendants. | CASE NO. 2:12-cv-01629-MCE-AC<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE**<br><br>Date:   May 19, 2016<br>Time:  2:00 p.m.<br>Place:  Courtroom 7 |

Defendants object to Plaintiff's evidence in opposition to Defendants' Summary Judgment Motion as follows:

Defendants object to the entirety of the portion of the deposition of Ms. Claros provided by

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

Plaintiff. This testimony recites Ms. Claros' observations and opinions, but provides no evidence that these were conveyed to any of the involved officers. Therefore, all of this testimony is irrelevant to the issues in this case, which must be based upon the officers' knowledge, not after acquired information and 20/20 hindsight. FRE 401, *San Francisco v. Sheehan* (2015) 135 S.Ct. 1765, 1777 This objection concerns, in particular, UF 6.

Defendants object to the asserted fact, in response to UF 14, that no drugs in a plastic bag were recovered at the scene of the incident. Plaintiff offers no competent evidence of this demonstrably false assertion. Plaintiff cites the deposition transcript of Dr. Spitz, but the cited passage only addresses his conclusion about when Mr. White consumed drugs, not whether he put a baggie of drugs to his mouth. Plaintiff also cites Dr. Spitz's Rule 26 report, without any page citation. It does not appear that there is any portion of that report addressing this issue. None of Plaintiff's experts report being percipient witnesses, therefore, they have no foundation in personal knowledge concerning what items were located at the scene of the incident after it occurred. Rule 602. Further, the issue of whether an object (a baggie containing white powder) was located at the scene is not a proper subject of expert opinion. FRE 702. An expert cannot simply manufacture facts by declaring them to exist, as a basis for some other opinion. There is absolutely no evidentiary support for Plaintiff's bald assertion that a baggie of drugs was not found on site after the incident. There is also no evidence in the record about whether paramedics found plastic or obstructions in Mr. White's mouth. Statements and arguments by counsel are not evidence, and cannot create a triable issue of material fact. *In Re Anaza Systems* (9th Cir. 2007) 482 F.3d 118, 1122, fn. 1.

Defendants object to the Rule 26 report of Roger Clark, attached as Exhibit H. As amply demonstrated at his deposition, Mr. Clark is unqualified to testify about anything concerning Police Practices. See moving papers, Declaration of Conley, Exhibit G, Deposition of Clark, pp. 51:14-53:2. Furthermore, the portion of the report cited by Plaintiff in her Opposition, p. 4:18-20, characterizing the Defendants' acts as "grossly unjustified, excessive, and unnecessary in the totality of circumstances" constitutes an improper legal conclusion and an attempt to invade the province of the jury. See *Hygh v. Jacobs* (2nd Cir. 1991) 961 F.2d 359, 363-365; *Berry v. Detroit* (6th Cir. 1994) 25 F.3d 1342, 1354. Testimony about whether an officers' action was legally justified or the

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA  94596
(925) 932-3600
Fax (925) 932-1623

emotional characterization of such actions is inadmissible as expert opinion. FRE 702. Expert testimony in the form of an opinion telling the Court what to conclude is excludable under Rule 704. *Burger v. Mays* (E.D. Pa. 1997) 176 F.R.D. 153, 156. The United States Supreme Court has recently held that a retained expert second guessing the actions of a police officer does not justify denial of qualified immunity on a summary judgment motion. *Sheehan, supra,* 135 S.Ct. at 1777.

Plaintiff does not appear to refer to other portions of the Clark report, and therefore, Defendants do not provide the detailed objections to all of the improper testimony contained within that report. However, Defendant does note that the report contains many objectionable portions elsewhere, and Defendants do not intend to waive such objections.

Respectfully submitted,

GIBBONS & CONLEY

DATE:  March 17, 2016         */s/ Sean Conley*
                              SEAN CONLEY
                              Attorney for Defendants

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA  94596
(925) 932-3600
Fax (925) 932-1623