JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, Tenaya Barber, Individually and as Successor in Interest of Decedent MICHAEL WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his individual and official capacity as Chief of Police; Officers DOES 1-25, individually, jointly and severally,<br><br>Defendants. | Case No. 2:12-CV-1629-LKK-GGH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO PLAINTFF'S EVIDENCE**<br><br>Date: May 19, 2016<br>Time: 2:00 p.m.<br>Location: Courtroom 7<br><br>Honorable Morrison C. England |

PLAINTIFF OPPOSES Defendants' objections to evidence submitted in opposition to Defendants' Motion for Summary Judgment as follows:

1.   <u>Claros deposition testimony ("in particular, UF 6" as identified by Defendants):</u>

Defendants are mistaken as to the purpose of the offer of evidence. As throughout their motion, Defendants simply assume the truth of their assertions and testimony.  The defendants

assert that Ms. Claros made statements to them. The fact that Ms. Claros was not pushed against the side of the trailer or thrown to the ground is relevant to prove that she did not tell the defendants that she was pushed against the side of the trailer or thrown to the ground. The matter is one of credibility of Claros and of the defendants as witnesses for the jury to consider. If the jury believes Claros, then it is an example of the defendants exaggerating the severity of crime at issue to wrongfully justify their use of force and/or sense of emergency. This is a pattern that is repeated in other areas of this case.  The evidence is relevant and admissible under FRE 401-402 to impeach the Defendants.

     2.     <u>The lack of drugs, whether in or out of, a plastic bag in Decedent's mouth  (UF 14).</u>

Defendants again miss the point, once again assuming their statements are not subject to scrutiny.  A significant part of Defendants justification for using the type and amount of force against Decedent was to purportedly stop him swallowing drugs in a plastic bag, which they claim to have seen him doing. But the objective evidence, based on the evidence collected from the scene, as well as the evidence collected from Decedent and his body, do not prove there was baggie of drugs or any baggie whatsoever in Decedent's mouth.  Dr. Spitz's deposition and report address the point that there is no evidence apart from the Defendants' testimony that Decedent ingested the drugs or any baggie. There is no evidence that anyone removed drugs or a baggie from Decedent's mouth, and no baggie was recovered from Decedent. At most, a bag containing white powder was recovered from the bathroom, not from Decedent's mouth.  The contents of the bag have never been tested to Plaintiff's knowledge (and if they have, the test results have never been disclosed). If someone had removed it, the removal would have been documented in some way. It was not. Furthermore, there is no evidence of ingestion of cocaine

based on the toxicology and autopsy reports that would be consistent with Decedent putting cocaine in his mouth as described by Defendants, according to Dr. Spitz.

Of course, experts are permitted to rely on materials they review in forming their opinions so long as experts in the same field would reasonably rely on such information. In fact, such information may be disclosed to the jury (FRE 703).  The evidence is relevant and admissible under FRE 401-402 and 703.

Defendants appear to contend that FRE 602 would bar an expert from determining what evidence was found, or not found, at the scene.  Dr. Spitz does not opine as to what was found or not found at the scene, and does not pretend to be a percipient witness. Instead, Dr. Spitz properly relies on the evidence he reviewed to render opinions under FRE 703. A part of the foundation of the opinions is the evidence at the scene, as noted in the various reports and evidence he reviewed.  Dr. Spitz reviewed police reports and scene photographs and the coroner's file, including autopsy and toxicology report.  There is no evidence of anyone removing a bag of drugs from Decedent's mouth, and no evidence that Decedent swallowed a drugs or a bag.  Defendants have produced no test results of any substance from any bag (defendants carefully couch their factual assertions in Undisputed Fact 14 as "…a baggie, containing a white substance Boersma believed to be drugs, to his mouth." See Defendants Undisputed Fact No. 14.)  Defendants' objection should be overruled.

3.       <u>Retired Lt. Roger Clark is a well-qualified, experienced, police practice expert whose opinions on Police Practices have been repeatedly, routinely admitted in Federal and State Courts.  FRE 704 specifically permits expert witnesses in Federal Court to offer opinions on ultimate issues, such as the reasonableness of the use of force.</u>

Defendants' complaint that Roger Clark, a retired Lieutenant from the Los Angeles County Sheriff's Department is not qualified to offer expert witness opinions is specious and

meritless. Lt. Clark has been accepted as an expert witness in Federal and State trial courts countless times. His qualifications are set forth at pages 15-20 of his expert report. The person the defense claims "is unqualified to testify about anything concerning police practices", in reality is:

-A 27-year veteran of the Los Angeles County Sheriff's Department

-Was a Sergeant for 6 years, and a Lieutenant for 15 years

-Holds a POST Advanced Certificate

-Is a graduate of the POST Command College

-A Field Training Officer and Supervisor

-A station watch commander

-Served on the training staff of the Sheriff's Department Patrol School

-Was on the department review committee that reviewed uses of force and tactics

-Helped bring the Sheriff's reserve academy into state compliance with POST Basic curriculum

-Taught and trained cadets in the reserve academy

-Commanded a specialized unite for more than 5 years until retirement tasked with investigating, locating, observing, and arresting major ("career") criminals, including primarily homicide suspects, and particularly people suspected of killing police officers.

-Lt. Clark has clear expertise in the Taser (see pages 11-13, and 19-20 of his expert report) and all facets of the use of force presented by this case.

Since 1993 Lt. Clark has consulted in more than 1,400 police practice cases. He has testified and been accepted as an expert in court as a police practice expert countless times (these are listed on his case list filed in document no. 56). Defendants make no *Daubert* challenge to Lt. Clark. Looking at Lt.. Clark's experience since his retirement, set forth at pages 17-20 of his

expert report, there can be no doubt as to the strength and quality of his qualifications as an expert in police practice and procedures. A *Daubert* challenge would be obviously futile, because Lt. Clark is so well qualified and experienced.

Instead of making a pointless *Daubert* challenge, defendants appear to argue that Lt. Clark's opinions should be given less, or perhaps no, weight. Nowhere does Lt. Clark "tell the Court what to conclude". In fact, Lt. Clark states on the very first page of his rule 26 report: "…I do not make credibility determinations in expressing my opinions." And: "…I do not opine for the trier of fact regarding who are the more believable witnesses. The resolution of any such conflicts are obviously the purview of a jury to decide." This is also true of Mr. Clark's opinions: The defendants' objections go to the weight of the opinion, not the admissibility.

To that end, Defendants' quibbles with Lt. Clark's opinions are virtually frivolous in light of FRE 704, which permits expert witnesses to testify to opinions that embrace ultimate issues. Defendants' objections must be overruled.

Respectfully submitted,

**Dated:  April 29, 2016**                                        THE LAW OFFICES OF JOHN L. BURRIS


/s/*Benjamin Nisenbaum*__
Benjamin Nisenbaum
Attorney for Plaintiff